Daniel C. Girard (State Bar No. 114826)
Jordan Elias (State Bar No. 228731)
Adam E. Polk (State Bar No. 273000)
Simon S. Grille (State Bar No. 294914)
**GIRARD GIBBS LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
dcg@girardgibbs.com
je@girardgibbs.com
aep@girardgibbs.com
sg@girardgibbs.com

*Counsel for Plaintiffs*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| PATRICIA WEEKS and WALEED ANBAR, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br>　v.<br><br>GOOGLE LLC,<br><br>　　　　　　　Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. **Breach of Express Warranty;**<br>2. **Breach of the Implied Covenant of Good Faith and Fair Dealing;**<br>3. **Breach of the Implied Warranty of Merchantability;**<br>4. **Violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301,** *et seq.*;<br>5. **Violation of California's Unfair Competition Law;**<br>6. **Violation of California's Consumers Legal Remedies Act; and**<br>7. **Fraudulent Concealment.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Patricia Weeks and Waleed Anbar, individually and on behalf of all others similarly situated, allege as follows against Defendant Google LLC.

## SUMMARY OF THE ACTION

1.     This is a consumer protection class action on behalf of individuals who purchased Pixel and Pixel XL smartphones.  The Pixel phones contain a manufacturing defect that renders their microphone and speakers prone to malfunctioning and failing.  The defect compromises the phone's core functionality, preventing consumers from communicating by voice call and from using features like Google Assistant (a counterpart to Apple's "Siri" for the iPhone).

2.     Google designed, manufactured, marketed, and sold the Pixel phones.  It promoted the Pixel phones as premium products and priced them from $649 to $869.  Yet, immediately after launching the phones, customers complained directly to Google of "severe microphone issues." Despite receiving hundreds of complaints shortly after launch—and admitting the phones have a "faulty microphone"—Google continues to sell the Pixel phones without telling purchasers about the microphone defect.  Moreover, instead of fixing the defective Pixel phones, providing refunds, or replacing the devices with non-defective phones, Google has replaced defective phones with other defective phones, resulting in many consumers repeatedly experiencing the microphone defect.

3.     The microphone defect in the Pixel phones is substantially certain to manifest and existed within the phones when sold.  Plaintiffs were consequently deprived of the benefit of their bargain, and seek relief through this action.

## PARTIES

4.     Plaintiff Patricia Weeks is a citizen of the state of Florida.

5.     Plaintiff Waleed Anbar is a citizen of the state of California.

6.     Defendant Google LLC is incorporated under Delaware law and maintains its principal place of business at 1600 Amphitheater Parkway, Mountain View, California 94043.

## JURISDICTION AND VENUE

7.     This Court has original jurisdiction under 28 U.S.C. § 1331 based on Plaintiffs' claims under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq*.  The Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.

CLASS ACTION COMPLAINT

8.      This Court also has jurisdiction over this lawsuit under the Class Action Fairness Act, 28 U.S.C. § 1332, because this is a proposed class action in which: (1) there are at least 100 Class members; (2) the combined claims of Class members exceed $5,000,000, exclusive of interest, attorneys' fees, and costs; and (3) Plaintiffs and Defendant are domiciled in different states.

9.      The Court has personal jurisdiction over Google LLC because its principal place of business is within this District and it has sufficient minimum contacts in California to render the exercise of jurisdiction by this Court proper and necessary.

10.     Venue is also proper in this District under 28 U.S.C. § 1391(b) because Google's principal place of business is within this District and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## INTRADISTRICT ASSIGNMENT

11.     Assignment to the San Jose Division is appropriate under Local Rule 3-2(c) because Google is headquartered in Mountain View, California and a substantial part of the conduct at issue in this case occurred in Santa Clara County.

## PLAINTIFF-SPECIFIC ALLEGATIONS

### Plaintiff Patricia Weeks

12.     Patricia Weeks purchased a Pixel phone from the Google Store for $749 on December 2, 2016.

13.     While engaging in pre-purchase research about the phone, Dr. Weeks encountered several advertisements portraying the phone as high-quality and well-functioning, including: (1) advertisements promoting Google Assistant with the catch phrase, "Hey Google"; and (2) ads comparing Google Assistant favorably to Siri.  She did not see any disclosure that the phones' microphones were prone to fail.  Google's advertisements materially influenced Dr. Weeks's decision to buy a Pixel.

14.     Dr. Weeks never had an opportunity to negotiate the terms of purchase or warranty with Google.  She was not aware of any disclaimer of or limits on warranty coverage prior to purchase.

15.     After only a few weeks of normal usage (*i.e.*, making phone calls, sending text messages, using applications, and accessing the internet), Dr. Weeks's phone began to malfunction.

2

CLASS ACTION COMPLAINT

She first noticed that something was wrong when she couldn't use the Google Assistant feature. She soon discovered that callers on the other end of the line couldn't hear her speaking.

16.    Dr. Weeks contacted Google on March 2, 2017 to report her microphone failure and seek assistance. A Google representative tried to troubleshoot the problems, but was unable to fix her phone. The Google representative acknowledged the phone was defective and admitted to Dr. Weeks that Google was aware of the problems.

17.    Dr. Weeks asked Google for her money back or for a new, non-defective replacement. Google refused.

18.    As a result of the microphone defect and Google's failure to provide warranty service, Dr. Weeks no longer uses her Pixel and instead uses a replacement phone.

19.    Dr. Weeks did not know that the Pixel phones have defective microphones when she bought her phone. Had Google disclosed the defect to her, she would not have bought a Pixel or would have paid substantially less for it.

**Plaintiff Waleed Anbar**

20.    On October 25, 2016, Waleed Anbar purchased a Google Pixel phone from Google for $649. He made this purchase in California.

21.    Mr. Anbar purchased the Pixel because—prior to purchase—he saw advertisements touting the quality of the Pixel, including ads demonstrating voice call functionality and the Google Assistant feature. The latter feature was the primary reason Mr. Anbar bought a Pixel phone. At no point did he see any acknowledgment by Google that the phone was susceptible to microphone failure or that such failure could make it impossible to use Google Assistant. The advertisements Mr. Anbar encountered touted the phones as high-quality devices with superior functionality to competing products. These advertisements materially influenced Mr. Anbar, leading him to buy a Pixel.

22.    Mr. Anbar had no opportunity to negotiate the terms of purchase of his phone, or the terms of Google's warranty. He was not aware of any limitation or disclaimer of warranty coverage before he bought his phone.

23.    After approximately six months of ownership, the sound quality on Mr. Anbar's Pixel began to deteriorate. Over the next eight months, the problem became worse—the built-in microphone

stopped working, the headphone jack became unusable, and the Google Assistant feature was rendered useless.

