# EXHIBIT 1

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| PATRICIA WEEKS, ALICIA HELMS, BRIAN MCCLOY and ADRIAN ALCARAZ, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC,<br><br>        Defendant. | Case No. 5:18-cv-00801-NC<br><br>**DECLARATION OF EDWARD TRUJILLO IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

I, Edward Trujillo, declare as follows:

1.      I am the vice president of uBreakiFix Co, and its affiliated company, UBIF Franchising Co (collectively and singularly referred to as "uBreakiFix"). uBreakiFix is a Non-Party in this case. Pursuant to Civil Local Rule 79-5(e), I am submitting this declaration in support of Plaintiffs' Administrative Motion to File Under Seal ("Motion to Seal") (Dkt. No. 93).

2.      Each of the facts stated herein is true, correct and within my personal knowledge. If called upon as a witness, I could and would testify as to the truth of these statements.

3.      uBreakiFix is a technology company headquartered in Orlando, Florida, that specializes in smartphone and tablet repair. With over 450 corporate and franchise stores across the United States and Canada, uBreakiFix is one of the largest consumer smartphone repair companies in North America.

4.      Since as early as January 2017, uBreakiFix has had business and/or contractual relationships with Defendant Google, LLC ("Google") to, among other things, repair certain Google devices, including the Google Pixel phone. Indeed, uBreakiFix's corporate and franchise stores are Google "Authorized Service Centers." Documents evidencing uBreakiFix and Google's

- 1 -

business and/or contractual relationships were produced to Plaintiffs on or about August 16, 2018. One of these documents, included a Google Inbound Services Agreement dated July 25, 2017, which contained a confidentiality provision wherein uBreakiFix and Google agreed to keep certain information exchanged between uBreakiFix and Google as confidential.

5.      On June 26, 2018, Plaintiffs served uBreakiFix with a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Non-Party Subpoena"). A copy of the Non-Party Subpoena is attached hereto as Exhibit A.

6.      On July 10, 2018, uBreakiFix served its response and objections to the Non-Party Subpoena ("Response"). A copy of the Response is attached hereto as Exhibit B.

7.      On or about August 16, 2018, uBreakiFix produced a USB thumb drive of certain documents that it designated as "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" in accordance with the Court's Stipulated Protective Order (Dkt. No. 50). A copy of the cover letter transmitting the documents is attached hereto as Exhibit C.

8.      On November 5, 2018, Plaintiffs filed the Motion to Seal (Dkt. 93).

9.      Despite filing the Motion to Seal on November 5, 2018, Plaintiffs emailed a copy of the Motion to Seal to uBreakiFix the next day on November 6, 2018. A copy of the email transmitting the Motion to Seal is attached hereto as Exhibit D.

10.      On November 6, 2018, Plaintiffs shipped the Motion to Seal to uBreakiFix via FedEx Priority Overnight Delivery. uBreakiFix received the FedEx on November 7, 2018. A copy of the FedEx envelope is attached hereto as Exhibit E.

11.      I have reviewed the Motion to Seal and the documents attached or referenced as Exhibit 2 to the Motion to Seal. Exhibit 2 to the Motion to Seal consists of three different documents, bates labeled UBIF/Pixel 0039, UBIF/Pixel 0106, and UBIF/Pixel 0205. uBreakiFix produced these documents to Plaintiffs on or about August 16, 2018, with a "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" designation pursuant to the Stipulated Protective Order. There are compelling reasons for these documents to be permanently sealed, as set out in the following table:

