Bobbie J. Wilson, Bar No. 148317
*BWilson@perkinscoie.com*
Patrick S. Thompson, Bar No. 160804
*PatrickThompson@perkinscoie.com*
Sunita Bali, Bar No. 274108
*SBali@perkinscoie.com*
Mara Boundy, Bar No. 287109
*MBoundy@perkinscoie.com*
Maria Nugent, Bar No. 306074
*MNugent@perkinscoie.com*
**PERKINS COIE LLP**
505 Howard Street, Suite 1000
San Francisco, CA 94105-3204
Telephone: 415.344.7000
Facsimile: 415.344.7050

Attorneys for Defendant
GOOGLE LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| PATRICIA WEEKS, ALICIA HELMS, BRIAN MCCLOY, and ADRIAN ALCARAZ, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 5:18-cv-00801-NC <br><br> **DECLARATION OF MARA BOUNDY IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL MATERIALS SUBMITTED IN CONNECTION WITH PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

I, Mara Boundy, declare as follows:

1. I am an attorney with the law firm of Perkins Coie LLP, which is counsel for Google LLC in this matter. I submit this declaration pursuant to Civil Local Rules 79-5(d)(1)(A) and 79-5(e)(1) in support of Plaintiffs' Administrative Motion to File Under Seal (Dkt. No. 93) materials submitted in connection with Plaintiffs' Motion for Class Certification. I have personal knowledge of the matters set forth herein, except where stated otherwise, and I am competent to testify.

2. Google submits this Declaration in support of the sealing and/or redaction of portions of (i) Plaintiffs' Motion for Class Certification ("Plaintiffs' Class Cert. Motion") (Dkt. No. 94), (ii) the Expert Report of Shahin Nazarian ("Nazarian Report") (Dkt. 94-8), (iii) the Expert Report of Stefan Boedeker ("Boedeker Report") (Dkt. No. 94-7), and (iv) Exhibits 1-2, 22 and B to the Declaration of Adam E. Polk ("Polk Decl." or "Polk Declaration") (Dkt. No. 95-1) in support of Plaintiffs' Motion for Class Certification. The specific portions of these materials that Google seeks to seal are set forth in detail in the tables provided below.

3. Google does not oppose the unsealing of certain portions of documents and exhibits Plaintiffs' included in their Administrative Motion to File Under Seal, as set forth in paragraphs 8, 10, 12, and 15 below.

4. Google seeks to seal only those documents and information submitted in support of Plaintiffs' Class Cert. Motion that contain Google's confidential and competitively sensitive business information. The Ninth Circuit has yet to decide whether the "compelling reasons" or "good cause" standard for sealing applies to motions for class certification. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180-1181 (9th Cir. 2006) (explaining that the Ninth Circuit requires the party seeking to seal records to meet a "compelling reasons" standard if the motion is dispositive, but only requires the party seeking to seal records to meet the "good cause" standard from Fed. R. Civ. P. 26(c) if the motion is not dispositive); *Rainbow Bus. Solutions v. Merchant Servs., Inc.*, No. C 10-1993 CW, 2013 WL 12308205, *1, n.2 (N.D. Cal. May 10, 2013) (finding that "courts within the Northern District of California have reached different conclusions" as to which standard should apply to sealing information in a class

certification motion and citing a series of conflicting decisions). The Ninth Circuit has, however, explained that "public access to filed motions and their attachments does not merely depend on whether the motion is technically 'dispositive.' Rather, public access will turn on whether the motion is more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (applying the "compelling reasons" standard to a motion for preliminary injunction). As described in further detail in this declaration, Google's justifications for sealing its confidential and competitively sensitive business information meet both the "compelling reasons" and "good cause" standards.

5. Documents can be sealed under the "compelling reasons" standard if they might be used "as [a] source[] of business information that might harm a litigant's competitive standing." *Id.*; *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (same); *see Network Appliance Inc. v. Sun Microsystems, Inc.*, No C07-06053, 2010 WL 841274, at *2 (N.D. Cal. March 10, 2010) (finding compelling reason to seal "in light of the confidential nature of the information" and "the competitive harm" that would likely result "if the confidential information were disclosed"). A party who meets the "compelling reasons" standard necessarily also meets the "good cause" standard. *See Kamakana*, 447 F.3d at 1179-1181 (9th Cir. 2006). The documents and information described below are sources of business information that could harm Google's competitive standing if revealed publicly, and include information related to Google's business practices, advertising and marketing strategies, product launch, technical analyses and solutions, including testing analyses and product evaluations. *See, e.g.*, *Bauer Bros. LLC v. Nike, Inc.*, No. 09-cv-500, 2012 WL 1899838, at *3-4 (S.D. Cal. May 24, 2012) (sealing deposition testimony and documents containing cost analysis relating to sales, advertising and marketing, product development, and profits); *TriQuint Semiconductor v. Avago Techs., Ltd.*, No. 09-cv-01531, 2011 WL 6182346, at *2-4 (D. Ariz. Dec. 13, 2011) (documents showing the party's market analysis met the "compelling reasons" standard for sealing); *Monster, Inc. v. Dolby Labs. Licensing Corp.*, No. 12-cv-2488, 2013 WL 163774, at *4 (N.D. Cal. Jan. 15, 2013) (sealing exhibits containing information about product testing requirements, internal testing procedures, and product evaluation); *Bean v. John Wiley & Sons, Inc.*, No. 110cv008028, 2012 WL 1078662, at *6-7 (D.

Ariz. Mar. 30, 2012) (sealing charts summarizing revenue results and production numbers because such information could be used by competitors to calibrate pricing and distribution methods to undercut defendant).

6. As detailed in the charts below, certain documents contain or refer to, confidential information related to Google's sales, advertising, and marketing strategies, product evaluation, proprietary analytical processes, technical analyses and results, and other competitively-sensitive data related to Google's first-generation Pixels and Pixel XLs (hereinafter "Pixels"). The confidential and competitively sensitive information contained in the documents Google seeks to seal were produced in this action by Google or non-parties and have been designated as "Confidential" or "Highly-Confidential - Attorneys' Eyes Only" pursuant to the Stipulated Protective Order (Dkt. No. 50). Public disclosure of this confidential information would harm Google's competitive standing because its competitors would gain unwarranted insight into Google's product, marketing, and customer retention strategies; testing methodologies, product evaluation procedures, and their results; and internal problem-solving processes. Competitors would be given an unearned advantage, and Google would be deprived of the resources devoted to these efforts as well as their benefits.

