Bobbie J. Wilson, Bar No. 148317
*BWilson@perkinscoie.com*
Patrick S. Thompson, Bar No. 160804
*PatrickThompson@perkinscoie.com*
Mara Boundy, Bar No. 287109
*MBoundy@perkinscoie.com*
Danielle C. Pierre, Bar No. 300567
*DPierre@perkinscoie.com*
Maria Nugent, Bar No. 306074
*MNugent@perkinscoie.com*
**PERKINS COIE LLP**
505 Howard Street, Suite 1000
San Francisco, CA 94105-3204
Telephone: 415.344.7000
Facsimile: 415.344.7050

Attorneys for Defendant
GOOGLE LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

PATRICIA WEEKS, ALICIA HELMS, BRIAN MCCLOY, and ADRIAN ALCARAZ, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

GOOGLE LLC,

Defendant.

Case No. 5:18-cv-00801-NC

**ORDER GRANTING GOOGLE'S MOTION TO REMOVE INCORRECTLY FILED DOCUMENTS FROM ECF: DOCKET NOS. 93-3, 94, 94-7, 95-1, 133 AND REPLACE WITH CORRECTED, REDACTED VERSIONS**

## ORDER

Having considered Defendant Google LLC's Motion to Remove Incorrectly Filed Documents From ECF: Docket Nos. 93-3, 94, 94-7, 95-1, 133, And Replace With Corrected, Redacted Versions and the declarations of Danielle C. Pierre and Steven James in support thereof, IT IS HEREBY ORDERED THAT Defendant's Motion is GRANTED as follows:

| Plaintiffs' redacted Class Cert. Motion (Dkt. No. 93-3) | Justification for Sealing | Court's Ruling |
|---|---|---|
| Page 3:22<br><br>Page 7:7, 13, 24-26<br><br>Page 22:11<br><br>Page 22:27 | These portions of Plaintiffs' redacted Class Cert. Motion reveal proprietary information regarding Google's product-specific sales and/or return data that is not publicly available, including units sold and replaced. Public disclosure of these details could harm Google's competitive standing because its competitors could unfairly use it to undercut Google's prices, potential competitors would have an incentive to enter the market, and suppliers and retailers could gain an advantage when negotiating contracts. *See* Declaration of Steven James ISO Google's Motion to Remove Incorrectly Filed Documents ("James Decl.") at ¶ 2, 4.<br><br>Indeed, these portions of Plaintiffs' redacted Class Cert. Motion cite to, quote, or otherwise pull information from Google's Objections and Responses to Plaintiffs' Prioritized Requests, which Google has designated as "Highly Confidential - Attorneys' Eyes Only" pursuant to the parties' Stipulated Protective Order, because of the competitively-sensitive nature of the information. Google seeks to seal the priority responses as described below in paragraph 16. | Permanently remove the document from ECF and replace with proposed redactions |

1. The following portions of Plaintiffs' Motion for Class Certification [Dkt. No. 94] are confidential, competitively sensitive, and should be sealed for the reasons set forth in below:

| Plaintiffs' Class Cert. Motion (Dkt. No. 94) | Justification for Sealing | Court's Ruling |
|---|---|---|
| Page 3:22<br><br>Page 7:7, 13, 24-26<br><br>Page 22:11 | These portions of Plaintiffs' redacted Class Cert. Motion reveal proprietary information regarding Google's product-specific sales and/or return data that is not publicly available, including units sold and replaced. Public disclosure of these details could harm Google's competitive standing because its | Permanently remove the document from ECF and replace with proposed redactions |

| | | |
|---|---|---|
| Page 22:27 | competitors could unfairly use it to undercut Google's prices, potential competitors would have an incentive to enter the market, and suppliers and retailers could gain an advantage when negotiating contracts. *See* James Decl. at ¶ 2, 4.<br><br>Indeed, these portions of Plaintiffs' redacted Class Cert. Motion cite to, quote, or otherwise pull information from Google's Objections and Responses to Plaintiffs' Prioritized Requests, which Google has designated as "Highly Confidential - Attorneys' Eyes Only" pursuant to the parties' Stipulated Protective Order, because of the competitively-sensitive nature of the information. Google seeks to seal the priority responses as described below in paragraph 16. | |

