Bobbie J. Wilson, Bar No. 148317
*BWilson@perkinscoie.com*
Patrick S. Thompson, Bar No. 160804
*PatrickThompson@perkinscoie.com*
Mara Boundy, Bar No. 287109
*MBoundy@perkinscoie.com*
Danielle C. Pierre, Bar No. 300567
*DPierre@perkinscoie.com*
Maria Nugent, Bar No. 306074
*MNugent@perkinscoie.com*
**PERKINS COIE LLP**
505 Howard Street, Suite 1000
San Francisco, CA  94105-3204
Telephone:  415.344.7000
Facsimile:  415.344.7050

Attorneys for Defendant
GOOGLE LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| PATRICIA WEEKS, ALICIA HELMS, BRIAN MCCLOY, and ADRIAN ALCARAZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:18-cv-00801-NC<br><br>**ORDER GRANTING ERRATA TO GOOGLE'S MOTION TO REMOVE INCORRECTLY FILED DOCUMENTS FROM ECF AND REPLACE WITH CORRECTED, REDACTED VERSIONS** |

**ORDER**

Having considered the Errata to Defendant Google LLC's Motion to Remove Incorrectly Filed Documents From ECF And Replace With Corrected, Redacted Versions and the declarations of Danielle C. Pierre (Dkt. No. 149-1) and Steven James in support thereof (Dkt. No. 149-2), IT IS HEREBY ORDERED THAT Defendant's Motion is GRANTED as follows:

1. Exhibit 13 to the Declaration of Bobbie Wilson ISO Google's Opp. to Plaintiffs' Class Cert. Motion (Dkt. No 133-2)

| Exhibit 13 to the Declaration of Bobbie Wilson ISO Google's Opp. to Plaintiffs' Class Cert. Motion (Dkt. No 133-2) | Justification for Sealing | Court's Ruling |
|---|---|---|
| Exhibit 13 (Dkt. No. 133-2 at 124-133 | Exhibit 13 reveals proprietary information regarding Google's product-specific sales and/or return data that is not publicly available, including units sold and replaced, and strategic decisions relating to Google's customer service and business practices, including confidential strategic decisions relating to the processing of warranty claims.  Public disclosure of these details could harm Google's competitive standing because its competitors could unfairly use it to undercut Google's prices, potential competitors would have an incentive to enter the market, and suppliers and retailers could gain an advantage when negotiating contracts.  See James Decl. at ¶ 2-4.<br><br>Indeed, Google has designated its Objections and Responses to Plaintiffs' Prioritized Requests as "Highly Confidential - Attorneys' Eyes Only" pursuant to the parties' Stipulated Protective Order, because of the competitively-sensitive nature of the information. | Permanently remove the document from ECF and replace with proposed redactions |

2. Exhibit 6 to Plaintiffs' Administrative Motion to Seal (Dkt. No 93-6):

| Exhibit 6 to Plaintiffs' Administrative Motion to Seal (Dkt. No 93-6) | Justification for Sealing | Court's Ruling |
|---|---|---|

| | | |
|---|---|---|
| Page 41:5, 13, 20<br><br>Page 44:3, 13, 14, 20<br><br>Page 44:13<br><br>Page 65: 4, 6, 9, 22<br><br>Page 92:13<br><br>Page 107:16-17<br><br>Page 128:2 | These portions of the 30(B)(6) deposition of Steven James reveal proprietary information regarding Google's product-specific sales and/or return data that is not publicly available, including units sold and replaced, and strategic decisions relating to Google's customer service and business practices, including confidential strategic decisions relating to the processing of warranty claims. Public disclosure of these details could harm Google's competitive standing because its competitors could unfairly use it to undercut Google's prices, potential competitors would have an incentive to enter the market, and suppliers and retailers could gain an advantage when negotiating contracts. See James Decl. at ¶ 2-4.<br><br>Indeed, these portions of the 30(B)(6) deposition of Steven James cite to, quote, or otherwise pull information from Google's Objections and Responses to Plaintiffs' Prioritized Requests, which Google has designated as "Highly Confidential - Attorneys' Eyes Only" pursuant to the parties' Stipulated Protective Order, because of the competitively-sensitive nature of the information. Google seeks to seal the priority responses as described in the Pierre Decl. (Dkt. No. 149-1) at paragraph 16. | File the public version of this document with these additional proposed redactions in the ECF system by May 21 in accordance with this Court's May 7, 2019 Order granting in part and denying in part Administrative Motions to File Under Seal. Dkt. No. 151. |

3. Exhibit 5 to Google's Administrative Motion to Seal (Dkt. No 130-5):

| **Exhibit 5 to Google's Administrative Motion to Seal (Dkt. No 130-5)** | **Justification for Sealing** | **Court's Ruling** |
|---|---|---|
| Page 92:13 | These portions of the 30(B)(6) deposition of Steven James reveal proprietary information regarding Google's product-specific sales and/or return data that is not publicly available, including units sold and replaced, and strategic decisions relating to Google's customer service and business practices, including confidential strategic decisions relating to the processing of warranty claims. Public disclosure of these details could harm Google's competitive standing because its competitors could unfairly use it to undercut Google's prices, potential competitors would have an incentive to enter the market, and suppliers and retailers could gain an advantage when negotiating contracts. See James Decl. (Dkt. No. 149-2) at ¶ 2-4. | Permanently remove the document from ECF and replace with proposed redactions |

| **Exhibit 5 to Google's Administrative Motion to Seal (Dkt. No 130-5)** | **Justification for Sealing** | **Court's Ruling** |
|---|---|---|
| | Indeed, these portions of the 30(B)(6) deposition of Steven James cite to, quote, or otherwise pull information from Google's Objections and Responses to Plaintiffs' Prioritized Requests, which Google has designated as "Highly Confidential - Attorneys' Eyes Only" pursuant to the parties' Stipulated Protective Order, because of the competitively-sensitive nature of the information.  Google seeks to seal the priority responses as described in the Pierre Decl. (Dkt. No. 149-1) at paragraph 16. | |

Dated: May 8, 2019                     By: _____
                                            NATHANAEL M. COUSINS
                                            United States Magistrate Judge