24.     Mr. Anbar contacted Google on January 23, 2018.  Google refused to refund Mr. Anbar's money or replace his phone with a non-defective model, and instead referred him to uBreakiFix—Google's designated third-party repair provider—for paid repairs.  After learning the repairs would cost as much as a brand new device, Mr. Anbar bought a replacement phone.

25.     Mr. Anbar did not know the Pixel was defective before purchasing the phone.  Had he known, he would not have bought the Pixel or would have paid substantially less for it.

26.     Plaintiffs each use Google's search engine, and prefer the Android operating system to Apple's operating system.  Because of their experience with the Pixel phones, however, they are unable to depend on Google's representations about its Pixel line of products.  Google continues to advertise the Pixels' high quality and the functionality of the Google Assistant feature.  As a result, though Plaintiffs would like to buy more Google mobile phone products, they will not unless Google takes sufficient steps to cure the microphone defect and ensure the accuracy of its representations about its Pixel product line.

## COMMON FACTUAL ALLEGATIONS

27.     Cell phones have increasingly become a necessity of life in the United States.

28.     Approximately nine out of every ten Americans owns a cell phone.  Forty-one percent of American households, encompassing 93 million adults and nearly 35 million children, have no landline, and use cell phones exclusively.

29.     The average American consumer replaces their cell phone every 30 months.[1]

### Google Launches the Pixel Phones

30.     Marketed as "the first phone by Google," Google released the Pixel phones on October 20, 2016.  Google controls the design, development, marketing, sales, and support for the Pixel phones.  The phones bear Google's logos and the phrase "Made by Google."  Google directed virtually every

---

[1] Thomas Gryta, *Americans Keep Their Cellphones Longer*, Wall Street Journal (Apr. 18, 2016), available at https://www.wsj.com/articles/americans-keep-their-cellphones-longer-1461007321 (last visited Feb. 7, 2018); Andrew Meola, *People are Taking Longer to Upgrade Their Smartphones*, Business Insider (June 30, 3016), available at http://www.businessinsider.com/people-are-taking-longer-to-upgrade-their-smartphones-2016-6 (last visited Feb. 7, 2018).

aspect of the development and manufacture of the phones.  Google also contracted with HTC to help build the devices.

31.     Designed to compete directly with Apple's iPhone, the Pixel phones are premium smartphones priced between $648 and $849 on release, significantly higher than the average smartphone price of approximately $550.

32.     Google sells the Pixel phones directly to consumers as well as through authorized resellers.  Google extends a written warranty to those who "purchased [the] phone from Google or its authorized resellers."[2]  Under its express warranty, "Google warrants that a new phone . . . will be free from defects in materials and workmanship under normal use . . . ."[3]

33.     Google announced the phone at a launch event in San Francisco on October 4, 2016. The Youtube video of the event was linked to by technology publications and viewed over 500,000 times (including by each Plaintiff here).[4]  The Google Assistant's functionality was a centerpiece in Google's marketing presentation on the Pixels, along with the devices' high quality and Google's overall responsibility for them.  Representations Google made concerning its phone include:

- "Today, I am very excited to introduce you to a new phone made by Google.  We call it Pixel."
- "The first phone made by Google inside and out."
- "When I look ahead at where computing is headed, it's clear to me that we are evolving from a mobile first to an AI first world.  At the heart of these efforts is our goal to build the Google Assistant. Which is why, today we are going to bring the assistant to . . . the context of the phone, which you always carry with you . . . ."
- "Pixel is the first phone with the Google Assistant built in."
- After asking Google Assistant to play a song by the Lumineers: "the assistant knows that I like to listen to music on youtube, so that's the app it opens up."

---

[2] https://support.google.com/store/troubleshooter/3070579?hl=en#ts=7168940%2C7168941 (last visited Feb. 5, 2018).

[3] *Id.*

[4] https://www.youtube.com/watch?v=p1qHV6ReJLI&feature=share (last visited Feb. 5, 2018).

CLASS ACTION COMPLAINT

34.     Following the launch event, Google rolled out an advertising campaign emphasizing the Pixels' sound, microphones, and Google Assistant function as high-quality features that justified the premium price.

35.     A nonexhaustive list of the advertisements and representations that Plaintiffs saw prior to purchase include: (1) representations that the phones have "Crisp sound quality with single bottom-firing speaker"; "Adaptive audio amplifier to maximize speaker performance and durability", and as containing "3 microphones . . . with noise cancellation"; (2) advertisements touting the device as "The first phone with Google Assistant" and promoting the functionality of Google Assistant;[5] (3) a documentary-style video advertisement showing a man using Google Assistant to get directions, set a reminder, find nightlife recommendations, and design a jacket;[6] and (4) advertisements featuring video call and speakerphone functionality, including advertisements with narratives about camping and puppies.[7]  Google's dedicated Pixel webpage, where consumers can purchase the device from Google, also prominently advertises the Google Assistant feature.[8]

**The Microphone Defect Manifests Immediately After Launch**

36.     The Pixel phones are defective in that the microphones have a propensity to fail, which renders the phones unusable for telephone calls and other voice command activities, including Google Assistant.

37.     Shortly after releasing the Pixel phones in October 2016, Google began receiving complaints on its "Pixel Phone Help" website about the microphone defect.[9]  On October 21, 2016—the day after the phones were released—Google announced on its website that it would investigate the

---

[5] *See, e.g.*, https://www.youtube.com/watch?v=Rykmwn0SMWU (last visited Feb. 3, 2018); https://www.youtube.com/watch?v=duBwldh5Jmc; https://www.youtube.com/watch?v=fZ19ybOtFCs (last visited Feb. 3, 2018).

[6] *See* https://www.youtube.com/watch?v=sDx-Ncucheo (last visited Feb. 3, 2018).

[7] *See* https://www.youtube.com/watch?v=dVrhxDB6oqc (last visited Feb. 3, 2018); https://www.youtube.com/watch?v=TDWxGma0Lx8 (last visited Feb. 3, 2018).

[8] *See* https://store.google.com/us/product/pixel_phone?hl=en-US (last visited Feb. 3, 2018).

[9] https://support.google.com/pixelphone/forum/AAAAb4-OgUsIW_gxTpXX3s/?hl=by (last visited Feb. 5, 2018).

problem.[10]  Google has therefore known of the microphone defect since at least the day after the Pixel phones became available to the public.