| Document | Reason |
|---|---|
| UBIF/Pixel 0039 | This document consists of internal Google emails between several high-level Google employees that were later forwarded to uBreakiFix. These internal Google emails contains confidential and highly sensitive business information, including information on uBreakiFix and Google's negotiated and agreed-upon customer experience strategy and business procedures for the repair of certain Google Pixel phones that have audio issues. Accordingly, this document is a trade secret as defined under Florida and/or California law, or at the very least, constitutes valuable confidential business information that otherwise does not qualify as a trade secret.<br><br>If this document is made public, it could be used by uBreakiFix's competitors to undermine its business and to gain an unfair business advantage and could cause economic harm to uBreakiFix. Moreover, uBreakiFix has business and contractual relationships with other smartphone OEM companies. As such, public disclosure of uBreakiFix and Google's negotiated and agreed-upon customer experience strategy and business procedures could be used by those other smartphone OEM companies to uBreakiFix's unfair business advantage when uBreakiFix and these other smartphone OEM companies negotiate and/or re-negotiate terms for existing and/or future business and contractual relationships. This could ultimately cause economic harm to uBreakiFix.<br>Finally, if this document is made public, it could be used by Google's competitors in the smartphone OEM industry or Google's other non-uBreakiFix service providers to undermine Google's business and to gain an unfair business advantage, which could cause economic harm to Google. Such harm to Google could be irreparable especially since Google is a publicly traded company. |
| UBIF/Pixel 0106 | This document contains message board posts that uBreakiFix corporate and franchise store employees utilize to share information internally within uBreakiFix's private intranet system called "Portal." Only uBreakiFix corporate and franchise store employees have access to Portal and its message boards. All information found on Portal and its message boards are subject to a Confidentiality and Nondisclosure Agreement. All users of Portal are required to execute the Confidentiality and Nondisclosure Agreement agreeing that the information on Portal is "Confidential and Proprietary Information." A copy of uBreakiFix's Confidentiality and Nondisclosure Agreement for Portal users is attached as Exhibit F.<br><br>The particular message board posts contained in this document contains confidential and highly sensitive business information, including information on analyzing mother board and daughter board repair issues with the Google Pixel phone, as well as proprietary training and repair techniques unique to uBreakiFix. Accordingly, this document is a trade secret as defined under Florida and/or California law, or at the very least, constitutes valuable confidential business information that otherwise does not qualify as a trade secret.<br><br>If this document is made public, it could be used by uBreakiFix's competitors, particularly other competitors that repair Google Pixel phones, to undermine its business and to gain an unfair business advantage, which could cause economic harm to uBreakiFix. |
| UBIF/Pixel 0205 | This document is an excerpt from an internal uBreakiFix training document on Portal. uBreakiFix corporate and franchise store employees have access |

to this training document on Portal. Only uBreakiFix corporate and franchise store employees have access to Portal and its training documents. All information found on Portal and its training documents are subject to a Confidentiality and Nondisclosure Agreement. All users of Portal are required to execute a Confidentiality and Nondisclosure Agreement agreeing that the information on Portal are "Confidential and Proprietary Information." See Exhibit F.

This particular internal training document contains confidential and highly sensitive business information, including information on uBreakiFix and Google's negotiated and agreed-upon customer experience strategy and business procedures for the repair of certain impacted Google Pixel phones that have audio issues. Accordingly, this document is a trade secret as defined under Florida and/or California law, or at the very least, constitutes valuable confidential business information that otherwise does not qualify as a trade secret.

If this document is made public, it could be used by uBreakiFix's competitors to undermine its business and to gain an unfair business advantage, which could cause economic harm to uBreakiFix. Moreover, uBreakiFix has business and contractual relationships with other smartphone OEM companies. As such, public disclosure of uBreakiFix and Google's negotiated and agreed-upon customer experience strategy and business procedures could be used by those other smartphone OEM companies to uBreakiFix's unfair business advantage when uBreakiFix and these other smartphone OEM companies negotiate and/or re-negotiate terms for existing and/or future business and contractual relationships. This could ultimately cause economic harm to uBreakiFix.

Finally, if this document is made public, it could be used by Google's competitors in the smartphone OEM industry or Google's other non-uBreakiFix service providers to undermine Google's business and to gain an unfair business advantage, which could cause economic harm to Google. Such harm to Google could be irreparable especially since Google is a publicly traded company.

12.     Plaintiffs' Motion to Seal also seeks to file under seal Plaintiffs' Motion for Class Certification and the Nazarian Report or Declaration (Dkt. 93 at 2). While uBreakiFix has not designated those particular documents as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," or has even seen them, uBreakiFix contends and therefore requests that those documents also be filed under seal or filed with redactions because they extract, summarize, or compile contents of the highly confidential documents attached as Exhibit 2 to the Motion to Seal.

13.     In addition to the reasons above, it is important to note that "Plaintiffs take no position on whether these documents materials [sic] should remain under seal." Accordingly, Plaintiffs have not and will not be opposing uBreakiFix's position that the documents should be filed under seal.

- 4 -

14.     All portions of Exhibit 2 constitute trade secret protected material.  To adequately protect the material it is necessary to seal Exhibit 2.  Thus, uBreakiFix's request is narrowly tailored to protect the interest of Google and uBreakiFix and does not seal more than is necessary.

15.     Sealing the highly confidential documents attached as Exhibit 2 to the Motion to Seal outweighs the public interest in disclosure of court documents for the above stated reasons. Accordingly, uBreakiFix requests that the documents be filed under seal.

I declare under the penalty of perjury that the foregoing is true and correct.  Executed on this 9th day of November, 2018.

Edward Trujillo

- 5 -