7. The following portions of Plaintiffs' Class Cert. Motion are confidential, competitively sensitive, and should be sealed for the reasons set forth below:

| Plaintiffs' Class Cert. Motion (Dkt. No. 94) | Justification for Sealing |
|---|---|
| Page i:11-12, 14;<br><br>Page 2:2-3, 14;<br><br>Page 3:17-18, 23-25;<br><br>Page 6:1;<br><br>Page 7:1-4, 22-24;<br><br>Page 8:1, 5-28;<br><br>Page 9:12-13, 19-20; | These portions of Plaintiffs' Class Cert. Motion disclose strategic decisions related to Google's internal testing processes and procedures, the confidential analysis undertaken by Google to ascertain the cause of microphone issues experienced by certain customers, as well as the results of Google's internal testing and analysis of the Pixels. These portions of Plaintiffs' Class Cert. Motion also disclose confidential technical details relating to Google's proposed and actual corrective action(s) taken with respect to the Pixels. The results of Google's confidential analysis and the related technical details reveal Google's research efforts and technical know-how relating to the Pixels, which is proprietary business information.<br><br>Public disclosure of this confidential information would harm |

DECLARATION OF MARA BOUNDY ISO PLAINTIFFS' ADMIN. MOTION TO FILE UNDER SEAL

Case No.: 5:18-cv-00801-NC

| Plaintiffs' Class Cert. Motion (Dkt. No. 94) | Justification for Sealing |
|---|---|
| Page 10:1-10, 12-14, 18-23; <br><br> Page 12:25; <br><br> Page 14:12-13; <br><br> Page 20:23-24; and <br><br> Page 21:2-5. | Google's competitive standing because its competitors would benefit from unwarranted insight into Google's product strategy, evaluation, testing methodologies, testing results, and internal problem-solving procedures, which would enable them to unfairly compete with Google. <br><br> Indeed, most of these redacted portions of Plaintiffs' Class Cert. Motion cite to, quote, or otherwise pull information from the deposition transcript of Google's 30(b)(6) corporate designee, Steven James, which Google has designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" pursuant to the parties' Stipulated Protective Order, because of the competitively-sensitive nature of Mr. James' testimony. Google seeks to seal those portions of the James deposition transcript as described below in paragraph 14. |
| Page 3:10-11 | Page 3, lines 10-11, of Plaintiffs' Class Cert. Motion reveal confidential strategic decisions related to marketing the Pixels. Public disclosure of this sensitive business information would harm Google's competitive standing because it would give competitors unwarranted insight into Google's marketing strategies, allowing them to unfairly benefit from Google's know-how and resources expended to launch and promote the Pixel. <br><br> This redacted portion of Plaintiffs' Class Cert. Motion pulls information from a portion of the deposition transcript of Google's 30(b)(6) corporate designee, Steven James, which Google has designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" pursuant to the parties' Stipulated Protective Order, because of the competitively-sensitive nature of Mr. James' testimony. |
| Page 2:10-12; <br><br> Page 6:12-22; <br><br> Page 9:1-4, 23-26; and <br><br> Page 19:16-17. | These portions of Plaintiffs' Class Cert. Motion disclose confidential business communications between Google and third-parties Google contracted with to provide customer support and repair services for Pixels. These communications reveal confidential, strategic decisions relating to Google's customer service and business practices, including confidential strategic decisions relating to the launch, evaluation, and proposed corrective action plan for the Pixels. Public disclosure of these details could harm Google's competitive standing because it would allow competitors to benefit from unwarranted access into Google's product strategy, internal problem-solving procedures, know-how, and proprietary strategic business decisions, which would enable them to unfairly compete with Google. |

| Plaintiffs' Class Cert. Motion (Dkt. No. 94) | Justification for Sealing |
| --- | --- |
| | These redacted portions of Plaintiffs' Class Cert. Motion cite to, quote from, or otherwise pull information from portions of the deposition transcript of Google's 30(b)(6) corporate designee, Steven James, which Google has designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" pursuant to the parties' Stipulated Protective Order, because of the competitively-sensitive nature of Mr. James' testimony. |

8.      Google does *not* seek to seal the following portions of Plaintiffs' Class Cert. Motion, which Plaintiffs redacted and designated as potentially sealable information in their Administrative Motion to Seal: 2:6-8; 3:13-14, 16, 20-21; 5:10-12; 7:8-14, 16, 26-28; 8:3; 12:11-12; 18:11-12; 19:14-15; 21:10-11 and 13; 22:11-13 and 19-22.

9.      The following portions of the Nazarian Report are confidential, competitively sensitive, and should be sealed for the reasons set forth in below:

| Nazarian Report (Dkt. No. 94-8) | Justification for Sealing |
| --- | --- |
| Redacted portions of page 6, ¶ 17 and the image appearing on page 6. | These portions of the Nazarian Report reveal confidential details about the composition and design of the Printed Circuit Board ("PCB") in the Pixels.  Public disclosure of this confidential information would harm Google's competitive standing because its competitors would gain unwarranted insight into the technical product specifications of the Pixel, which would enable competitors to unfairly benefit from the resources and research Google expended to launch the Pixels.<br><br>These redacted portions of the Nazarian Report also contain information derived from Exhibit 2 to the Polk Declaration, which non-party uBreakiFix designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" pursuant to the Stipulated Protective Order, and which Google seeks to seal for the reasons provided in the chart in paragraph 14 below. |
| Redacted portions of page 7, ¶¶ 19-20 and the image appearing on page 7. | These portions of the Nazarian Report reveal confidential details about the composition and design of the Main Logic Board in the Pixels. These portions of the Nazarian Report also reveal results of the confidential analysis undertaken by Google to ascertain the cause of microphone issues experienced by certain customers. The results of Google's confidential analysis disclose Google's research efforts and technical know-how relating to the Pixels, which is proprietary business information.  Public disclosure of |

| Nazarian Report (Dkt. No. 94-8) | Justification for Sealing |
|---|---|
| | this confidential information would harm Google's competitive standing because its competitors would benefit from unwarranted insight into the Pixel's technical product specifications as well as Google's product strategy, evaluation, testing methodologies, testing results, and internal problem-solving procedures, which would enable them to unfairly compete with Google. |
| Redacted portions of page 8, ¶¶ 22-24 and fn. 7. | These portions of the Nazarian Report reveal results of the confidential analysis undertaken by Google to ascertain the cause of microphone issues experienced by certain customers. The results of Google's confidential analysis disclose Google's research efforts and technical know-how relating to the Pixels, which is proprietary business information. Public disclosure of this confidential information would harm Google's competitive standing because its competitors would benefit from unwarranted insight into Google's product strategy, evaluation, testing methodologies, testing results, and internal problem-solving procedures, which would enable them to unfairly compete with Google. <br><br> Moreover, these redacted portions of the Nazarian Report contain information derived from portions of the deposition transcript of Google's 30(b)(6) corporate designee, Steven James, which Google has designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" pursuant to the parties' Stipulated Protective Order, because of the competitively-sensitive nature of Mr. James' testimony. These redacted portions of the Nazarian Report also contain information derived from Exhibit 1 to the Polk Declaration, which Google has also designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" pursuant to the parties' Stipulated Protective Order, which Google seeks to seal for the reasons provided in the chart in paragraph 14 below. |
| Redacted portions of page 9, ¶ 25, fn. 9. | These portions of the Nazarian Report reveal Google's confidential proposed customer support plan for the microphone issues experienced by certain customers. Public disclosure of these details could harm Google's competitive standing because its competitors could benefit from unwarranted insight into Google's product strategy, testing results, customer retention strategies, and internal problem-solving procedures, which would enable them to unfairly compete with Google. <br><br> Moreover, these redacted portions of the Nazarian Report contain information derived from portions of the deposition transcript of Google's 30(b)(6) corporate designee, Steven James, which |