2. The following portions of the Boedeker Report [Dkt. No. 94-7] are confidential, competitively sensitive, and should be sealed for the reasons set forth below:

| **Boedeker Report (Dkt. 94-7)** | **Justification for Sealing** | **Court's Ruling** |
|---|---|---|
| Redacted portions of page 3, ¶ 9. | These portions of the Boedeker Report reveal proprietary information regarding Google's product-specific sales and/or return data that is not publicly available, including units sold and replaced. Public disclosure of these details could harm Google's competitive standing because its competitors could unfairly use it to undercut Google's prices, potential competitors would have an incentive to enter the market, and suppliers and retailers could gain an advantage when negotiating contracts. *See* James Decl. at ¶ 2, 4.<br><br>Indeed, these portions of the Boedeker Report cite to, quote, or otherwise pull information from Google's Objections and Responses to Plaintiffs' Prioritized Requests, which Google has designated as "Highly Confidential - Attorneys' Eyes Only" pursuant to the parties' Stipulated Protective Order, because of the competitively-sensitive nature of the information. Google seeks to seal the priority responses as described below in paragraph 16. | Permanently remove the document from ECF and replace with proposed redactions |
| Redacted portions of page 3, n. 3. | These portions of the Boedeker Report reveal proprietary information regarding Google's product-specific sales and/or return data that is not publicly | Permanently remove the document from |

| **Boedeker Report (Dkt. 94-7)** | **Justification for Sealing** | **Court's Ruling** |
|---|---|---|
| | available, including units sold and replaced. Public disclosure of these details could harm Google's competitive standing because its competitors could unfairly use it to undercut Google's prices, potential competitors would have an incentive to enter the market, and suppliers and retailers could gain an advantage when negotiating contracts. *See* James Decl. at ¶ 2, 4.<br><br>Indeed, these portions of the Boedeker Report cite to, quote, or otherwise pull information from Google's Objections and Responses to Plaintiffs' Prioritized Requests, which Google has designated as "Highly Confidential - Attorneys' Eyes Only" pursuant to the parties' Stipulated Protective Order, because of the competitively-sensitive nature of the information. Google seeks to seal the priority responses as described below in paragraph 16. | ECF and replace with proposed redactions |

3. Exhibit A to the Polk Declaration submitted in support of Plaintiffs' Class Cert. Motion [Dkt. No. 95-1] is confidential, competitively sensitive, and should be sealed for the reasons set forth below:

| **Exhibits to Polk Decl. (Dkt. 95)** | **Justification for Sealing** | **Court's Ruling** |
|---|---|---|
| Exhibit A (Dkt. 95-1 at 2-11) | Exhibit A reveals proprietary information regarding Google's product-specific sales and/or return data that is not publicly available, including units sold and replaced, and strategic decisions relating to Google's customer service and business practices, including confidential strategic decisions relating to the processing of warranty claims. Public disclosure of these details could harm Google's competitive standing because its competitors could unfairly use it to undercut Google's prices, potential competitors would have an incentive to enter the market, and suppliers and retailers could gain an advantage when negotiating contracts. *See* James Decl. at ¶ 2-4.<br><br>Indeed, Google has designated its Objections and Responses to Plaintiffs' Prioritized Requests as<br><br>"Highly Confidential - Attorneys' Eyes Only" | Permanently remove the document from ECF and replace with proposed redactions |

| Exhibits to Polk Decl. (Dkt. 95) | Justification for Sealing | Court's Ruling |
|---|---|---|
| | pursuant to the parties' Stipulated Protective Order, because of the competitively-sensitive nature of the information. | |

4. The following portions of Google's Opposition to Plaintiffs' Motion for Class Certification [Dkt. No. 133] are confidential, competitively sensitive, and should be sealed for the reasons set forth below:

| Google's Opp. to Plaintiffs' Class Cert. Motion (Dkt. No. 133) | Justification for Sealing | Court's Ruling |
|---|---|---|
| Page 2:22-23, 25<br><br>Page 18:25 | These portions of Google's Opposition to Plaintiffs' Class Cert. Motion reveal proprietary information regarding Google's product-specific sales and/or return data that is not publicly available, including units sold and replaced. Public disclosure of these details could harm Google's competitive standing because its competitors could unfairly use it to undercut Google's prices, potential competitors would have an incentive to enter the market, and suppliers and retailers could gain an advantage when negotiating contracts. *See* James Decl. at ¶ 2, 4.<br><br>Indeed, these portions of Plaintiffs' redacted Class Cert. Motion cite to, quote, or otherwise pull information from Google's Objections and Responses to Plaintiffs' Prioritized Requests, which Google has designated as "Highly Confidential - Attorneys' Eyes Only" pursuant to the parties' Stipulated Protective Order, because of the competitively-sensitive nature of the information. Google seeks to seal the priority responses as described above in paragraph 16. | Permanently remove the document from ECF and replace with proposed redactions |

Dated: May 2, 2019 By:______________________

NATHANAEL M. COUSINS
United States Magistrate Judge