38.     Since those initial complaints, thousands of consumers have posted online about microphone and audio failures, including formation of a twitter campaign titled #defectivepixel.[11] Consumers commonly report that the microphone stops working after a short period of use rendering the devices unsuitable for their main function—talking on the phone.  Publicly available complaints demonstrate that the microphone defect manifests the same way across Google's customer base, immediately impairing consumers' ability to use the phones:

- **10/20/16:** "Received my pixel today and after a few hours of use and set up the microphone stopped working entirely . . . . I factory reset the phone and the issue still persists . . . ."[12]

- **10/24/16:** "Have had my Pixel since last Thursday (10/20), and [the microphone] stopped working today (10/24).[13]

- **10/26/16:** "I definitely have a non-functioning mic.  Google Assistant will not respond to my voice and if I make a phone call the person on the other line cannot hear me."[14]

- **12/23/16:** "I am also facing Microphone issue.  I'm not able to hear other side on the call and even they do not get my voice.  Voice is not recording on video recorded with the camera app. Voice Assistant is also not working.  Contacted support and did all the troubleshooting but still the problem persists."[15]

---

[10] *Id.*

[11] *E.g., id.*;
https://www.reddit.com/r/GooglePixel/comments/58gx6c/got_my_new_pixel_has_microphone_issues/ (last visited Feb. 5, 2018); https://twitter.com/search?q=pixel%20microphone%20&src=typd (last visited Feb. 5, 2018); https://forums.androidcentral.com/google-pixel-pixel-xl/738630-pixel-xl-microphone-problems.html (last visited Feb. 5, 2018).

[12] https://support.google.com/pixelphone/forum/AAAAb4-OgUsIW_gxTpXX3s#promoted (last visited Feb. 2, 2018).

[13] https://productforums.google.com/forum/#!topic/phone-by-google/IW_gxTpXX3s (last visited Feb. 2, 2018).

[14] *Id.*

[15] *Id.*

- **2/20/17:** "I am having the same issues now . . . Worked fine for a month or two.  Now it doesn't.  Doesn't work in call, doesn't work with assistant.  Doesn't work with speaker on phone. . . . Hopefully no one calls me in an emergency needing help and can't hear me talk."[16]

- **5/31/17:** "I've had the phone less than 4 months.  The sound keeps going away.  In the middle of a conversation I can no longer hear people nor can they hear me.  The phone will not answer when receiving a call.  I cannot dial out.  After turning it on and off about 3 times I can finally get a call through but to soon lose the caller because they could no longer hear me."[17]

- **6/26/16:** "Microphone is sporadically cut and people can't hear me on phone conversations, voice notes or any other microphone dependent feature.  This means, my phone can't a) be used as a phone to place a call when required, as phone sporadically freezes and b) let me have a conversation with whoever I'm calling, as mic keeps bugging out.  Imagine I have an accident and need to call 911?"[18]

- **7/22/17:** "I have the same problem with the microphone cutting out as well.  It happens randomly but it can be bad to the point where the other party can not make out what I'm trying to say.  I already spoke with a Google Rep and I was told it's a possible hardware issue."[19]

- **12/30/17:** "My pixel calls stopped function[ing] properly around 12/23/17.  When I make a call, the phone app freezes but the call goes out.  The person I am calling hears no one on the line.  I hear nothing as well.  When I try to hang up there is at least a 20 second delay in the disconnect tone. . . . I am at a loss for what to do.  I cannot make calls . . . What can I do to fix this issue?  I have cancer and two kids under 3.  This is my only phone."[20]

---

[16] *Id.*

[17] https://productforums.google.com/d/msg/phone-by-google/XdrbaaZ0kL4/Zyjhv6tACQAJ (last visited Feb. 2, 2018).

[18] https://productforums.google.com/forum/#!topic/phone-by-google/Z94uFoUOq90;context-place=forum/phone-by-google (last visited Feb. 2, 2018).

[19] *Id.*

[20] https://productforums.google.com/forum/#!topic/phone-by-google/RGIpDaLLD_A;context-place=forum/phone-by-google (last visited Feb. 2, 2018).

CLASS ACTION COMPLAINT

39.     In March 2017, Google confirmed that its Pixel and Pixel XL smartphones have microphone problems.  Google stated that the problems are caused by "a hairline crack in the solder connection on the audio codec" and a "faulty microphone."[21]

40.     According to technology-industry journalists who reported on the defect, the problems "are hardware-related, so you can't just install an update to fix them."[22]  Google downplayed the nature and extent of the defect in March 2017 statements to the technical press, claiming "[t]his problem tends to be transient because of the nature of the crack" and "[b]ased on temperature changes or the way you hold the phone, the connection may be temporarily restored and the problems may go away."[23]  Google also admitted, however, that the defect "is especially frustrating as a user because, just when you think you've got it fixed, the problem randomly comes back."[24]

41.     Google brought the Pixel to market after only nine months of development time.  As technology industry publication ARS Technica observed, "Nine months is an incredibly short amount of time to bring a smartphone to market."  Google previously adhered to an 18-month timeline for smartphone development.

### Google's Deficient Response to the Problem

42.     As early as October 24, 2016, Google employees told customers that Google was "continuing to investigate this issue and are taking it very seriously."[25]  But, instead of offering refunds or non-defective replacements, Google assured consumers it was "trying to get to the bottom of it," and directed those "experiencing microphone issues" to contact Google customer support or their place of purchase.[26]

---

[21] Steve Dent, *Some Google Pixel Phones Are Having Microphone Issues*, Engadget (March 9,2017), available at https://www.engadget.com/2017/03/09/some-google-pixel-phones-are-having-microphone-issues/ (last visited Feb. 2, 2018).

[22] *Id.*

[23] James Walker, *Google Admits the Microphones are Breaking on Some Pixel Phones*, Digital Journal (Mar. 9, 2017), available at http://www.digitaljournal.com/tech-and-science/technology/google-admits-the-microphones-are-breaking-on-some-pixel-phones/article/487538 (last visited Feb. 2, 2018).

[24] *Id.*

[25] https://productforums.google.com/forum/#!topic/phone-by-google/IW_gxTpXX3s (last visited Feb. 2, 2018).

[26] *Id.*

CLASS ACTION COMPLAINT

43.     In the face of mounting complaints, on October 29, 2016, Google attempted to minimize the scale of the problem, stating "[t]hanks for the reports, all.  We are investigating this on a few devices to get to the root cause.  We'll provide an update when we figure out what's causing this (and what you can do to resolve it)!"[27]

44.     In November 2016, Google issued "[a]pologies to anyone who is encountering issues with the mic," and stated it had not yet isolated a cause because "this bug is proving very hard to track down."  Later in November, faced with continuing complaints, the same employee again apologized, said Google was "still trying to get to the bottom of it," and assured upset consumers that the company was "taking it seriously," adding "[t]his is really frustrating us too!"[28]

45.     On December 11, 2016, Google advised consumers, "[w]e are still trying to assess the root cause.  It may be a manufacturing issue that increases the chances of loose connection or possibly one bad batch."  In the same communication, Google again apologized and acknowledged, "[w]e realize that a working mic is pretty important to using the phone!"[29]

46.     In January 2017, Google reported to its customers "there is no known software fix.  So far, we've traced all failures back to hardware problems (normally a faulty internal connection)."  Google instructed consumers to seek replacement phones from Google or the merchant from whom they purchased their Pixel.[30]

47.     Also in January 2017, Google experienced an increase in complaints from customers who, after experiencing the microphone defect on their first Pixel phone, experienced a subsequent microphone failure on their replacement Pixel.  On January 5, 2017, a Google employee wrote one such consumer, stating that although Google believed the problem was rare, "[o]bviously, that doesn't line up with your experience having seen this on 2/2 phones!"  He reassured the consumer that, as of January 2017, Google had "taken steps to reinforce the failing connection in the factory to minimize the chances of this happening to new phones."[31]  Nevertheless, the microphone defect persisted.