| Nazarian Report (Dkt. No. 94-8) | Justification for Sealing |
|---|---|
| | Google has designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" pursuant to the parties' Stipulated Protective Order, because of the competitively-sensitive nature of Mr. James' testimony. |
| Redacted portions of page 10, ¶¶ 27-29, fn.12. | These portions of the Nazarian Report reveal results of the confidential analysis undertaken by Google to ascertain the cause of microphone issues experienced by certain customers. The results of Google's confidential analysis disclose Google's research efforts and technical know-how relating to the Pixels, which is proprietary business information. These portions of the Nazarian Report also reveal Google's confidential proposed corrective action plan for the microphone issues experienced by certain customers. Public disclosure of this confidential information would harm Google's competitive standing because its competitors would benefit from unwarranted insight into Google's product strategy, evaluation, testing methodologies, testing results, customer retention strategies, and internal problem-solving procedures, which would enable them to unfairly compete with Google.

Moreover, these redacted portions of the Nazarian Report contain information derived from portions of the deposition transcript of Google's 30(b)(6) corporate designee, Steven James, which Google has designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" pursuant to the parties' Stipulated Protective Order, because of the competitively-sensitive nature of Mr. James' testimony. |
| Certain redacted portions of page 11, ¶ 34 (proposed redactions in first sentence only). | The redacted portions of the first sentence of paragraph 34 on page 11 of the Nazarian Report reveal confidential technical information about Google's proposed corrective action plan for the microphone issues experienced by certain customers. Public disclosure of these details could harm Google's competitive standing because its competitors could benefit from unwarranted insight into Google's product strategy, testing results, and internal problem-solving procedures, which would enable them to unfairly compete with Google.

Google is not seeking to seal the information redacted by Plaintiffs in the second sentence of paragraph 34 on page 11 of the Nazarian Report. |
| Certain redacted portions of the following: | These portions of the Nazarian Report reveal results of the confidential analysis undertaken by Google to ascertain the cause |

| Nazarian Report (Dkt. No. 94-8) | Justification for Sealing |
| --- | --- |
| Page 12, ¶ 35 (only seeking to seal redacted information in (i) the second line of ¶ 35 beginning with "resulted in"; (ii) the second line of ¶ 35 beginning with "developed a"; and (iii) the third line);<br><br>Page 12, fn. 15 (seeking to seal all redacted portions);<br><br>Page 12, fn. 16 (only seeking to seal (i) the parenthetical explanation of Plaintiffs' citation to GOOG-WEEKS-00000115 and (ii) the parenthetical explanation of Plaintiffs' citation to James Dep. 83:15-24);<br><br>Page 12, fn. 17 (seeking to seal all redacted portions). | of microphone issues experienced by certain customers.  The results of Google's confidential analysis disclose Google's research efforts and technical know-how relating to the Pixels, which is proprietary business information.  These portions of the Nazarian Report also reveal Google's confidential proposed corrective action plan for the microphone issues experienced by certain customers.  Public disclosure of this confidential information would harm Google's competitive standing because its competitors would benefit from unwarranted insight into Google's product strategy, evaluation, testing methodologies, testing results, and internal problem-solving procedures, which would enable them to unfairly compete with Google.<br><br>Google is not seeking to seal the information redacted by Plaintiffs in the fourth line of paragraph 35 on page 12 of the Nazarian Report. Google is also not seeking to seal the parenthetical explanation of Plaintiffs' citation to page 63, lines 20-25 of the James Deposition. |
| Redacted portions of page 14, ¶ 41. | These portions of the Nazarian Report reveal Google's confidential proposed corrective action plan for the microphone issues experienced by certain customers.  Public disclosure of these details could harm Google's competitive standing because its competitors could benefit from unwarranted insight into Google's product strategy, testing results, and internal problem-solving procedures, which would enable them to unfairly compete with Google. |
| Redacted portions of page 15, ¶ 46. | This portion of the Nazarian Report reveals confidential details about the composition of the Pixels.  Public disclosure of this confidential information would harm Google's competitive standing because its competitors would gain unwarranted insight into the technical product specifications of the Pixel, which would enable competitors to unfairly benefit from the resources and research Google expended to launch the Pixels. |

| Nazarian Report (Dkt. No. 94-8) | Justification for Sealing |
|---|---|
| Redacted portions of page 17, ¶ 49. | This portion of the Nazarian Report reveals confidential details about the composition of the Pixels. Public disclosure of this confidential information would harm Google's competitive standing because its competitors would gain unwarranted insight into the technical product specifications of the Pixel, which would enable competitors to unfairly benefit from the resources and research Google expended to launch the Pixels. |
| Redacted portions of page 19, ¶ 53. | These portions of the Nazarian Report reveal confidential details about the composition of the Pixels and disclose details relating to Google's confidential proposed corrective action plan for the microphone issues experienced by certain customers. Public disclosure of these details could harm Google's competitive standing because its competitors would gain unwarranted insight into the technical product specifications of the Pixel as well as Google's product strategy, testing results, and internal problem-solving procedures, which would enable competitors to unfairly benefit from the resources and research Google expended to launch the Pixels. |
| Redacted portions of page 20, ¶¶ 57-58. | These portions of the Nazarian Report reveal results of the confidential analysis undertaken by Google to ascertain the cause of microphone issues experienced by certain customers. The results of Google's confidential analysis also disclose Google's research efforts and technical know-how relating to the Pixels, which is proprietary business information. These portions of the Nazarian Report also reveal Google's confidential proposed corrective action plan for the microphone issues experienced by certain customers. Public disclosure of this confidential information would harm Google's competitive standing because its competitors would benefit from unwarranted insight into Google's product strategy, evaluation, testing methodologies, testing results, and internal problem-solving procedures, which would enable them to unfairly compete with Google. |
| Redacted portions of page 21, ¶¶ 61-63. | These portions of the Nazarian Report reveal results of the confidential analysis undertaken by Google to ascertain the cause of microphone issues experienced by certain customers. The results of Google's confidential analysis disclose Google's research efforts and technical know-how relating to the Pixels, which is proprietary business information. These portions of the Nazarian Report also reveal Google's confidential proposed corrective action plan for the microphone issues experienced by certain customers. Public disclosure of this confidential |

| Nazarian Report (Dkt. No. 94-8) | Justification for Sealing |
|---|---|
| | information would harm Google's competitive standing because its competitors would benefit from unwarranted insight into Google's product strategy, evaluation, testing methodologies, testing results, and internal problem-solving procedures, which would enable them to unfairly compete with Google. |