---

[27] Id.

[28] Id.

[29] Id.

[30] Id.

[31] Id.

CLASS ACTION COMPLAINT

48.     On February 21, 2017, a Google employee announced that Google had identified several root causes of the microphone defect, all centering on systemic manufacturing errors. "The most common problem is a hairline crack in the solder connection on the audio codec."[32]

49.     Google further stated the crack impairs all three microphones in the Pixel and its ability to process audio, thereby eroding the phones' core functionality, *i.e.*, the ability to communicate by voice call.[33]

50.     According to Google, microphone failures may also result from "a faulty microphone." These problems "might be caused by the diaphragm in the mic getting stuck" and can sometimes be fixed by applying heat from a hair dryer.  Google also stated that "all of the cases we've investigated have been the result of a hardware problem, requiring replacement of the device."  One Google representative admitted that "it's certainly frustrating if it happens to you.  I was unlucky enough to have it happen on my personal device, so I know how maddening it is." [34]

51.     Despite the growing volume of complaints, and Google's knowledge that the problems resulted from a systemic hardware defect related to the manufacturing process, Google refused to provide its customers with satisfactory warranty service.

52.     The Pixel warranty provides that, if there is a defect, "Google will in its sole discretion and to the extent provided by law either repair your Phone using new or refurbished parts, replace your Phone with a new or refurbished Phone functionally at least equivalent to yours, or accept the return of the Phone in exchange for a refund of the purchase price you paid for the Phone."[35]

53.     Instead of providing customers with a refund or replacing the Pixels with non-defective phones, Google exercises the discretion it afforded itself under its warranty to provide consumers with Pixel phones that suffer from the same systemic manufacturing defect.  Google representatives even acknowledged this business practice: "I'm very sorry to hear that some of you are having the same

---

[32] https://support.google.com/pixelphone/forum/AAAAb4-OgUsIW_gxTpXX3s/?hl=by (last visited Feb. 5, 2018).

[33] *Id.*

[34] https://productforums.google.com/forum/#!topic/phone-by-google/IW_gxTpXX3s (last visited Feb. 5, 2018).

[35] https://support.google.com/store/troubleshooter/3070579?hl=en#ts=7168940%2C7169349 (last visited Feb. 2, 2018).

problem with replacement phones and also that you aren't getting the level of customer service that you should.  That should not be happening."[36]

54.     The myriad complaints on Google's Pixel User Community and other websites relate the stories of consumers who, after reporting the microphone defect to Google, were provided with another Pixel with the very same defect:

- **11/25/16:** "My replacement device has acted in the identical manner that the original did.  Microphone goes out approximately 2 minutes into a phone call.  I've also contacted Verizon several times regarding this issue.  The[re] appears to be a big cover up by Verizon and or Google in regards to the problem.  Every time I have called to resolve the issue the technical support representative states that this is a first for the Pixel Microphone issue and I've been the only one to complain about the microphone issues. . . . This has become absolutely absurd, unethical, and unprofessional."[37]

- **1/1/17:** "I received my first Pixel on 12/12/16.  I didn't use the phone for long calls for the first week.  When I had any call longer than 15 minutes the mic stops and my client on the other end is saying, 'are you there, I can't hear you.' . . . This occurred several days in a row.  I purchased my phone through Best Buy and they sent a replacement.   I have had the replacement for 4 days with no problems, until today.  On a call at the 20 min. mark the mic stopped.  I hung up, redialed and mic worked but once again stopped 10 min. into the call.  So frustrating."[38]

- **2/19/17:** "The part that I am most pissed about is that why isn't Google coming clean to the public about this issue.  We have people from different parts of the world complaining about it here and the count is rising every single day.  Can't be just one bad batch.  Has to be multiple bad batches or a failure at the design/manufacturing level.  So, instead of doling out refurbished replacements to consumers, how about providing refunds to people who want it.  I don't want to be stuck with multiple bad replacements as has been the case with so many people on this thread. . . . Own up to it Google.  My two cents."[39]

---

[36] https://productforums.google.com/forum/#!topic/phone-by-google/IW_gxTpXX3s (last visited Feb. 2, 2018).
[37] *Id.*
[38] *Id.*
[39] *Id.*

CLASS ACTION COMPLAINT

- **2/19/17:** "I'm about to receive my 4th Pixel phone and have the same exact issue very time. Come on Google, acknowledge this problem and fix it."[40]

- **2/20/17:** "Just got my refurb and surprise the mic isn't working right out of the box.  I now have $1,400 tied up in 2 pixels (700 hold on my card), and haven't been able to make or accept calls for 12 days and counting. . . . I've been lied to and misled by Google support.  They refuse to let me talk to anyone above a tech specialist to give me an explanation about that. . . . Absolutely unacceptable.  I've been a Google, Nexus, Pixel product enthusiast but not after this."[41]

- **2/26/17:** "Why can't Google process refunds instead of multiple faulty replacements?"[42]

- **2/27/17:** "If my third one from Verizon still causes me trouble, I'm calling Google to raise hell. If I could get a refund now, I'd do it in a heartbeat.  So ready to move on."[43]

- **3/1/17:** "Just received Pixel XL number 4.  Downloaded contacts, updated phone, rebooted and made my first call.  7 minutes into the call, the person couldn't hear me any more . . . just like the other 3 phones I had.  . . . I don't see any purpose in sending the 4th one back if they can't guarantee I will get a newly created one without the issue instead of a refurbished piece of crap. So, what is the solution here?  Do I call and complain and try and force them into a full refund? Is there truly a plan to fix these bricks and guarantee that returns will be replaced with new ones?  How can you possibl[y] continue to ignore this issue to the level you have?"