10. Google does *not* seek to seal the following portions of the Nazarian Report, which Plaintiffs redacted and designated as potentially sealable information in their Administrative Motion to Seal:

    a. Redacted information on page 2, ¶¶ 2-3;

    b. Redacted information in the first sentence of ¶ 25 on pages 8-9 (sentence ending with "2016" on page 9);

    c. Redacted information on page 9, fn. 8;

    d. Redacted information on page 11, ¶¶ 31, 33 and 34: Google is not seeking to seal the phrase "failure analysis" in those paragraphs;

    e. Redacted information in first and second line of ¶ 35 on page 12: Google is not seeking to seal the phrase "acknowledges the existence of defect";

    f. Redacted information in the fourth and final line of ¶ 35 on page 12: Google is not seeking to seal the phrase "manifested in over 40,000 phones";

    g. Redacted information in parenthetical following "GOOG-WEEKS-00000115" in fn. 16 on page 12: Google is not seeking to seal the phrase "failure analysis";

    h. Redacted information in parenthetical following citation to James Dep., 63:20-24 in fn. 16 on page 12;

    i. Redacted information on page 12, ¶ 36;

    j. Redacted information on page 12, fn. 21;

    k. Redacted information on page 13, ¶¶ 39-40;

    l. Redacted information on page 19, ¶¶ 54-55.

11.     The following portions of the Boedeker Report are confidential, competitively sensitive, and should be sealed for the reasons set forth below:

| Boedeker Report (Dkt. 94-7) | Justification for Sealing |
|---|---|
| Redacted portions of page 2, ¶ 8. | These portions of the Boedeker Report reveal results of the confidential analysis undertaken by Google to ascertain the cause of microphone issues experienced by certain customers.  The results of Google's confidential analysis disclose Google's research efforts and technical know-how relating to the Pixels, which is proprietary business information.  Public disclosure of this confidential information would harm Google's competitive standing because its competitors would benefit from unwarranted insight into Google's product strategy, evaluation, testing methodologies, testing results, and internal problem-solving procedures, which would enable them to unfairly compete with Google. |
| Redacted portions of page 3, ¶ 9. | These portions of the Boedeker Report reveal results of the confidential analysis undertaken by Google to ascertain the cause of microphone issues experienced by certain customers.  The results of Google's confidential analysis disclose Google's research efforts and technical know-how relating to the Pixels, which is proprietary business information.  Public disclosure of this confidential information would harm Google's competitive standing because its competitors would benefit from unwarranted insight into Google's product strategy, evaluation, testing methodologies, testing results, and internal problem-solving procedures, which would enable them to unfairly compete with Google. |
| Redacted portions of page 9, ¶ 24, fn. 6. | These portions of the Boedeker Report reveal results of the confidential analysis undertaken by Google to ascertain the cause of microphone issues experienced by certain customers.  The results of Google's confidential analysis disclose Google's research efforts and technical know-how relating to the Pixels, which is proprietary business information. These portions also disclose confidential information relating to Google's business practices regarding customer service or support.  Public disclosure of this information could harm Google's competitive position because it would provide competitors unwarranted insight into Google's product strategy, evaluation, testing methodologies, testing results, internal problem-solving procedures, and customer retention strategies, which would enable competitors to unfairly benefit from Google's research, know-how and resources expended to launch and evaluate the Pixels and maintain good relationships with its customers. |

| Boedeker Report (Dkt. 94-7) | Justification for Sealing |
|---|---|
| | Furthermore, the redacted portions of fn. 6 on page 9 of the Boedeker Report contain information derived from portions of the deposition transcript of Google's 30(b)(6) corporate designee, Steven James, which Google has designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" pursuant to the parties' Stipulated Protective Order, because of the competitively-sensitive nature of Mr. James' testimony. |
| Redacted portions of page 43, ¶ 112. | These portions of the Boedeker Report reveal results of the confidential analysis undertaken by Google to ascertain the cause of microphone issues experienced by certain customers. The results of Google's confidential analysis disclose Google's research efforts and technical know-how relating to the Pixels, which is proprietary business information. Public disclosure of this confidential information would harm Google's competitive standing because its competitors would benefit from unwarranted insight into Google's product strategy, evaluation, testing methodologies, testing results, and internal problem-solving procedures, which would enable them to unfairly compete with Google. |
| Redacted portions of page 44, ¶ 114, fn. 60. | These portions of the Boedeker Report disclose confidential information relating to Google's business practices regarding customer service or support. Public disclosure of this information could harm Google's competitive position because it would provide competitors unwarranted insight into Google's internal problem-solving procedures and customer service policies, which would enable competitors to unfairly benefit from Google's research, know-how and resources expended to develop the Pixels and maintain good relationships with its customers.<br><br>Furthermore, the redacted portions of fn. 60 on page 44 of the Boedeker Report contain information derived from portions of the deposition transcript of Google's 30(b)(6) corporate designee, Steven James, which Google has designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" pursuant to the parties' Stipulated Protective Order, because of the competitively-sensitive nature of Mr. James' testimony. |

12.     Google does *not* seek to seal page 3, footnote 3 of the Boedeker Report, which

Plaintiffs redacted and designated as potentially sealable information in their Administrative

Motion. Google is not seeking to seal this portion of the Boedeker Report because it does not reveal any information that is confidential to Google.

13.     Plaintiffs' Administrative Motion to Seal includes proposed redactions for exhibits attached to the Polk Declaration submitted in support of Plaintiffs' Class Cert. Motion.  One of those exhibits, Exhibit B (Dkt. 95-1 at 12), contains excerpts from the August 30, 2018 Deposition of Steven James, Google's 30(b)(6) corporate designee (hereinafter "Ex. B, James Dep.").  Google timely sent Plaintiffs' counsel a letter on October 15, 2018 that specifically identified the page and line numbers of Mr. James' deposition transcript that contained "Confidential" or "Highly Confidential - Attorneys' Eyes Only" information pursuant to the Stipulated Protective Order.  **Exhibit A** attached hereto is a true and correct copy of the October 15 letter.  Nonetheless, the version of Ex. B, James Dep. that Plaintiffs submitted under seal does not include proposed redactions for all of the information Google identified as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" in its October 15 letter.  Plaintiffs left a significant amount of "Confidential" or "Highly Confidential - Attorneys' Eyes Only" information unredacted in Ex. B, James Dep.  In the table provided in paragraph 14, Google identifies *all* portions of Ex. B, James Dep. that Google seeks to seal.  Plaintiffs have not yet filed a redacted version of Ex. B, James Dep. in the public record, so it is not too late to correct for the fact that Plaintiffs' proposed redactions do not adequately protect Google's confidential and competitively sensitive information.