- **3/1/17:** "About to get my 5th Pixel tomorrow.  On this last day I have to endure with this one its just gotten 1000 times worse, no matter what I do sound won't play out of it (speaker or headphones), the microphone won't work, and so on.  I can't even have a phone call with my phone.  This is a joke."[44]

55.     Google's designated third-party repair provider—uBreakiFix[45]— stated that attempts to repair defective Pixel phones will inevitably fail.  uBreakiFix representatives acknowledged that the

---

[40] *Id.*

[41] *Id.*

[42] *Id.*

[43] *Id.*

[44] https://www.reddit.com/r/GooglePixel/comments/5wyvyy/about_to_get_my_5th_pixel_tomorrow_on_this_last/ (last visited Feb. 2, 2018).

[45] https://support.google.com/store/answer/7182296?hl=en (last visited Feb. 5, 2018).

CLASS ACTION COMPLAINT

microphone defect is a common issue, involving a defective solder point. They termed this defect "unrepairable."

56. In response to warranty claims, Google provided customers with futile repairs or with Pixel phones suffering from the same defect, often resulting in repeat failure. Google thereby precluded its customers from realizing warranty benefits.

57. Further, to add insult to injury, Google unilaterally reduced the warranty period for affected consumers by providing them with refurbished replacement devices that carried only a 90-day warranty period.[46]

58. Despite its clear awareness of the Pixel defects, Google failed to disclose them or their associated problems to consumers prior to purchase and failed to provide an adequate remedy to consumers when the defects manifested. Instead, Google downplayed the scope and severity of the problem, and tried to sweep the defect under the rug with apologies and ineffective warranty service. Meanwhile, Google continued to manufacture, market, and sell the defective phones without notice to the consuming public. Google continued to promote the device as top of the line and as offering a Siri competitor in Google Assistant, a feature the faulty microphones disabled.[47]

## CLASS ACTION ALLEGATIONS

59. Plaintiffs bring this lawsuit under Federal Rules of Civil Procedure Rules 23(a), (b)(1), (b)(2), (b)(3), and (c)(4) as representatives of a class defined as follows:

> All individuals in the United States who purchased a Google Pixel or Pixel XL smartphone, other than for resale, between October 4, 2016 and the present.

60. The following persons and entities are excluded from the class:

- Google, its officers, directors, employees, subsidiaries, and affiliates;
- all judges assigned to this case and any members of their immediate families; and,
- the parties' counsel in this litigation.

---

[46] https://support.google.com/store/troubleshooter/3070579?hl=en&ref_topic=3244667#ts=7168940%2C7169349 (last visited Feb. 2, 2018).

[47] https://www.youtube.com/watch?v=Rykmwn0SMWU (last visited Feb. 5, 2018).

CLASS ACTION COMPLAINT

Plaintiffs reserve the right to modify, change, or expand the Class definitions based upon discovery and further investigation.

61.    **Numerosity.** Google sold at least a million Pixel phones.[48] Members of the class are widely dispersed throughout the country.  The class members are accordingly so numerous that joinder is impracticable.

62.    **Typicality.**  Plaintiffs' claims are typical of the claims of all class members in that Plaintiffs, like all class members, purchased Pixel phones (subject to a common express warranty) that they would not have purchased, or would have paid substantially less for, had they known of the defect or the fact that Google would respond inadequately when the defect manifested.

63.    **Adequacy.**  Plaintiffs will fairly and adequately protect the interests of the class.  They have no interests antagonistic to the interests of other class members and are committed to vigorously prosecuting this case.

64.    Plaintiffs have retained competent counsel experienced in the prosecution of consumer protection class actions involving defective smartphones.

65.    **Predominance.**  Questions of law and fact common to the class members predominate over any questions that may affect only individual class members, because Google has acted on grounds generally applicable to the class as a whole.

66.    Questions of law and fact common to the class include:

- Whether the Pixel phones were defective at the time of sale;

- Whether the defect substantially impairs the value of the Pixel phones;

- Whether Google knew of the defect, but continued to promote and sell the Pixel phones without disclosing the problems and their consequences to consumers;

- Whether a reasonable consumer would consider the defect and its consequences to be material;

- Whether Google carried out the discretion it afforded itself under its warranty in good faith;

- Whether Google breached express and implied warranties connected with the Pixel phones;

---

[48] Juliet Gallagher, *In a Rare Moment, Pixel's Sales Figures Are Revealed*, Gadget Hacks (June 13, 2017) (available at https://android.gadgethacks.com/news/rare-moment-pixels-sales-figures-are-revealed-0178148/) (last visited Feb. 5, 2018).

CLASS ACTION COMPLAINT

- Whether Google violated California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*;

- Whether Google violated California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*;

- Whether Plaintiffs overpaid for their phones as a result of the existence of the microphone defect;

- Whether Plaintiffs are entitled to equitable relief, including restitution or injunctive relief; and

- Whether Plaintiffs are entitled to damages and other monetary relief, and if so, in what amount.

67.    **Superiority.**  A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.  Because the amount of each individual class member's claim is small relative to the complexity of the litigation, and because of Defendant's financial resources, no class member is likely to pursue legal redress individually for the violations detailed in this complaint. Individualized litigation would significantly increase the delay and expense to all parties and to the Court and would create the potential for inconsistent and contradictory rulings.  By contrast, a class action presents fewer management difficulties, allows claims to be heard which would otherwise go unheard because of the expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale, and comprehensive supervision by a single court.

68.    Class certification is also appropriate under Rules 23(b)(1), (b)(2) and/or (c)(4) because:

- The prosecution of separate actions by the individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual class members, which would establish incompatible standards of conduct for Google;

- The prosecution of separate actions by individual class members would create a risk of adjudications that would, as a practical matter, be dispositive of the interests of other class members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests;

- Defendant acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect to the members of the class as a whole; and

- The claims of class members include common issues that are appropriate for certification.

**CLAIMS FOR RELIEF**

69.     Plaintiffs bring each of the following claims for relief pursuant to California law because Google's Terms of Sale for Devices specify "[t]he laws of California, U.S.A. apply to these terms."[49] Plaintiffs' reference to Google's choice-of-law clause is without waiver of their position that Google's attempted disclaimer of warranties is void and/or unconscionable for the reasons specified in paragraphs 91 and 92, below.  Plaintiffs learned of Google's choice-of-law clause for the first time in preparing this complaint and after being denied help as set forth in paragraphs 16, 17 and 24.