14.     The following Exhibits to the Polk Declaration submitted in support of Plaintiffs' Class Cert. Motion are confidential, competitively sensitive, and should be sealed for the reasons set forth below:

| Exhibits to Polk Decl. (Dkt. 95) | Justification for Sealing |
| --- | --- |
| Exhibit 1 (Dkt. 95-1 at 26) | Exhibit 1 contains highly sensitive information relating to the confidential analysis undertaken by Google to ascertain the cause of microphone issues experienced by certain customers.  The results of Google's confidential analysis disclose Google's research efforts and technical know-how relating to the Pixels, which is proprietary business information.  Exhibit 1 also reveals Google's confidential proposed corrective action plan for the |

| Exhibits to Polk Decl. (Dkt. 95) | Justification for Sealing |
|---|---|
| | microphone issues experienced by certain customers. Public disclosure of this confidential information would harm Google's competitive standing because its competitors would benefit from unwarranted insight into Google's product strategy, evaluation, testing methodologies, testing results, and internal problem-solving procedures, which would enable them to unfairly compete with Google. |
| Exhibit 2 (Dkt. 95-1 at 27) | Exhibit 2 at UBIF/Pixel 0039 contains confidential communications between Google employees and between Google and its authorized repair company regarding Google's customer service policies, how those polices were implemented, and what Google did to ensure they were uniformly applied. Exhibit 2 at UBIF/Pixel 0106 and UBIF/Pixel 0205 contains information about Google's confidential corrective action plan for the microphone issues experienced by certain customers and contains confidential technical information regarding the composition of the Pixel. Public disclosure of this information could harm Google's competitive position because it would provide competitors unwarranted insight into Google's internal problem-solving procedures and customer service policies, which would enable competitors to unfairly benefit from Google's research, know-how and resources expended to launch and evaluate the Pixels and maintain good relationships with its customers. |
| Exhibit 22 (Dkt. 95-1 at 327) | Exhibit 22 reveals confidential details relating to the confidential analysis undertaken by Google to ascertain the cause of microphone issues experienced by certain customers. The results of Google's confidential analysis disclose Google's research efforts and technical know-how relating to the Pixels, which is proprietary business information. Public disclosure of this confidential information would harm Google's competitive standing because its competitors would benefit from unwarranted insight into Google's product strategy, evaluation, testing methodologies, testing results, and internal problem-solving procedures, which would enable them to unfairly compete with Google. |
| Ex. B (Dkt. 95-1 at 12), James Dep. at 28:8-30:3. | These portions of Ex. B, James Dep. were not identified as potentially sealable information in Plaintiffs' Administrative Motion to Seal but were designated as confidential by Google in its October 15 letter and should be sealed for the reasons set forth below.<br><br>Ex. B, James Dep. at 28:8-30:3 reveals confidential details relating |

| Exhibits to Polk Decl. (Dkt. 95) | Justification for Sealing |
|---|---|
| | to the confidential analysis undertaken by Google to ascertain the cause of microphone issues experienced by certain customers. The results of Google's confidential analysis disclose Google's research efforts and technical know-how relating to the Pixels, which is proprietary business information. Public disclosure of this confidential information would harm Google's competitive standing because its competitors would benefit from unwarranted insight into Google's product strategy, evaluation, testing methodologies, testing results, and internal problem-solving procedures, which would enable them to unfairly compete against Google. |
| Ex. B, James Dep. at 31:2-7, 41:9-10, 85:1-18 and 128:14-18. | Although Google designated Ex. B, James Dep. at 85:1-8 and 128:14-18 as confidential in its October 15 letter, Plaintiffs only identified Ex. B, James Dep. 85:21-24 and 128:4-6 as potentially sealable information in Plaintiffs' Administrative Motion to Seal. And although Google designated Ex. B, James Dep. at 31:2-7 and 41:9-10 as confidential in its October 15 letter, Plaintiffs failed to identify any portion of page 31 or 41 as containing potentially sealable information in Plaintiffs' Administrative Motion to Seal. Google accordingly moves to seal Ex. B, James Dep. at 31:2-7, 41:9-10, 85:1-18 and 128:14-18 for the reasons set forth below. <br><br> Ex. B, James Dep. at 31:2-7, 41:9-10, 85:1-18, and 128:14-18 reveals proprietary information regarding Google's internal business practices for maintaining sensitive customer information and how Google uses that information in its confidential analysis undertaken to determine the cause of microphone issues experienced by certain customers.  Public disclosure of these details could harm Google's competitive standing because its competitors could unfairly benefit from unwarranted insight into Google's internal proprietary systems and problem-solving procedures, which would enable them to unfairly compete with Google. |
| Ex. B, James Dep. at 33:5-25 | These portions of Ex. B, James Dep. were not identified as potentially sealable information in Plaintiffs' Administrative Motion to Seal but were designated as confidential by Google in its October 15 letter and should be sealed for the reasons set forth below. <br><br> Ex. B, James Dep. at 33:5-25 reveals confidential details relating to the confidential analysis undertaken by Google to ascertain the cause of microphone issues experienced by certain customers. The |

| Exhibits to Polk Decl. (Dkt. 95) | Justification for Sealing |
|---|---|
| | results of Google's confidential analysis disclose Google's research efforts and technical know-how relating to the Pixels, which is proprietary business information. Public disclosure of this confidential information would harm Google's competitive standing because its competitors would benefit from unwarranted insight into Google's product strategy, evaluation, testing methodologies, testing results, and internal problem-solving procedures, which would enable them to unfairly compete against Google. |
| Ex. B, James Dep. at 34:1-35:18, 35:24-36:3, 36:12-25. | Although Google designated Ex. B, James Dep. at 34:1-35:18, 35:24-36:3, 36:12-25 as confidential in its October 15 letter, Plaintiffs only identified Ex. B, James Dep. 34:2-3 as potentially sealable information in Plaintiffs' Administrative Motion to Seal. Google accordingly moves to seal Ex. B, James Dep. at 34:1-35:18, 35:24-36:3, 36:12-25 for the reasons set forth below. <br><br> Ex. B, James Dep. at 34:1-35:18, 35:24-36:3, 36:12-25 reveals confidential details relating to the confidential analysis undertaken by Google to ascertain the cause of microphone issues experienced by certain customers. The results of Google's confidential analysis disclose Google's research efforts and technical know-how relating to the Pixels, which is proprietary business information. Public disclosure of this confidential information would harm Google's competitive standing because its competitors would benefit from unwarranted insight into Google's product strategy, evaluation, testing methodologies, testing results, and internal problem-solving procedures, which would enable them to unfairly compete with Google. |
| Ex. B, James Dep. at 38:7-10. | Although Google designated Ex. B, James Dep. at 38:7-10 as confidential in its October 15 letter, Plaintiffs only identified Ex. B, James Dep. at 38:11-12 as potentially sealable information in Plaintiffs' Administrative Motion to Seal. Google accordingly moves to seal Ex B, James Dep. at 38:7-10 for the reasons set forth below. <br><br> Ex. B, James Dep. at 38:7-10 reveals confidential information regarding the division of Google's business units. Public disclosure of these details could harm Google's competitive standing because it would allow competitors to benefit from unwarranted access into Google's know-how and proprietary strategic business decisions, which would enable them to unfairly compete with Google. |
| Ex. B, James Dep. at 39:1-18. | These portions of Ex. B, James Dep. were not identified as potentially sealable information in Plaintiffs' Administrative Motion to Seal but were designated as confidential by Google in |