**FIRST CLAIM FOR RELEF**
**Breach of Express Warranty**

70.     Plaintiffs incorporate the above allegations by reference.

71.     Google created and extended to consumers an express warranty in connection with every sale of Pixel or Pixel XL phones by Google or its authorized resellers.  Under the terms of the express warranty, Google warranted that the Pixel phones would be "free from defects in materials and workmanship under normal use in accordance with Google's published user documentation for one year from the date of original retail purchase . . . ."[50]

72.     Google's warranty provides:

> If a defect arises and you return your Phone during the Limited Warranty period (which is one year for new devices and ninety days for refurbished devices), Google will in its sole discretion and to the extent permitted by law either repair your Phone using new or refurbished parts, replace your Phone with a new or refurbished Phone functionally at least equivalent to yours, or accept the return of the Phone in exchange for a refund of the purchase price you paid for the Phone.[51]

73.     Plaintiffs' Pixel phones were defective at the time of sale.  The defect in the Pixel phones is embedded in the phone's hardware, gives the phones' microphones a substantial propensity to fail—rendering the devices unsuitable for their primary purpose—and existed at all relevant times.

---

[49] https://web.archive.org/web/20160910174222/https://store.google.com/intl/en-US_us/about/device-terms.html (last visited Feb. 5, 2018).

[50] https://support.google.com/store/troubleshooter/3070579?visit_id=1-636451602353993137-3447863607&p=pixelphonewarranty&rd=1#ts=7168940 (last visited Feb. 5, 2018).

[51] *Id.*

74. Plaintiffs used their Pixel phones in a manner consistent with the phones' operating instructions prior to manifestation of the microphone defect.

75. Google was on actual notice of the defective nature of the phones prior to sale and received timely notice of the breaches experienced by Plaintiffs and the class. Despite reasonable opportunities to honor the promises in its express warranty, Google did not furnish an effective remedy to Plaintiffs.

76. Google's failure to provide Plaintiffs with a non-defective replacement device or a refund of the purchase price departs from commercially reasonable behavior and violated Plaintiffs' objectively reasonable expectations arising from the express warranty.

77. Furthermore, because Google had actual knowledge of the defect as early as the day after the phone was released yet continued to sell defective Pixel phones, the one-year and 90-day limitations contained in Google's warranty are unenforceable and devoid of effect. The time limits connected with Google's warranty are unconscionable and inadequate to protect Plaintiff and Class members given the severity of the defect, the centrality of smartphones in daily life, and the fact that the average consumer replaces his or her smartphone every 30 months. In its warranty for the second-generation Pixel devices, Google itself acknowledges consumers' expectations of smartphone lifespans by extending a two-year warranty.[52]

78. Plaintiffs and Class members had no meaningful choice in determining the one-year or 90-day time limits for the Pixel products at issue here. Those terms unreasonably favor Google. A gross disparity in bargaining power existed between Google and Class members. Neither Plaintiff was made aware of the warranty terms prior to purchase. Google knew the Pixel phones were defective at the time of sale and would fail. Consumers had no reasonable means of learning of the concealed defect.

79. Any attempt by Defendant to disclaim or limit its express warranties vis-à-vis consumers would be inappropriate under these circumstances. Any such asserted limitation is unconscionable and unenforceable because Defendant knowingly sold a defective product without informing consumers and failed to honor its express warranties.

---

[52] https://support.google.com/store/troubleshooter/3070579?hl=en&ref_topic=3244667#ts=7168940%2C7544604.

80.     As a direct and proximate result of Defendant's breaches of express warranty, Plaintiffs have been damaged in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
### Breach of the Implied Covenant of Good Faith and Fair Dealing

81.     Plaintiffs incorporate the above allegations by reference.

82.     Google issued express warranties to Plaintiffs in connection with its sale of Pixel phones.

83.     A covenant of good faith and fair dealing is implied in every contract and imposes upon each party a duty of good faith and fair dealing in its performance.  Common law calls for substantial compliance with the spirit, not just the letter, of a contract in its performance.  The duty to act in good faith and deal fairly requires adherence to commercial norms and prevents a contracting party from acting in contravention of the counterparty's objectively reasonable expectations arising from the agreement.

84.     Google breached the covenant of good faith and fair dealing that accompanied its warranty, and failed to exercise the discretion it arrogated to itself under the terms of its warranty in good faith, in at least the following respects:

    a.     refusing to furnish Plaintiffs (and many others) with functional, equivalent, non-defective replacement phones;

    b.     refusing to provide suitable repairs free of charge; and

    c.     refusing to refund the purchase price of Pixel phones that manifested the microphone defect; and

    d.     electing to provide consumers with refurbished replacement Pixels (which Google knew were defective) that had only 90-day warranty periods.

85.     As a direct and proximate result of Google's violations of the covenant of good faith and fair dealing, Plaintiffs have been damaged in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF
### Breach of the Implied Warranty of Merchantability

86.     Plaintiffs incorporate the above allegations by reference.

19

CLASS ACTION COMPLAINT

87.     By operation of law, Google—manufacturer of the Pixel phones and author of the express warranty detailed at paragraphs 32, 52, and 72—impliedly warranted to Plaintiffs that the Pixel phones were of merchantable quality and fit for their ordinary and intended use as smartphone devices.

88.     Plaintiffs and members of the class either bought their Pixel phones directly from Google (who manufactured the phones) or from its authorized resellers.  Consumers who did not purchase Pixel phones directly from Google are the intended third-party beneficiaries of written distribution and supply agreements between Google and its authorized resellers, and of the implied warranties that attach to those contracts.  The retailer sellers were not intended to be the ultimate users of the Pixel phones and have no rights under the warranty agreements connected with the phones. Those agreements were designed for and intended to benefit end-users only.

89.     Defendant breached the implied warranty of merchantability in connection with its sale and distribution of the Pixel phones.  At the point of sale, the Pixel phones contained a latent manufacturing defect whose manifestation renders the product unfit for its ordinary and intended purpose—making phone calls.  The defect existed when the phones left Google's possession and is substantially certain to manifest.

90.     Had Plaintiffs known of the embedded defect in the Pixel phones, they would not have purchased or would have paid significantly less for them.

91.     Google's attempted disclaimer of the implied warranty of merchantability in its Terms of Sale[53] is void and unenforceable.  The disclaimer is inconsistent with the representations Google made concerning the devices in its express warranty, *i.e.*, that the Pixel phones are "free from materials and workmanship."

92.     Google's disclaimer is also void as unconscionable.  Google knew the day after it released the Pixel phones to the general public that the devices were defective.  It nevertheless continues to sell the defective products to consumers without disclosing the defect, while affirmatively misrepresenting purported attributes of the devices that were important to consumer purchasers. Moreover, the remedies offered by Google to consumers were unfair, inadequate, and unconscionable in that Google attempted futile repairs or replaced defective phones with refurbished defective phones,

---

[53] https://web.archive.org/web/20160910174222/https://store.google.com/intl/en-US_us/about/device-terms.html (last visited Feb. 5, 2018).