| Exhibits to Polk Decl. (Dkt. 95) | Justification for Sealing |
|---|---|
| | its October 15 letter and should be sealed for the reasons set forth below.<br><br>Ex. B, James Dep. at 39:1-18 reveals confidential details relating to the confidential analysis undertaken by Google to ascertain the cause of microphone issues experienced by certain customers. The results of Google's confidential analysis disclose Google's research efforts and technical know-how relating to the Pixels, which is proprietary business information. Public disclosure of this confidential information would harm Google's competitive standing because its competitors would benefit from unwarranted insight into Google's product strategy, evaluation, testing methodologies, testing results, and internal problem-solving procedures, which would enable them to unfairly compete with Google. |
| Ex. B, James Dep. at 40:7-41:4. | These portions of Ex. B, James Dep. were not identified as potentially sealable information in Plaintiffs' Administrative Motion to Seal but were designated as confidential by Google in its October 15 letter and should be sealed for the reasons set forth below.<br><br>Ex. B, James Dep. at 40:7-25 reveals confidential details relating to the confidential analysis undertaken by Google to ascertain the cause of microphone issues experienced by certain customers. The results of Google's confidential analysis disclose Google's research efforts and technical know-how relating to the Pixels, which is proprietary business information. Public disclosure of this confidential information would harm Google's competitive standing because its competitors would benefit from unwarranted insight into Google's product strategy, evaluation, testing methodologies, testing results, and internal problem-solving procedures, which would enable them to unfairly compete with Google. |
| Ex. B, James Dep. at 82:9-11, 14-25. | These portions of Ex. B, James Dep. were not identified as potentially sealable information in Plaintiffs' Administrative Motion to Seal but were designated as confidential by Google in its October 15 letter and should be sealed for the reasons set forth below.<br><br>Ex. B, James Dep. at 82:9-11 and 14-25 reveals confidential details relating to the confidential analysis undertaken by Google to ascertain the cause of microphone issues experienced certain customers. The results of Google's confidential analysis disclose Google's research efforts and technical know-how relating to the Pixels, which is proprietary business information. Public disclosure of this confidential information would harm Google's competitive standing because its competitors would benefit from unwarranted insight into Google's product strategy, evaluation, testing methodologies, testing results, and internal problem-solving procedures, which would enable them to unfairly compete |

| Exhibits to Polk Decl. (Dkt. 95) | Justification for Sealing |
|---|---|
| | with Google. |
| Ex. B, James Dep. at 88:2-19. | Although Google designated Ex. B, James Dep. at 88:2-19 as confidential in its October 15 letter, Plaintiffs only identified Ex. B, James Dep. 88:2-4, 88:20, and 88:24 as potentially sealable information in Plaintiffs' Administrative Motion to Seal. Google accordingly moves to seal Ex. B, James Dep. at 88:2-19 for the reasons set forth below.

Ex. B, James Dep. at 88:2-19 reveals confidential details relating to the confidential analysis undertaken by Google to ascertain the cause of microphone issues experienced by certain customers. The results of Google's confidential analysis disclose Google's research efforts and technical know-how relating to the Pixels, which is proprietary business information. Public disclosure of this confidential information would harm Google's competitive standing because its competitors would benefit from unwarranted insight into Google's product strategy, evaluation, testing methodologies, testing results, and internal problem-solving procedures, which would enable them to unfairly compete with Google. |
| Ex. B, James Dep. at 89:7-16. | These portions of Ex. B, James Dep. were not identified as potentially sealable information in Plaintiffs' Administrative Motion to Seal but were designated as confidential by Google in its October 15 letter and should be sealed for the reasons set forth below.

Ex. B, James Dep. at 89:7-16 reveals confidential details relating to the confidential analysis undertaken by Google to ascertain the cause of microphone issues experienced by certain customers. The results of Google's confidential analysis disclose Google's research efforts and technical know-how relating to the Pixels, which is proprietary business information. Public disclosure of this confidential information would harm Google's competitive standing because its competitors would benefit from unwarranted insight into Google's product strategy, evaluation, testing methodologies, testing results, and internal problem-solving procedures, which would enable them to unfairly compete with Google. |
| Ex. B, James Dep. at 93:1-2. | These portions of Ex. B, James Dep. were not identified as potentially sealable information in Plaintiffs' Administrative Motion to Seal but were designated as confidential by Google in its October 15 letter and should be sealed for the reasons set forth below.

Ex. B, James Dep. at 93:1-2 reveals confidential key strategic decisions related to marketing the Pixels. Public disclosure of this sensitive business information would harm Google's competitive standing because it would give competitors unwarranted insight |