CLASS ACTION COMPLAINT

effectively running out the clock on consumers' warranty periods without providing meaningful relief. Plaintiffs were unaware of, and had no opportunity to negotiate Google's disclaimer of implied warranties provision, and had no reason to suspect Google would purport to wipe its hands of a defect rendering the devices unusable for their most basic purpose.  Fairness requires invalidating the disclaimer of implied warranty of merchantability in Google's form document.

93.     Google's warranty duration limits also are unconscionable and inadequate to protect Plaintiffs for the reasons set forth in paragraphs 77-79, *supra*.

94.     Plaintiffs furnished Google with an opportunity to cure its breach of warranty, and otherwise complied with any and all obligations under the implied warranty of merchantability. Nevertheless, and despite knowing of the defect before or concurrently with the release of the phones, Google has refused to provide plaintiffs with appropriate warranty relief, leaving them without the functional product they thought they were buying.

95.     As a direct and proximate result of Defendant's breach of the implied warranty of merchantability, Plaintiffs have sustained damages in an amount to be determined at trial.

**FOURTH CLAIM FOR RELIEF**
**Violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq*. ("MMWA")**

96.     Plaintiffs incorporate the above allegations by reference.

97.     The Pixel phones are "consumer products" under the MMWA.  15 U.S.C. § 2301(1).

98.     Plaintiff and Class members are "consumers" under the MMWA.  15 U.S.C. § 2301(3).

99.     Defendant is a "supplier" and "warrantor" under the MMWA.  15 U.S.C. § 2301(4), (5).

100.    Section 2310(d) of the MMWA provides a cause of action for consumers harmed by the failure of a warrantor to comply with a written or implied warranty.

101.    Defendant's express warranties are written warranties within the meaning of section 2301(6) of the MMWA.  The Pixel phones' implied warranties are accounted for under section 2301(7) of the MMWA.  Defendant cannot disclaim these warranties when it failed to provide merchantable goods.

102.    Defendant warranted to Plaintiff and Class members that the Pixel phones were free from defects, of merchantable quality, and fit for the ordinary purposes for which smartphones are used.

21

103.     Defendant breached and refused to honor these obligations.  The Pixel phones have a defect that impairs consumers' ability to use them to talk to other people by phone.  The defect accordingly resulted in the Pixel phones failing to perform in accordance with their ordinary and intended purposes.

104.     Defendant has been given a reasonable opportunity to cure its breaches of warranty. Defendant has had ample notice of the defects described above and experienced by Plaintiffs and other Pixel purchasers, but has not provided an adequate remedy.

105.     Google's attempted disclaimer of implied warranties is void and unenforceable for the reasons stated in paragraphs 91-92, *supra*.

106.     The amount in controversy for purposes of Plaintiffs' individual claims exceeds $25. The amount in controversy in this action exceeds the sum of $50,000, exclusive of interest and costs, computed on the basis of all claims to be adjudicated in this lawsuit.

107.     As a direct and proximate result of Defendant's breaches of implied and express warranties pursuant to 15 U.S.C. § 2310(d)(1), Plaintiffs have suffered damages in an amount to be determined at trial.

108.     Plaintiffs also seek costs and expenses, including reasonable attorneys' fees, under the MMWA. 15 U.S.C. § 2310(d)(2).

### FIFTH CLAIM FOR RELIEF
**Violation of the California Unfair Competition Law, CAL. BUS. & PROF. CODE § 17200, *et seq.* ("UCL")**

109.     Plaintiffs incorporate the above allegations by reference.

110.     The UCL proscribes acts of unfair competition, including "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."  CAL. BUS. & PROF. CODE § 17200.

111.     Google's conduct is unlawful, in violation of the UCL, because it contravenes the legislatively declared policy against unfair methods of business competition.  Additionally, Defendant's conduct is unlawful because it violates the Magnuson-Moss Warranty Act, the Song-Beverly Warranty Act, the Consumers Legal Remedies Act, California's False Advertising Law and constitutes breach of express and implied warranties, fraudulent concealment, and unjust enrichment.

112.    Defendant's conduct is unfair because it violates California public policy, legislatively declared in the Song-Beverly Consumer Warranty Act, requiring a manufacturer—defined as a person or entity that "manufactures, assembles, or produces consumer goods"[54]—to ensure that goods it places on the market are fit for their ordinary and intended purposes.

113.    Google acted in an immoral, unethical, oppressive, and unscrupulous manner, including by:

        a.    Promoting and selling Plaintiffs phones it knew were defective;

        b.    Promoting and selling phones containing defects that caused their premature failure;

        c.    Replacing defective phones with other defective phones, or attempting futile repairs not directed to the underlying defect, instead of appropriately providing refunds or replacing defective phones with non-defective phones;

        d.    Refusing to provide warranty relief where the microphone defect manifested outside the warranty period;

        e.    Failing to exercise adequate quality control and due diligence over the Pixel phones before launch, and instead rushing the devices to market; and

        f.    Minimizing the scope and severity of the defect instead of acknowledging and providing relief to consumers.

114.    The gravity of harm resulting from Defendant's unfair conduct outweighs any potential utility.  The practices of selling defective phones without providing an adequate remedy to cure the defect—and continuing to sell those phones without full and fair disclosure of the defect—harms the public at large and is part of a common and uniform course of wrongful conduct.  There are reasonably available alternatives that would further Google's business interests.  The harm from Google's conduct was not reasonably avoidable by consumers.

115.    Defendant's conduct, as detailed in this complaint, is fraudulent in violation of the UCL because it is likely to deceive a reasonable consumer.  Google's fraudulent acts include:

---

[54] CAL. CIV. CODE § 1791(j).

CLASS ACTION COMPLAINT

a.      Knowingly and intentionally concealing from Plaintiffs the existence of the defect in the Pixel phones;

b.      Misleadingly promoting the Pixel phones as being high-quality, functional, having a working Google Assistant, and not possessing a defect that would prevent them from serving their most basic function; and

c.      Promoting Google Assistant functionality while knowingly failing to disclose that the microphone defect renders customers unable to use Google Assistant.

116.    Google's misrepresentations and omissions alleged in this complaint caused Plaintiffs to purchase their phones.

117.    Google had a duty to disclose the microphone defect given its exclusive knowledge of the condition prior to the sale of the Pixel phones and because it made partial representations about the quality of the phones without also disclosing the microphone defect.

118.    Plaintiffs suffered injury in fact, including lost money or property, as a result of Google's unlawful, unfair and fraudulent acts.  Absent Defendant's unlawful, unfair, and fraudulent conduct, Plaintiffs would not have purchased their Pixel phones or at the prices they paid.

119.    As is described in paragraph 26, *supra*, Plaintiffs wish to purchase further Pixel products in the future, but are impaired from presently doing so in view of their inability to rely on Google's statements concerning such products.  Plaintiffs seek to enjoin Google from further commission of these unlawful, unfair, and fraudulent acts or practices under CAL. BUS. & PROF. CODE § 17200.