| Exhibits to Polk Decl. (Dkt. 95) | Justification for Sealing |
|---|---|
| | into Google's marketing strategies, allowing them to unfairly benefit from Google's know-how and resources expended to launch and promote the Pixel. |
| Ex. B, James Dep. at 93:24-25, 94:6-95:1-96:8, 98:11-25 and 107:1-8. | Although Google designated Ex. B, James Dep. at 93:24-25, 94:6-95:1-96:8, 98:11-25 and 107:1-8 as confidential in its October 15 letter, Plaintiffs only identified Ex. B, James Dep. at 93:1-2, 93:7, 94:1-2, 94:14-15, 98:22-24 and 107:17-19 as potentially sealable information in Plaintiffs' Administrative Motion to Seal.  Google accordingly moves to seal Ex. B, James Dep. at 93:24-25, 94:6-95:1-96:8, 98:11-25 and 107:1-8 for the reasons set forth below.<br><br>Ex. B, James Dep. at 93:24-25, 94:6-95:1-96:8, 98:11-25 and 107:1-8 reveals confidential information about Google's internal customer service policies.  Public disclosure of this information could harm Google's competitive position because it would provide competitors unwarranted insight into Google's internal problem-solving procedures and customer service policies, which would enable competitors to unfairly benefit from Google's research, know-how and resources expended to launch the Pixels and maintain good relationships with its customers. |
| Ex. B, James Dep. at 108:17-25, 116:1-117:18 and 128:20-24. | Although Google designated Ex. B, James Dep. at 108:17-25, 116:1-117:18 and 128:20-24 as confidential in its October 15 letter, Plaintiffs only identified Ex. B, James Dep. at 108:17-18, 117:3-4, 117:17-18, 128:2, and 128:4-6 as potentially sealable information in Plaintiffs' Administrative Motion to Seal. Google accordingly moves to seal Ex. B, James Dep. at 108:17-25, 116:1-117:18 and 128:20-24 for the reasons set forth below.<br><br>Ex. B, James Dep. at 108:17-25, 116:1-117:18 and 128:20-24 reveals confidential information about Google's internal customer service policies.  Public disclosure of this information could harm Google's competitive position because it would provide competitors unwarranted insight into Google's internal problem-solving procedures and customer service policies, which would enable competitors to unfairly benefit from Google's research, know-how and resources expended to launch the Pixels and maintain good relationships with its customers. |
| Ex. B, James Dep. at 123:1-5, 7-19 and 124:4-5, 8-25. | Although Google designated Ex. B, James Dep. at 123:1-5, 7-19 and 124:4-5, 8-25 as confidential in its October 15 letter, Plaintiffs identified only Ex. B, James Dep. at 123:16-19 as potentially sealable information in Plaintiffs' Administrative Motion to Seal.  Google accordingly moves to seal Ex. B, James Dep. at 123:1-5, 7-19 and 124:4-5, 8-25 for the reasons set forth below.  Google does not seek to seal Ex. B, James Dep. at 123:16-19.<br><br>Ex. B, James Dep. at 123:1-5, 7-19 and 124:4-5, 8-25 reveals confidential details relating to the confidential analysis undertaken by Google to ascertain the cause of microphone issues experienced |

| Exhibits to Polk Decl. (Dkt. 95) | Justification for Sealing |
|---|---|
| | by certain customers, including confidential communications between Google and one of its authorized retailers. The results of Google's confidential analysis disclose Google's research efforts and technical know-how relating to the Pixels, which is proprietary business information. Public disclosure of these details could harm Google's competitive standing because its competitors could benefit from unwarranted insight into Google's product strategy, testing results and internal problem-solving procedures, which would enable them to unfairly compete with Google. |
| Ex. B, James Dep. at 131:5-25, 135:8-25. | Although Google designated Ex. B, James Dep. at 131:5-25, 135:8-25 as confidential in its October 15 letter, Plaintiffs identified only Ex. B, James Dep. at 131:10-12 and 131:18-19 as potentially sealable information in Plaintiffs' Administrative Motion to Seal. Google accordingly moves to seal Ex. B, James Dep. at 131:5-25, 135:8-25 for the reasons set forth below.<br><br>Ex. B, James Dep. at 131:5-25, 135:8-25 reveals confidential details relating to the pre-release testing performed on the Pixels. Public disclosure of these details could harm Google's competitive standing because it would provide competitors unwarranted insight into Google's product strategy and testing results, which would allow competitors to unfairly benefit from Google's know-how, research, and resources expended to launch the Pixels. |
| Ex. B, James Dep. at 135:1-3, 139:3-5, 140:4-7, 140:19-142:25, 145:6-146:11, 146:13-147:7, 148:17-25, 149:7-25, 154:7-155:24, 156:2-18, 157:7-158:25, 161:1-8, 161:19-162:2, 162:4-5, 162:7-25, 165:1-166:4, and 166:24-25. | Although Google designated Ex. B, James Dep. at 135:1-3, 139:3-5, 140:4-7, 140:19-142:25, 145:6-146:11, 146:13-147:7, 148:17-25, 149:7-25, 154:7-155:24, 156:2-18, 157:7-158:25, 161:1-8, 161:19-162:2, 162:4-5, 162:7-25, 165:1-166:4, and 166:24-25 as confidential in its October 15 letter, Plaintiffs identified only Ex. B, James Dep. at 139:16, 145:17-20, 145:24-25, 149:13-16, 149:20-21, 149:24-25, 154:21-25, 155:1-3, 155:15-18, 162:9, 165:9-10, and 166:20-22 as potentially sealable information in Plaintiffs' Administrative Motion to Seal. Google accordingly moves to seal Ex. B, James Dep. at 135:1-3, 139:3-5, 140:4-7, 140:19-142:25, 145:6-146:11, 146:13-147:7, 148:17-25, 149:7-25, 154:7-155:24, 156:2-18, 157:7-158:25, 161:1-8, 161:19-162:2, 162:4-5, 162:7-25, 165:1-166:4, and 166:24-25 for the reasons set forth below.<br><br>Ex. B, James Dep. at 135:1-3, 139:3-5, 140:4-7, 140:19-142:25, 145:6-146:11, 146:13-147:7, 148:17-25, 149:7-25, 154:7-155:24, 156:2-18, 157:7-158:25, 161:1-8, 161:19-162:2, 162:4-5, 162:7-25, 165:1-166:4, and 166:24-25 contains confidential information relating to the confidential analysis undertaken by Google to ascertain the cause of microphone issues experienced by certain customers. The results of Google's confidential analysis disclose Google's research efforts and technical know-how relating to the Pixels, which is proprietary business information. Public disclosure of these details could harm Google's competitive standing because its competitors could benefit from unwarranted insight into Google's product strategy, testing results, and internal |

-21-

| Exhibits to Polk Decl. (Dkt. 95) | Justification for Sealing |
| --- | --- |
| | problem-solving procedures, which would enable them to unfairly compete with Google. |

15.     Google does *not* seek to seal the following portions of Exhibit B to the Polk Declaration, which Plaintiffs redacted and designated as potentially sealable information in their Administrative Motion to Seal: 13:13-14; 32:14-16; 32:19-22; 37:7-8; 38:11-12; 46:12-13; 65:9; 65:20-21; 85:21-24; 86:2; 88:20; 88:24; 91:14-17; 91:19-20; 92:1-3; 92:10-11; 93:6-7; 94:1-2; 107:17-19; 128:2; 128:4-6; 139:16; 166:20-23.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 9th day of November, 2018, at San Francisco, California.