120.    Plaintiffs thus request that this Court enter such orders or judgments as may be necessary to enjoin Google from continuing its unfair, unlawful, and fraudulent practices, and to restore to Plaintiffs any money Google acquired through its prohibited acts and practices, including restitution, as provided under CAL. BUS. & PROF. CODE § 17203, in addition to reasonable attorneys' fees and costs.

## SIXTH CLAIM FOR RELIEF
**Violation of California's Consumers Legal Remedies Act, CAL. CIV. CODE § 1750, *et seq*. ("CLRA")**

121.    Plaintiffs incorporate the above allegations by reference.

122.    Google is a "person" within the meaning of Civil Code §§ 1761(c) and 1770, and provided "goods" within the meaning of Civil Code §§ 1761(a) and 1770.

123.    Google's acts and practices, as alleged in this complaint, violate the CLRA, CAL. CIV. CODE §§ 1770(a)(5), (7), (9), and (19) because they consist of unfair methods of competition and unfair and deceptive acts and practices in connection with transactions—namely, the sale of defective Pixel phones to Plaintiffs.  This conduct was intended to result and did result in the sale of these goods to consumers.  Specifically, Google:

- Represented that the Pixel phones had characteristics, uses, and benefits they do not have;
- Represented that the Pixel phones were of a standard, quality, or grade that they are not;
- Advertised the Pixel phones with intend not to sell them as advertised; and
- Inserted unconscionable warranty limitations and disclaimers in its contracts with consumers.

124.    As a direct and proximate result of Google's conduct, Plaintiffs have been harmed, in that they purchased products they otherwise would not have (or would have paid substantially less for).  Meanwhile, Google has generated more revenue than it otherwise would have, unjustly enriching itself.

125.    Plaintiffs are entitled to equitable relief, reasonable attorneys' fees and costs, declaratory relief, and a permanent injunction enjoining Google from its unlawful, fraudulent, and deceitful activity.

126.    Pursuant to the provisions of CAL. CIV. CODE § 1782(a), on February 1 and 2, 2018, Plaintiffs sent letters to Google notifying it of its CLRA violations and providing it with the opportunity to correct its business practices.  If Google does not hereafter correct its business practices, Plaintiffs will amend (or seek leave to amend) the complaint to add claims for monetary relief, including restitution, actual, and punitive damages under the CLRA.

127.    Plaintiffs' CLRA venue declarations are attached as Exhibits 1 and 2 to this complaint in accordance with CAL. CIV. CODE § 1780(d).

## SEVENTH CLAIM FOR RELIEF
### Fraudulent Concealment

128.    Plaintiffs incorporate the above allegations by reference.

129.    Defendant intentionally suppressed and concealed material facts concerning the performance and quality of the Pixel phones.  Defendant knew of the microphone defect no later than

25

the day after it released the Pixel phones to the public, but failed to disclose that defect prior to or at the time it marketed and sold the devices to consumers.

130.    Because the microphone defect is a latent manufacturing defect, Plaintiffs had no reasonable way of knowing that Defendant's representations were false and misleading, or that Defendant had failed to disclose the microphone defect.  Plaintiffs did not and could not reasonably discover Defendant's deception on their own prior to purchase.

131.    Defendant had a duty to disclose the microphone defect because it was within Defendant's exclusive knowledge.  Defendant had superior knowledge and access to the relevant facts, and knew these facts were neither known to, nor reasonably discoverable by, Plaintiffs and other Pixel purchasers.  Defendant also had a duty to disclose the microphone defect because it made many general, partial representations about the qualities of the phones, *i.e.*, that Google Assistant was a feature that consumers would be able to access and use reliably.

132.    In connection with its ongoing promotion and sale of the Pixel phones, Defendant continues to defraud consumers by purposely concealing material information regarding the Pixel phones' defective nature.

133.    Plaintiffs were unaware of the omitted material facts and would not have acted as they did had the facts been disclosed.  Had Defendant informed them of the microphone defect, Plaintiffs would not have purchased Pixel phones or would have paid substantially less for them.

134.    Plaintiffs reasonably relied to their detriment upon Defendant's material omissions and fraudulent misrepresentations regarding the quality of the Pixels and the existence of the defect in deciding to purchase their Pixel phones.

135.    Plaintiffs sustained damage as a direct and proximate result of Defendant's deceit and fraudulent concealment.  Among other damages, Plaintiffs did not receive the value of the premium price they paid for their phones.  Plaintiffs would not have purchased Pixels had they known of the defect (or would have paid substantially less for them).

136.    Defendant's acts were done maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiffs' rights, interests, and well-being, to enrich Defendant.

Defendant's conduct warrants an assessment of punitive damages in an amount sufficient to deter such

conduct in the future, which amount is to be determined according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and members of the class, respectfully

request that this Court:

A.  Determine that the claims alleged herein may be maintained as a class action

under Federal Rule of Civil Procedure 23, and issue an order certifying the class defined above and

appointing Plaintiffs as class representatives;

B.  Award all actual, general, special, incidental, statutory, punitive, and

consequential damages and restitution to which Plaintiffs and the class members are entitled;

C.  Award pre-judgment and post-judgment interest on such monetary relief;

D.  Grant appropriate injunctive and declaratory relief, including, without limitation,

an order that requires Google to provide appropriate disclosure of the defective nature of the phones

and to return to Plaintiffs and class members all costs attributable to remedying or replacing defective

Pixel phones, including but not limited to economic losses from the purchase of replacement phones;

E.  Award reasonable attorneys' fees and costs; and

F.  Grant such further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of all issues

triable as of right.


Dated: February 6, 2018                          Respectfully submitted,

By:  ___ /s/ *Adam E. Polk* _____

Daniel C. Girard (State Bar No. 114826)
Jordan Elias (State Bar No. 228731)
Adam E. Polk (State Bar No. 273000)
Simon S. Grille (State Bar No. 294914)
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California 94108
Tel: (415) 981-4800
Email: dcg@girardgibbs.com

27

CLASS ACTION COMPLAINT

je@girardgibbs.com
aep@girardgibbs.com
sg@girardgibbs.com

Benjamin F. Johns
(*pro hac vice* to be filed)
Andrew W. Ferich
(*pro hac vice* to be filed)
Jessica L. Titler
(*pro hac vice* to be filed)
**Chimicles & Tikellis LLP**
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
Phone: (610) 642-8500
Fax: (610) 649-3633
Email: bfj@chimicles.com
        awf@chimicles.com
        jt@chimicles.com

*Counsel for Plaintiffs*

CLASS ACTION COMPLAINT