_____
                        */s/  Mara Boundy*
                        MARA BOUNDY



**EXHIBIT A**

**PERKINSCOIE**

505 Howard Street
Suite 1000
San Francisco, CA 94105-3204

T +1.415.344.7000
F +1.415.344.7050
PerkinsCoie.com

October 15, 2018

Mara Boundy
MBoundy@perkinscoie.com
D. +1.415.344.7173
F. +1.415.344.7373

**VIA E-MAIL**

Daniel C. Girard
dgirard@girardsharp.com
Jordan Elias
jelias@girardsharp.com
Adam E. Polk
apolk@girardsharp.com
Simon S. Grille
sgrille@girardsharp.com
Girard Sharp LLP
601 California Street, Suite 1400
San Francisco, CA 94108

Benjamin F. Johns
BFJ@chimicles.com
Zachary P. Beatty
ZPB@chimicles.com
Beena M. McDonald
BMM@chimicles.com
Andrew W. Ferich
AWF@chimicles.com
Chimicles & Tikellis LLP
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041

Re: ***Weeks et al. v. Google LLC*, 18-cv-00801 NC (N.D. Cal.) – Aug. 30, 2016 Deposition of Steven James as a 30(b)(6) Witness – Confidentiality Designations**

Dear Counsel:

Pursuant to Paragraph 5.2(b) of the Stipulated Protective Order entered in this case, Google designates "Confidential" or "Highly Confidential - Attorneys' Eyes Only" the following pages and lines of the August 30, 2016 Deposition of Steven James as a 30(b)(6) Witness.

| Page and line number(s) | Confidentiality designation |
|---|---|
| 28:8-25 | Confidential |
| 29 | Confidential |
| 30:1-3 | Confidential |
| 31:2-7 | Confidential |
| 33:5-25 | Confidential |
| 34 | Confidential |
| 35:1-18, 24-25 | Confidential |
| 36:1-3, 12-25 | Confidential |
| 38:7-10 | Confidential |
| 39:1-18 | Confidential |
| 40:7-25 | Highly Confidential-Attorneys' Eyes Only ("AEO") |

| Page and line number(s) | Confidentiality designation |
|---|---|
| 41:1-4 | AEO |
| 41:9-10 | Confidential |
| 42:9-13 | Confidential |
| 47:16-22, 24-25 | Confidential |
| 48 | Confidential |
| 49 | Confidential |
| 50 | Confidential |
| 57:1-20 | Confidential |
| 58:22-25 | Confidential |
| 59:1-8, 12-23 | Confidential |
| 60:19-25 | Confidential |
| 61:1-12 | Confidential |
| 62:7-11, 14-25 | Confidential |
| 66:5-7 | Confidential |
| 68:11-23 | Confidential |
| 69:16-25 | Confidential |
| 70:1-4 | Confidential |
| 71:9-24 | Confidential |
| 72:15-25 | Confidential |
| 73:1-4, 6-13, 16-17 | Confidential |
| 74:7-12, 21-23 | Confidential |
| 75:9-16 | Confidential |
| 76:6-13 | Confidential |
| 79:8-25 | Confidential |
| 80:3-25 | Confidential |
| 81:1-18 | Confidential |
| 82:9-11, 14-25 | Confidential |
| 83:5-17, 19-25 | Confidential |
| 84:1-7, 21-25 | Confidential |
| 85:1-18 | Confidential |
| 88:2-19 | Confidential |
| 89:7-16 | AEO |
| 93:1-2, 24-25 | Confidential |
| 94:6-25 | Confidential |
| 95:1-6, 10-25 | Confidential |
| 96:1-8 | Confidential |
| 98:11-25 | Confidential |
| 99:1-7, 18-25 | Confidential |
| 100 | Confidential |
| 101 | Confidential |

| Page and line number(s) | Confidentiality designation |
|---|---|
| 102:1-9, 22-25 | Confidential |
| 103 | Confidential |
| 104:1-17 | Confidential |
| 105:14-25 | Confidential |
| 106:1-14, 16-25 | Confidential |
| 107:1-8 | Confidential |
| 108:17-25 | Confidential |
| 109:1-4, 9-12 | Confidential |
| 110:4-25 | Confidential |
| 111 | Confidential |
| 112:1-11, 15-25 | Confidential |
| 113 | Confidential |
| 114 | Confidential |
| 115 | Confidential |
| 116 | Confidential |
| 117:1-18 | Confidential |
| 118:17-25 | Confidential |
| 119:1-11, 14-25 | Confidential |
| 120 | Confidential |
| 121:1-3, 7-11, 14-25 | Confidential |
| 122:1-9, 12-25 | Confidential |
| 123:1-5, 7-19 | Confidential |
| 124:4-5, 8-25 | Confidential |
| 125 | Confidential |
| 126:1, 7-18, 20-25 | Confidential |
| 127:1-2, 4-9, 11-14 | Confidential |
| 128:14-18, 20-24 | Confidential |
| 131:5-25 | AEO |
| 132:20-21 | Confidential |
| 133:17-18 | Confidential |
| 134:5-10, 23-24 | AEO (134:5-10); Confidential (134:23-24) |
| 135:1-3, 8-10, 12-16, 18-25 | Confidential (135:1-3, 20-25); AEO (135:8-10, 12-16, 18-19) |
| 136:1-23, 25 | Confidential (136:1-17); AEO (136:18-23, 25) |
| 137:1, 17-19 | AEO |
| 139:3-5 | AEO |
| 140:4-7, 19-25 | AEO |
| 141 | AEO |
| 142 | AEO |
| 143 | AEO |
| 144:1-11, 14-15 | AEO |

| Page and line number(s) | Confidentiality designation |
|---|---|
| 145:6-25 | AEO |
| 146:1-11, 13-25 | AEO |
| 147:1-7 | AEO |
| 148:17-25 | AEO |
| 149:7-25 | AEO |
| 150:1-3, 6-25 | AEO |
| 151:1-15, 20-25 | AEO |
| 152 | AEO |
| 153 | AEO |
| 154-7:25 | AEO |
| 155:1-24 | AEO |
| 156:2-18 | AEO |
| 157:7-25 | AEO |
| 158 | AEO |
| 159 | AEO |
| 160 | AEO |
| 161:1-8, 19-25 | AEO |
| 162:1-2, 4-5, 7-25 | AEO |
| 163 | AEO |
| 164:8-25 | AEO |
| 165 | AEO |
| 166:1-4, 24-25 | AEO (166:1-4); Confidential (166:24-25) |
| 167:1-24 | Confidential |
| 168:1-2 | Confidential |
| 169:2-20 | Confidential |
| 170:20-25 | Confidential |
| 171:1-15, 17:25 | Confidential |
| 172 | AEO |
| 173:1-13, 15-18, 20-21 | AEO |
| 174:4-6, 14-22 | Confidential (174:4-6, 14-17); AEO (174:18-22) |
| 175:11-17 | AEO |

Sincerely,

Mara Boundy