EXHIBIT A

## SETTLEMENT AGREEMENT
### *Weeks v. Google LLC*
### United States District Court
### Northern District of California
### Case No. 5:18-cv-00801-NC

### PREAMBLE

This Class Action Settlement Agreement ("Settlement Agreement," "Settlement" or "Agreement") is entered into by and among Plaintiffs Patricia Weeks, Alicia Helms, Brian McCloy, and Adrian Alcaraz (collectively, "Plaintiffs"), the Settlement Class (as defined in §

1.43), and Defendant Google LLC, a Delaware corporation with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California ("Google" or "Defendant") (Plaintiffs, the Settlement Class, Google are referred to singularly as a "Party" or collectively as the "Parties"). This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined in § 1.35) on the terms and conditions of this Agreement. It is subject to the final approval of the United States District Court for the Northern District of California (the "Court").

### RECITALS

The following recitals are incorporated by reference and are considered part of the Settlement Agreement:

A.    This putative class action was filed in the United States District Court for the Northern District of California under the caption *Weeks v. Google LLC*, No. 5:18-cv-00801-NC and arises from the allegation that Google's first-generation Pixel and Pixel XL smartphones manufactured prior to January 4, 2017 were sold with a latent defect.

B.    In their initial complaint, filed February 6, 2018, Plaintiffs Patricia Weeks and Waleed Anbar alleged claims for breach of express warranty; breach of the implied covenant of

1

good faith and fair dealing; breach of the implied warranty of merchantability; violations of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq.*; violations of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL"); violations of the Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.* ("CLRA"); and fraudulent concealment. Dkt. No. 1.

        C.      On April 11, 2018, Plaintiffs Patricia Weeks, Roberto Suarez, Alicia Helms, and Brian McCloy filed the First Amended Complaint ("FAC") and alleged claims for breach of express warranty; breach of the implied covenant of good faith and fair dealing; breach of the implied warranty of merchantability; violations of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq.*; violations of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL"); violations of the Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.* ("CLRA"); and fraudulent concealment. Dkt. No. 26.

        D.      On May 10, Google moved to dismiss these allegations.  Dkt. No. 42.

        E.      On May 17, the Court appointed Girard Sharp LLP and Chimicles Schwartz Kriner & Donaldson-Smith LLP as interim co-lead class counsel.  Dkt. No. 46.

        F.      On June 6, Plaintiffs filed their brief in opposition to Google's motion to dismiss. Dkt. No. 51.

        G.      On June 19, pursuant to the agreement of the Parties, the Court referred the case to Magistrate Judge Ryu for a settlement conference, which the Court recommended should be scheduled by November 5, 2018.  Dkt. No. 53.

        H.      On June 25, Magistrate Judge Ryu, set a settlement conference for September 11, 2018.  Dkt. No. 56

I.     On August 13, the Parties participated in a telephonic meeting with Judge Ryu to prepare for the settlement conference.  Dkt. No. 61.

J.     On August 16, the Court granted-in-part and denied-in-part Google's motion to dismiss the FAC, with leave to amend consistent with the Court's order.  Dkt. No. 66.

K.     On August 31, Plaintiffs sent Google a settlement demand and a proposed term sheet setting forth all of the material terms associated with Plaintiffs' proposed resolution for this matter.

L.     On September 4, the Parties submitted confidential settlement briefs to Magistrate Judge Ryu in advance of the settlement conference.

M.     On September 7, Magistrate Judge Ryu held pre-settlement conference calls and, after consulting with the Parties, vacated the September 11 settlement conference and set a planning call for the same date.  Dkt. No. 75

N.     On September 11, the Parties participated in a planning call with Magistrate Judge Ryu and agreed to continue the settlement conference to January 25, 2019.  Dkt. No. 79.

O.     On September 20, the Court granted Plaintiffs' motion for leave to amend their complaint to add Adrian Alcaraz as an additional named plaintiff.  Dkt. Nos. 72, 81-82.

P.     On September 24, Plaintiffs filed the operative Second Amended Class Action Complaint ("SAC"), and alleged claims for breach of the implied covenant of good faith and fair dealing; violations of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL"); violations of the Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.* ("CLRA"); and fraudulent concealment. Dkt. No. 83.

Q.     On October 15, Google filed an Answer to Plaintiffs' SAC.  Dkt. No. 89.

R.      On November 5, Plaintiffs filed their Motion for Class Certification and accompanying expert reports.  Dkt. No. 94.

S.      On January 8, 2019, pursuant to Google's unopposed request, Magistrate Ryu continued the Parties' settlement conference to February 22, 2019.  Dkt. Nos. 116-17.

T.      On January 23, Google filed its Opposition to Plaintiffs' Motion for Class Certification and accompanying expert reports.  Dkt. Nos. 130-33.

U.      Throughout the pendency of the Action, the parties engaged in significant discovery into the claims and defenses, including Plaintiffs' review and analysis of over 350,000 pages of documents produced by Google, over 100,000 pages of documents produced by non-parties, interrogatories exchanged by both Parties, depositions of all of the named plaintiffs, depositions of Plaintiffs' experts, depositions of 10 Google employees, including a Rule 30(b)(6) designee, the deposition of non-party Verizon, and review of document productions from eight non-party resellers, repair companies, and electronics manufacturers.

V.      On February 22, the parties participated in a settlement conference with Magistrate Judge Donna Ryu at the Oakland courthouse for the Northern District of California. Dkt. No. 117.  At the settlement conference, the parties reached an agreement in principle regarding the monetary terms of a settlement, which the parties confirmed on February 25.  Dkt. No. 141.

W.      On March 8, the Parties executed a term sheet setting forth the material deal points associated with resolution of this case.

X.      The Parties have concluded that continued litigation would be risky, protracted and expensive, with an uncertain outcome, and that it is desirable that this action be fully and finally settled in the manner and upon the terms set forth in this Settlement Agreement.

**IT IS THEREFORE HEREBY STIPULATED AND AGREED** by and among Plaintiffs, the Settlement Class, and Google, by and through their respective counsel, that, subject to final approval of the Court after a hearing as provided for in this Agreement, or as otherwise ordered by the Court, and in consideration of the benefits flowing to the Parties from the Agreement, that the Action and the Released Claims shall be fully and finally compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions set forth in this Agreement.

## AGREEMENT

1.  **Definitions**

    As used in this Settlement Agreement, the following terms have the special meanings below:

    1.1    "Action" means the case entitled *Weeks v. Google LLC*, No. 5:18-cv-00801-NC, pending in the United States District Court for the Northern District of California.

    1.2    "Affiliates," with respect to a party, means (i) all entities now or in the future controlling, controlled by or under common control with that party; (ii) all entities in the past controlling, controlled by or under common control with that party, for the period of time that such control exists or existed; and (iii) predecessors, successors or successors in interest thereof, including all entities formed or acquired by that party in the future that come to be controlled by that party.  For purposes of this definition, "control" means possession directly or indirectly of the power to direct or cause the direction of management or policies of a company or entity through the ownership of voting securities, contract, or otherwise, and "entities" includes all persons, companies, partnerships, corporations, associations, organizations, and other entities.

1.3    "Audio Defect" means a problem with the microphones or speakers on a Pixel manufactured before January 4, 2017.

1.4    "Claim" means a Settlement Class Member's written submission that may, if valid, entitle the Settlement Class Member to a Settlement Payment.

1.5    "Claimant" means a Settlement Class Member who has submitted a Claim that the Settlement Administrator has determined is valid and timely in accordance with the claims process described in § 3.

1.6    "Claim Form" means the document Settlement Class Members submit to make a Claim pursuant to this Agreement. The Claim Form will be available online at the Settlement Website, and the contents of the Claim Form will be approved by the Court.

1.7    "Claims Deadline" means the date by which Settlement Class Members must submit all Claims Forms for the Claim to be timely. The Claims Deadline shall be 60 days after the Notice Date and shall be clearly stated in the Notice and on the Claim Form.

1.8    "Class Counsel" means Daniel C. Girard, Jordan Elias, Adam E. Polk, and Simon S. Grille of the law firm of Girard Sharp LLP, and Benjamin F. Johns, Andrew W. Ferich, and Beena M. McDonald of the law firm of Chimicles Schwartz Kriner & Donaldson-Smith LLP.

1.9    "Class Representative(s)" means the named Plaintiffs in this Action: Patricia Weeks, Alicia Helms, Brian McCloy, and Adrian Alcaraz.

1.10    "Court" means the United States District Court for the Northern District of California, the Hon. Nathanael Cousins presiding, or any judge who succeeds him as the judge in this Action.

1.11    "Cy Pres Recipient" means National Consumer Law Center or such other recipients as the Court may approve.

1.12    "Google's Counsel" or "Defendant's Counsel" means Bobbie J. Wilson, Patrick S. Thompson, Sunita Bali, Mara Boundy, Danielle C. Pierre, and Maria Nugent of the law firm Perkins Coie LLP.

1.13    "Distribution Date" means the date that Settlement Payments are distributed to Claimants. The Distribution Date shall be no more than 30 days following the Effective Date.

1.14    "Effective Date" means the first business day after both of the following conditions have occurred:

(a)    Class Counsel and Google's Counsel have executed this Settlement Agreement.

(b)    The Final Approval Order has become a final, non-appealable judgment approving the Settlement Agreement in all respects and is no longer subject to review, reconsideration, rehearing, appeal, petition for permission to appeal, petition for a writ of certiorari, or any other appellate review of any kind

1.15    "Electronic Payment" means payment via an electronic payment option to be selected by Claimants on the Claim Form.  The electronic payment options are transfer via PayPal, Zelle, or electronic transfer of funds between banks through the Automated Clearing House ("ACH") network.

1.16    "Email Notice" means the notice of the Settlement that is emailed to Settlement Class Members, providing a link to the Claim Form, a link to the Settlement Website, and contact information for the Settlement Administrator.

1.17    "Escrow Agent" means Kurtzman Carson Consultants LLC ("KCC"), or other neutral third party agreed to by the Parties.

1.18    "Exclusion List" means the list of all persons and entities who have timely and validly excluded themselves from the Settlement.

1.19    "Fee, Cost, and Expense Award" means the amount of attorneys' fees and reimbursement of costs and expenses awarded to Class Counsel by the Court from the Settlement Fund.

1.20    "Final Approval Order" means the final judgment and order to be entered by the Court, following the Final Fairness Hearing, which approves the Settlement and sets the amounts of the Fee, Cost, and Expense Award and the Service Awards.

1.21    "Final Fairness Hearing" means the Court hearing where the Plaintiffs will request that the Final Approval Order be entered approving this Agreement, and where Class Counsel will request that the Court approve the Fee, Cost, and Expense Award and the Service Awards. The Final Fairness Hearing must occur at least 60 days after the Objection and Exclusion Deadline, on such date as set by the Court.

1.22    "Net Settlement Fund" means the Settlement Fund, reduced by the sum of the following amounts: Notice and Administrative Costs, any Service Awards, and any Fee, Cost, and Expense Award.

1.23    "Pixel" means the first generation Pixel and Pixel XL smartphones.

1.24    "Notice" means the notice of this proposed Settlement Agreement and of the Final Fairness Hearing, which will be disseminated to Settlement Class Members in accordance with the terms of this Agreement.

1.25    "Notice and Administrative Costs" means all costs and expenses actually incurred by the Settlement Administrator in the dissemination of Notice; the establishment of the Settlement Website; the administrative processing, handling, review, and payment of Claims;

8

and all other expenses reasonably necessary for effective Notice and administration of the Settlement pursuant to the Preliminary Approval order.

1.26   "Notice Date" means the date on which Notice to Settlement Class Members is substantially complete. The Notice Date shall be as soon as reasonably practicable, but no later than 60 days following Preliminary Approval.

1.27   "Objection" means the written notice that a Settlement Class Member may submit to the Court in order to object to the Settlement.

1.28   "Objection and Exclusion Deadline" means the date by which a Settlement Class Member must submit an Objection to this Agreement or an Opt-Out Form to the Settlement Administrator. The Objection and Exclusion Deadline shall be 60 days after the Notice Date.

1.29   "Objector" means a person or entity who submits an Objection.

1.30   "Opt-Out Form" means the form provided by the Settlement Administrator that Settlement Class Members must use to request exclusion from the Settlement.

1.31   "Plan of Allocation" means the plan for allocating the Net Settlement Fund set forth in **Exhibit 1** hereto, or such other plan for allocating the Net Settlement Fund as may be approved by the Court, subject to Section 7.6.  Any exhibits to this Agreement, including the Plan of Allocation set forth in Exhibit 1, are part of and are incorporated by reference into this Agreement.

1.32   "Preliminary Approval" means the Court's order finding that the notice to the Settlement Class is justified by the Parties' showing that the Court will likely be able to approve the Settlement under FED. R. CIV. P. 23(e)(2) and certify the Settlement Class for purposes of judgment on the proposal.

1.33    "PST" means Pacific Standard Time. If a deadline with a time stated in PST occurs when Daylight Saving Time is in effect, this deadline's time will instead be governed by Pacific Daylight Time ("PDT").

1.34    "Rejected Claimant" means a person or entity who submitted a Claim that the Settlement Administrator deemed invalid or untimely.

1.35    "Released Claims" means any and all claims, complaints, demands, damages, debts, liabilities, actions, proceedings, remedies, causes of actions or suits, known or unknown, of whatever kind or nature, including but not limited to whether in law or in equity, under contract, tort or any other subject area, or under any statute, rule, regulation, order, or law, asserted or not asserted, arising out of or related to the Action or the subject matter of the Action, including but not limited to the claims or matters that have been asserted or could have been asserted in the Action relating to the Pixel by Plaintiffs or any of Plaintiffs' Affiliates or any of the Releasing Class Members.

1.36    "Releasee" means (i) Defendant Google LLC, all of Google's current or former directors, officers, members, administrators, agents, insurers, beneficiaries, trustees, employee benefit plans, representatives, servants, employees, attorneys, parents, subsidiaries, Affiliates, divisions, branches, units, shareholders, investors, contractors, successors, joint venturers, predecessors, related entities, and assigns, all other individuals and entities acting on Google's behalf, and (ii) Google North America Inc. (a subsidiary of Google), as well as all of Google North America Inc.'s current or former directors, officers, members, administrators, agents, insurers, beneficiaries, trustees, employee benefit plans, representatives, servants, employees, attorneys, parents, subsidiaries, Affiliates, divisions, branches, units, shareholders, investors,

contractors, successors, joint ventures, predecessors, related entities, and assigns, all other individuals and entities acting on Google North America Inc.'s behalf.

1.37   "Releasing Class Members" means all Settlement Class Members, except those who appear on the Exclusion List, and each of their respective current or former directors, officers, trustees, beneficiaries, insurers, predecessors, successors, assigns, legatees, heirs, partners, agents, personal representatives, and all other individuals or entities acting on a Releasing Class Member's behalf.

1.38   "Releasing Named Plaintiffs" means the named Plaintiffs in this Action: Patricia Weeks, Alicia Helms, Brian McCloy, and Adrian Alcaraz, on behalf of themselves and each of their respective insurers, predecessors, successors, assigns, legatees, heirs, attorneys, agents, personal representatives, and all other individuals or entities acting on the Plaintiff's behalf.

1.39   "Residual Settlement Payment" means the amount the Cy Pres Recipient identified in § 1.11 shall receive from the Net Settlement Fund if any funds remain after Settlement Payments are made.

1.40   "Service Award" means the award sought by each Class Representative in consideration for his or her service during the course of the Action and subsequently approved by the Court. Any such Service Award is separate and apart from any Settlement Payments the Class Representative may receive as a result of submitting a Claim as a Settlement Class Member.

1.41   "Settlement Administrator" or "Claims Administrator" means KCC or such other firm as the Court shall appoint to provide Notice and Claims administration services in connection with the Settlement Agreement.

1.42    "Settlement Amount" means Seven Million Two Hundred Fifty Thousand Dollars ($7,250,000), which shall be paid to the Escrow Agent by Google, as detailed in § 2, below, and as follows:

1.42.1 The "Advance" means the payment of Two Hundred Fifty Thousand Dollars ($250,000) to be paid within 30 business days after the entry of the Preliminary Approval Order; and

1.42.2 The "Balance" means the payment of Seven Million Dollars ($7,000,000) to be paid within 30 business days after the entry of the Final Approval Order.

1.43    "Settlement Class" all individuals in the United States who purchased a new Pixel, other than for resale, manufactured before January 4, 2017. Excluded from the Settlement Class are (a) Google, and its officers, directors, employees, subsidiaries, and Affiliates; (b) all judges assigned to this case and any members of their immediate families; (c) the parties' counsel in this litigation; and (d) all individuals who returned a Pixel manufactured before January 4, 2017 to Google or Verizon and received as a replacement a new Pixel manufactured after January 3, 2017 or a refurbished Pixel after June 5, 2017, as determined by Google's records.

1.44    "Settlement Class Members" means members of the Settlement Class.

1.45    "Settlement Class Period" means the period from October 4, 2016 through the date the Court grants Preliminary Approval of this Settlement.

1.46    "Settlement Fund" means a cash fund of $7,250,000 to be paid by Google in accordance with the terms of this Settlement Agreement.

1.47    "Settlement Payment" means the amount a Claimant shall receive from the Net Settlement Fund in accordance with the Plan of Allocation.

12

1.48     "Settlement Website" means a website created and maintained by the Settlement Administrator for the purpose of providing the Settlement Class with Notice of the proposed Settlement. This website will allow Settlement Class Members to submit Claims, update their contact information and payment method, and opt-out of the Agreement.

1.49     "Supplemental Settlement Agreement" means an agreement signed by the Parties, which provides Defendant the option to withdraw from the Settlement if an agreed upon number of Settlement Class Members who exclude themselves from the Class is exceeded, which number shall be submitted to the Court *in camera* or under seal, and kept confidential by the Parties unless the Court orders otherwise.

1.50     "Valid Claim" means a Settlement Class Member's written Claim that the Settlement Administrator has deemed valid and timely and accepted for Settlement Payment.

1.51     "Website Notice" means the formal legal notice of the proposed Settlement terms that will be hosted on the Settlement Website, as approved by Class Counsel, Google's Counsel, and the Court.

2.     **Settlement Relief**

2.1     Settlement Fund. Google's total financial commitment under this Agreement shall be $7,250,000.00. Within 30 business days after the entry of the Preliminary Approval Order, Google shall pay, or cause to be paid, the Advance by check or wire transfer to the Escrow Agent in accordance with the instructions to be provided by the Escrow Agent as necessary to make payments for initial Notice and Administrative Costs. Within 30 business days after the entry of the Final Approval Order, Google shall pay or cause to be paid, the Balance in accordance with the instructions to be provided by the Escrow Agent.  The Settlement Amount may be paid by wire transfer, by delivering to the Escrow Agent a check or checks payable to the Settlement

Fund, by any combination of those methods, or in any other manner agreed upon by Plaintiffs and Google. Within seven (7) days of execution of this Agreement, the Escrow Agent will furnish to Google's Counsel adequate payment instructions consisting of wire transfer instructions, instructions for payment by check, and a completed IRS form W-9 for the Settlement Amount, including an address and tax ID number. The interest from this escrow account will accrue to the benefit of the Settlement Class if the Court grants final approval of the Agreement.  But, if the Court does not grant final approval of the Agreement, the interest and payment will be returned to Google less the portion of the amount applied to provide Notice to the Settlement Class.

2.2     Escrow.  The Escrow Agent will place the Settlement Fund in an interest-bearing account (the "Account") created by order of the Court intended to constitute a "qualified settlement fund" ("QSF") within the meaning of Section 1.468B-1 of the Treasury Regulations ("Treasury Regulations") promulgated under the U.S. Internal Revenue Code of 1986, as amended (the "Code"). Google shall be the "transferor" to the QSF within the meaning of Section 1.468B-1(d)(1) of the Treasury Regulations with respect to the Settlement Fund or any other amount transferred to the QSF pursuant to this Settlement Agreement. The Settlement Administrator shall be the "administrator" of the QSF within the meaning of Section 1.468B-2(k)(3) of the Treasury Regulations, responsible for causing the filing of all tax returns required to be filed by or with respect to the QSF, paying from the QSF any taxes owed by or with respect to the QSF, and complying with any applicable information reporting or tax withholding requirements imposed by Section 1.468B-2($l$)(2) of the Treasury Regulations or any other applicable law on or with respect to the QSF. Google and the Settlement Administrator shall reasonably cooperate in providing any statements or making any elections or filings necessary or

14

required by applicable law for satisfying the requirements for qualification as a QSF, including any relation-back election within the meaning of Section 1.468B-1(j) of the Treasury Regulations.

2.2.1   Google, Google's Counsel, and Releasees shall have no liability, obligation or responsibility with respect to the investment, disbursement, or other administration or oversight of the Settlement Fund or QSF and shall have no liability, obligation or responsibility with respect to any liability, obligation or responsibility of the Escrow Agent or Settlement Administrator, including but not limited to, liabilities, obligations or responsibilities arising in connection with the investment, disbursement or other administration of the Settlement Fund and QSF.

2.2.2   Google's transfers of their respective contributions to the Settlement Fund to the Escrow Agent shall constitute full and complete satisfaction of their obligations under this Agreement. Following Google's transfers of its contributions to the Settlement Fund, neither it nor any Releasee shall have any liabilities, obligations or responsibilities with respect to the payment, disbursement, disposition or distribution of the Settlement Fund. Settlement Class Members shall look solely to the Settlement Fund for settlement and satisfaction against Google and any Releasees of all claims that are released herein; Fee, Cost, and Expense Award; Notice and Administrative Costs; all Service Awards; and all administrative or other costs and expenses arising out of or related to the Action or the Settlement. Settlement Class Members shall not under any circumstances be entitled to any further payment from Google or any Releasees with respect to the Released Claims, the Action or the Settlement. In the event that the Settlement Agreement becomes final and effective, payment of the Settlement Fund will fully satisfy any

and all Released Claims. Except as provided by order of the Court, no Settlement Class Member shall have any interest in the Settlement Fund or any portion thereof.

2.3     All funds in the escrow account shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Agreement and/or further order(s) of the Court.

2.4     Taxes.  Notwithstanding any effort, or failure, of the Settlement Administrator or the Parties to treat the Account as a QSF, any tax liability, together with any interest or penalties imposed thereon, incurred by Google or any Releasees resulting from income earned on the Settlement Fund or the Account or payments made from the Account (or the receipt of any payment under this paragraph) shall be reimbursed from the Account in the amount of such tax liability, interest or penalties promptly upon and in no event later than five (5) days after any Defendant's or any Releasee's written request to the Settlement Administrator.

2.4.1   For avoidance of doubt, neither Google nor any Releasees nor Class Counsel shall have any liability, obligation or responsibility whatsoever for tax obligations arising from payments to any Claimant, or based on the activities and income of the QSF. In addition, neither Google nor any Releasees shall have any liability, obligation or responsibility whatsoever for tax obligations arising from payments to Class Counsel. The QSF will be solely responsible for its tax obligations. Each Claimant will be solely responsible for his or her tax obligations. Each Class Counsel attorney or firm will be solely responsible for his, her, or its tax obligations.

2.5     Disposition of the Settlement Fund. The Settlement Fund shall be applied as follows:

(i)      to pay all Notice and Administrative Costs;

(ii)     to pay the taxes described herein;

16

(iii)    after entry of the Final Approval Order, to pay the Fee, Cost, and Expense Award, and any Service Awards; and

(iv)    after the Effective Date, to distribute the Net Settlement Fund to Claimants in accordance with the Final Approval Order or any subsequent order of the Court.

2.6    Settlement Payments to Settlement Class Members.  After the Effective Date, Settlement Payments shall be made from the Net Settlement Fund to Settlement Class Members who submit Valid Claims in accordance with the Plan of Allocation.

2.7    Google shall have no liability whatsoever with respect to: (i) any act, omission, or determination by Class Counsel, the Escrow Agent, or the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, or calculation of claims to be paid to Claimants from the Settlement Fund; or (v) the payment or withholding of taxes or related expenses, or any expenses or losses incurred in connection therewith.  No person shall have any claim of any kind against Google with respect to the matters set forth in §§ 2.5 and 2.6 hereof; and the Settlement Class Members, Class Representatives, and Class Counsel release Google from any and all liability and claims arising from or with respect to the administration, investment or distribution of the Settlement Fund.

2.8    No person shall have any claim against Class Representatives, Class Counsel or the Settlement Administrator, or any other person designated by Class Counsel, based on determinations or distributions made substantially in accordance with this Agreement and the settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

2.9    Default Payment Method. For each Claimant, the Settlement Administrator shall,

by default, provide Settlement Payments in a single installment through an Electronic Payment option to be selected by Claimant on the Claim form.

(i)      Settlement Class Members with Valid Claims who elect to receive an Electronic Payment, but fail to provide sufficient or correct information to permit such Electronic Payment, shall, after a reasonable attempt to resolve any such Settlement Payment issues, receive a physical check or relinquish their right to Settlement Payments.

2.9.1    Option to Change Payment Method. Claimants may elect to change the Default Payment Method by which they receive their Settlement Payment and instead receive a physical check mailed to their address; Claimants may make this change when they submit the Claim Form. The Claim Form will request any additional payment information necessary for the Settlement Administrator to provide the Settlement Payment through the method the Claimant elects. Settlement Class Members who elect to receive a physical check shall have 90 days from its date to cash that check.

2.9.2    Minimum Payment. Notwithstanding §§ 2.5-2.6 above, no Settlement Payment shall be made to a Claimant who has elected to receive a physical check instead of an Electronic Payment if the total amount of that Settlement Payment would be less than [$2.00]. Any such monies shall be distributed equally to other Claimants (those who either elected to receive an Electronic Payment or who elected to receive a physical check, but whose claims exceed [$2.00]), provided that total payments to any Claimant do not exceed the maximum payment caps for each claim group set forth in the Plan of Allocation.

2.10    Distribution of Residual Funds. If, after the process outlined in §§ 2.5-2.6 above is completed, additional funds remain in the Net Settlement Fund, these funds, together with any

funds from failed Electronic Payments and uncleared physical checks, shall be distributed as follows:

   2.10.1  Failed Electronic Payments and Uncleared Checks. Any funds from failed Electronic Payments and uncleared physical checks shall be returned to the Net Settlement Fund and, if administratively feasible, will be redistributed to Settlement Class Members for whom Electronic Payments or physical checks were successful on an equal basis, provided that total payments to any Claimant do not exceed the maximum payment caps for each claim group in the Plan of Allocation. Notwithstanding this provision, no Settlement Payment shall be made to a Settlement Class Member under this section if the amount of this payment would be less than $2.00 and the Claimant has elected to receive a physical check instead of an Electronic Payment

   2.10.2  If less than 100% of the Net Settlement Fund is distributed to Claimants following the redistribution described in § 2.10.1, the Parties will confer regarding the disposition of the balance of the Net Settlement Fund.  Such disposition may include additional notice to non-participating Settlement Class Members, further distributions to participating Settlement Class Members, or distribution to the Cy Pres Recipient, as approved by the Court. Plaintiffs' Motion for Preliminary Approval shall include a declaration detailing the means by which any proposed *cy pres* recipients were selected and how any *cy pres* funds will be used. There will be no *cy pres* distribution unless the Court finds that the parties have in good faith exhausted all reasonable efforts to distribute the Net Settlement Fund

   2.10.3  Timing of Payment. Settlement Payments from the Net Settlement Fund shall be distributed to Claimants within 30 days following the Effective Date.

3.      **Claims Process**

3.1     Claim Form. Each Settlement Class Member shall be entitled to submit a Claim for Settlement Payment as described in this section.

3.1.1    The Claim Form will be available on the Settlement Website and may be completed and submitted online or in hard copy sent by postal mail to the Settlement Administrator.

3.1.2    To the extent practicable, Claim Forms will be prepopulated with Settlement Class Member names, email addresses, and, if available, information concerning whether the Settlement Class Member reported experiencing the alleged Audio Defect or paid an insurance deductible.

3.1.3    The Claim Form shall, among other terms: (a) require the Settlement Class Member to confirm or provide his or her current contact information and desired payment option; (b) to the extent necessary, invite the Settlement Class Member to attach the documents and make the attestations under oath that are set out in the Plan of Allocation; and (c) require the Settlement Class Member to affirm under oath that the information he or she submits is, to the best of his or her knowledge, true and correct.

3.2     Deadline to File Claims. The Claims Deadline shall be 60 days after the Notice Date. To be considered timely, all Claims Forms must be submitted on the Settlement Website or mailed to the Settlement Administrator by the Claims Deadline, which shall be clearly stated in the Notice and on the Claim Form.

3.2.1    For Claim Forms submitted electronically on the Settlement Website, the deadline is 11:59 p.m. PST on the Claims Deadline.

3.2.2    For Claim Forms mailed to the Settlement Administrator, the Claims Form must be postmarked by 11:59 p.m. PST on the Claims Deadline.

3.2.3    Late Claims may be considered if deemed appropriate by the Settlement Administrator in consultation with Class Counsel, or if ordered by the Court.

3.3      Claims Review. The Settlement Administrator shall review all Claims to determine their validity and appropriate classification under the Plan of Allocation. The Settlement Administrator shall reject any Claim that does not comply in any material respect with the instructions on the Claim Form; is not submitted by a Settlement Class Member; is a duplicate of another Claim; is a fraudulent Claim; or is submitted after the Claims Deadline.  The Settlement Administrator shall confirm that all persons who submit Claims either (a) received Email Notice or Supplemental Postcard Notice or (b) submitted a proof of purchase for their Pixel. The Settlement Administrator shall cross-reference Claims against lists of Settlement Class Members provided by Class Counsel and Google in accordance with § 4.1.3.   The Settlement Administrator shall cross-reference Claims against information provided by Google to determine whether the Claimant should be excluded from participation in the Settlement because the Claimant either (i) has made a claim relating to a Pixel manufactured after January 4, 2017;(ii) the Claimant returned a Pixel manufactured before January 4, 2017 to Google or Verizon and received as a replacement a refurbished Pixel with a motherboard that had been replaced after June 5, 2017; or (iii) the Claimant is an employee of Google. The decision of the Settlement Administrator shall be final as to the determination of the Claimant's recovery, subject to § 3.6 below.

3.4     Curable Deficiencies. Notwithstanding § 3.3, above, prior to the rejection of a Claim Form, the Settlement Administrator shall communicate with the person or entity who submitted the Claim in an effort to remedy any curable deficiencies in the Claim Form.

3.5     Notification of Rejected Claims. Following any effort to resolve any curable deficiencies, the Settlement Administrator shall promptly notify all Rejected Claimants whose Claim Forms the Settlement Administrator proposes to reject, in whole or in part, and provide its reasons.

3.5.1   If the Claim Form was submitted online, the Rejected Claimant shall be notified by email at the email address provided.

3.5.2   If the Claim Form was submitted by postal mail, the Rejected Claimant shall be notified by email if the Settlement Class Member has provided an email address, or, if not, by postal mail at the physical address provided.

3.6     Claims Disputes and Inquiries. The Settlement Administrator shall notify Class Counsel and Google's Counsel of any disputes regarding the rejection of a Claim. Class Counsel and Google's Counsel may review any Claims rejected by the Settlement Administrator. If Class Counsel and Google's Counsel agree that a Claim was improperly rejected, the Claim shall be deemed valid and paid. If Class Counsel and Google's Counsel do not agree as to whether a Claim was improperly rejected, the decision of the Settlement Administrator shall be final.

3.7     Claims Processing. As soon as reasonably possible after the Claims Deadline, after all Claims have been processed to determine their validity, the Settlement Administrator will provide Class Counsel and Google's Counsel with a list of Claimants with Valid Claims, including the Settlement Payment and claim group for each Claimant; the total number of Claimants in each claim group; and a list of all Claims it deems invalid or untimely.

22

3.8     Reporting and Claims Database. The Settlement Administrator will maintain a database of Claims, which will include all relevant information captured from Claimants' Claim Forms.

4.     **Notice and Administration**

4.1     Notice to the Settlement Class. Direct Notice of the Settlement will be made to Settlement Class Members as set forth below.

4.1.1     Notice shall be substantially completed as soon as reasonably practicable, but no later than 60 days following entry of the Preliminary Approval order.

4.1.2     Notice shall be conducted in accordance with the Notice Plan. The content of all forms of Notice, as specified in §§ 4.2-4.6 below, will be jointly agreed to by the Parties.

4.1.3     Within 7 business days following entry of the Preliminary Approval Order, Google shall provide to the Settlement Administrator, to the extent the information is reasonably available, lists of substantially all Settlement Class Members that purchased a Pixel directly from the Google Store or Project Fi, as well as the email addresses associated with their purchases, and their physical addresses associated with the shipment, if they are reasonably available.  Within 7 business days following entry of the Preliminary Approval Order, Class Counsel shall provide to the Settlement Administrator lists of all Settlement Class Members who purchased a Pixel from authorized resellers, including Verizon, as well as the email addresses associated with their purchases, and their physical addresses associated with the shipment, if they are reasonably available.

4.1.4     All Notice and Administrative Costs shall be paid from the Settlement Fund.

4.2    Direct Email Notice. Within 30 days of receiving Settlement Class Members' contact information from Google and Class Counsel, as specified in § 4.1.3 above, the Settlement Administrator shall email Notice of the Settlement to all Settlement Class Members for which it has email addresses.

4.2.1   The Email Notice will include contact information for Class Counsel to answer questions; will provide a link to a Claim Form where the Settlement Class Member can submit a Claim; will provide a link to the Settlement Website; will provide instructions on how to access the case docket via PACER or in person at any of the Court's locations; will list contact information for the Settlement Administrator; will state the date of the Final Fairness Hearing, clearly state that the date may change without further notice to the class, and advise Settlement Class Members to check the Settlement Website or the Court's PACER site to confirm that the date has not been changed.  The Email Notice will further advise Settlement Class Members of the Objection and Exclusion Deadline; methods for opting out; and the consequences of opting out.  The Email Notice will further advise Settlement Class Members who wish to object to the Settlement to send their written objections only to the Court. The Email Notice shall make clear that the Court can only approve or deny the Settlement and cannot change the terms of the Settlement.

4.2.2   The Settlement Administrator will monitor the Email Notice process and optimize the delivery of the Email Notice to maximize the distribution of the Email Notice.

4.2.3   For Email Notices sent to Settlement Class Members that the Settlement Administrator can reasonably determine were not opened, the Settlement Administrator will send at least one additional Email Notice to such Settlement Class Members prior to the Supplemental Postcard Notice provision below (*see* § 4.3).   Class Counsel may with the concurrence of

Google's counsel direct the Settlement Administrator to send additional notice to Settlement Class Members to encourage the filing of claims.

4.3     Supplemental Postcard Notice. Within 14 days after the Email Notices in § 4.2 above have been completed, the Settlement Administrator will mail Supplemental Postcard Notice to all Settlement Class Members to whom Email Notice bounced (as reasonably determined by the Settlement Administrator) and for whom a physical address is available, and all Settlement Class Members for whom Google or Class Counsel provided a physical address but not an email address. The Postcard Notice will include the Settlement Website and contact information for the Settlement Administrator.

4.4     Website Notice. Within ten (10) business days of entry of the Preliminary Approval order, the Settlement Administrator will post the Website Notice in a user-accessible format on the Settlement Website.

4.4.1   Class Counsel, Google's Counsel, and the Settlement Administrator will jointly select the domain name for the Settlement Website.

4.4.2   The Settlement Website will include contact information for Class Counsel to answer questions; contact information for the Settlement Administrator; the Claim Form and Opt-Out Form; answers to frequently asked questions; a list of important deadlines, including the Claims Deadline, the Objection and Exclusion Deadline, and the date of the Final Fairness Hearing; case documents, including motions for approval and for attorneys' fees and any other important documents in the case; and instructions on how to access the case docket via PACER or in person at any of the Court's locations.  The Settlement Website will clearly state that the Final Fairness Hearing date may change without further notice to the class, and advise Settlement Class Members to check the Settlement Website or the Court's PACER site to

confirm that the date has not been changed.  The Settlement Website will advise Settlement Class Members of the consequences of opting out and will further advise Settlement Class Members who wish to object to the Settlement to send their Objections only to the Court.  The Settlement Website will make clear that the Court can only approve or deny the Settlement and cannot change the terms of the Settlement.  Google's Counsel and Class Counsel must agree to any additions or revisions to the Settlement Website design or content.

4.4.3   The Settlement Website will remain active for at least 90 days following the Effective Date of the Settlement. However, the Settlement Administrator will disable online submissions through the Claim Form and the Opt-Out Form immediately following the Claims Deadline and the Objection and Exclusion Deadline.

4.4.4   Press Release. Within twenty-one (21) days after the Settlement Administrator receives Settlement Class Members' contact information from Class Counsel and Google, as specified in § 4.1.3 above, Class Counsel will issue a Press Release, which Google's Counsel will have the opportunity to review and reasonably approve prior to publication, providing Notice of the Settlement, a link to the Settlement Website, and contact information for the Settlement Administrator.

4.4.5   The Press Release will be issued through PR Newswire's US commercial newswire service and will also be posted on the Settlement Website and Class Counsel's website.

4.5   Supplemental Digital Notice. In the unlikely event that the Settlement Administrator determines that less than 70% of the Settlement Class is contacted through dissemination of the Direct Email Notice and the Supplemental Postcard Notice, then, within seven (7) days after the Supplemental Postcard Notice in § 4.3 above has been completed, the

Settlement Administrator will provide Supplemental Digital Notice to Settlement Class Members.

       4.5.1   The Supplemental Digital Notice would include digital advertisements using programmatic purchasing, using an advertising network to be jointly agreed to by the Parties, to reach Settlement Class Members.

      4.6   CAFA Notice. Not later than 10 days after this Settlement Agreement is filed with the Court, the Settlement Administrator, at Google's direction, shall serve notice of the Settlement and other required documents upon relevant government officials in accordance with the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715. Prior to the Preliminary Approval hearing, the Settlement Administrator shall provide proof of service of such notice for filing with the Court.

      4.7   Settlement Administrator. The Settlement Administrator shall help implement the terms of the Settlement Agreement. The Settlement Administrator shall be responsible for:

       (a)   Establishing, designing, and maintaining the Settlement Website, which will be accessible through commonly used internet service providers and will, among other things, be used for the electronic submission of Claim Forms;

       (b)   Disseminating Notice, including Direct Email Notice, Supplemental Postcard Notice, Website Notice, Supplemental Digital Notice, as needed, and CAFA Notice, in accordance with this Agreement, the Notice Plan, and the Court's orders;

       (c)   Receiving and processing requests for Claim Forms, and promptly delivering Claim Forms to Class members who request them;

       (d)   Monitoring and responding to inquiries from Settlement Class Members in a timely fashion and, where necessary, forwarding such written inquiries to Class Counsel;

(e)     Accurately and objectively describing the terms of the Agreement in communications with Settlement Class Members, including training its employees and agents accordingly;

(f)     Receiving and compiling Opt-Out Forms and any other correspondence requesting exclusion from the Settlement;

(g)     Receiving and processing Claims, including by maintaining a database of Claims and determining the eligibility of Claims for payment consistent with this Agreement or as otherwise ordered by the Court, and distributing Settlement Payments to Settlement Class Members;

(h)     Establishing appropriate claim auditing and verification protocols and procedures in consultation with Class Counsel;

(i)     Satisfying Google's requirements for cybersecurity and protection of customer information;

(j)     Providing periodic reports on Claims, Objections, Opt-Out Forms and any other requests for exclusion from the Settlement, and any other such information that may be reasonably requested by Class Counsel and Google's Counsel;

(k)     Preparing a declaration attesting to compliance with the Notice requirements in this Agreement and providing such declaration to Class Counsel;

(l)     Seeking further clarification or authorization from Class Counsel when necessary for performance of its duties and the expenditure of cash from the Settlement Fund; and

(m)     Otherwise assisting with implementation and administration of the terms of this Settlement Agreement.

4.8     Administrative Costs Estimate. The Parties will obtain from the Settlement Administrator its best estimate of such anticipated administrative costs, which shall then be set aside from the Settlement Fund.

5.      **Objections and Exclusions**

5.1     Objections. Any Settlement Class Member who has not submitted a timely written Opt-Out Form and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, the Fee, Cost, and Expense Award, or the Service Awards must comply with the following requirements:

5.1.1   Content of Objections. All Objections and supporting papers must be in writing and must:

(a)     Clearly identify the case name and number, *Weeks v. Google LLC*, No. 5:18-cv-00801-NC;

(b)     Include the full name, address, telephone number, and email address of the person objecting;

(c)     Affirmatively state whether the objector is represented by counsel, and if so, identify the Objector's counsel;

(d)     Identify all cases in which the objector and/or his counsel has submitted an objection and, if so, the disposition of those objection(s).

(e)     State whether the objection applies only to the objector, to a specific subset of the class, or to the entire class, and also state with specificity the grounds for the objection; and

(f)     Be personally signed by the objector under penalty of perjury.

5.1.2    Submission of Objections. Any Objections from Settlement Class Members regarding the proposed Settlement Agreement must be submitted in writing to the Court. If a Settlement Class Member does not submit a timely written Objection, the Settlement Class Member will not be able to participate in the Final Fairness Hearing.

5.1.3    Deadline for Objections. Objections must be received by the Court by the Objection and Exclusion Deadline, which is 60 days after the Notice Date. Settlement Class Members who fail to submit timely written Objections in the manner specified above shall be deemed to have waived any objections and shall be forever barred from making any objection to the Agreement and the proposed Settlement by appearing at the Final Fairness Hearing, appeal, collateral attack, or otherwise.

5.1.4    Attendance at Final Fairness Hearing. Any Objector who timely submits an Objection has the option to appear and request to be heard at the Final Fairness Hearing, either in person or through the Objector's counsel. Any Objector wishing to appear and be heard at the Final Fairness Hearing must include a Notice of Intention to Appear in the body of the Objector's Objection. Objectors who fail to submit or include this Notice of Intention to Appear may not speak at the Final Fairness Hearing without permission of the Court.

5.1.5    Objectors' Attorneys' Fees and Costs. If an Objector makes an Objection through an attorney, the Objector shall be solely responsible for the Objectors attorneys' fees and costs.

5.1.6    No Solicitation of Settlement Objections. At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Settlement Class Members to submit written Objections to the Settlement or encourage an appeal from the Court's Final Approval Order.

5.2      Requests for Exclusion. The Notice shall advise all Settlement Class Members of their right to exclude themselves from the Settlement. This Settlement Agreement will not bind Settlement Class Members who opt-out of the Settlement.

      5.2.1   How to Opt-Out. To request to be excluded from the Settlement, Settlement Class Members must timely submit a completed Opt-Out Form. This Opt-Out Form may be completed electronically on the Settlement Website or timely faxed or sent by postal mail to the Settlement Administrator.

      5.2.2   Deadline to Opt-Out. To be excluded from the Settlement, the Opt-Out Form must be completed by the Objection and Exclusion Deadline, which is 60 days after the Notice Date.

      (i)      If submitted electronically, the Opt-Out Form must be submitted no later than 11:59 p.m. PST on or before the Objection and Exclusion Deadline.

      (ii)     If submitted by facsimile or postal mail, the Opt-Out Form must be date-and-time-stamped, or postmarked, no later than the Objection and Exclusion Deadline. The Settlement Class Member must pay for Postage.

      5.2.3   Effect of Opt-Out. Any person or entity who falls within the definition of the Settlement Class and who validly and timely requests exclusion from the Settlement shall not be a Settlement Class Member; shall not be bound by the Settlement Agreement; shall not be eligible to make a Claim for any benefit under the terms of the Settlement Agreement; and shall not be entitled to submit an Objection to the Settlement.

      5.2.4   Exclusion List. No later than 30 days after the Objection and Exclusion Deadline, the Settlement Administrator shall provide Class Counsel and Defendant's Counsel

with a list of all persons and entities who have timely and validly excluded themselves from the Settlement.

    5.2.5 Termination Clause. If the number of Settlement Class Members requesting exclusion exceeds a number agreed-to by the Parties in the Supplemental Settlement Agreement, then Google may notify Class Counsel in writing that it has elected to terminate this Settlement Agreement.  Such notification of intent to terminate the Settlement Agreement must be provided a minimum of 7 days before the Final Fairness Hearing. If this Settlement Agreement is terminated, it will be deemed null and void *ab initio* and § 7.5 below will apply. This confidential opt-out figure shall be communicated to the Court by the Parties via a sealed writing, in order to help discourage manipulation of the Settlement.

6. **Releases**

   6.1 No Admission of Liability. This Settlement Agreement is made in compromise of a dispute. Neither the Agreement nor anything that the Parties stated or did during the negotiation of the Agreement shall be construed or used in any manner as an admission of liability or evidence of any party's fault, liability, or wrongdoing. Google expressly denies any liability or wrongdoing whatsoever.

   6.2 Named Plaintiffs' and Settlement Class Members' Release. Upon the Effective Date of this Agreement, all the Releasing Named Plaintiffs and Releasing Class Members shall release, forever discharge, will not in any manner pursue this Action, and shall be forever barred from asserting, instituting, or maintaining against the Releasees, any and all Released Claims, as defined in § 1.35 of this Agreement. The parties acknowledge that Google is entering into the Settlement to resolve any and all controversies relating to the Released Claims and that Google is

under no continuing obligation to implement or maintain any voluntary post-sale adjustment program.

6.3     Release of Unknown Claims. Releasing Named Plaintiffs and Releasing Class Members fully understand that the facts on which this Settlement Agreement is executed may be different from the facts now believed by Releasing Named Plaintiffs, Releasing Class Members, and their Counsel to be true. Releasing Named Plaintiffs and Releasing Class Members expressly accept and assume the risk of this possible difference in facts and agree that this Settlement Agreement remains effective despite any difference in facts. Releasing Named Plaintiffs and Releasing Class Members further agree that this waiver is an essential and material term of this release and the Settlement that underlies it and that without such waiver the Settlement would not have been agreed to.

6.4     Waiver of California Civil Code § 1542. As to the Released Claims only, Releasing Named Plaintiffs and Releasing Class Members expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code § 1542, or any other similar provision under federal or state law. Releasing Named Plaintiffs and Releasing Class Members understand that California Civil Code § 1542 states:

> *A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.*

6.5     Enforcement. The Named Plaintiffs' and Settlement Class Members' Release shall not bar a claim, complaint, action, or proceeding for breach of this Settlement Agreement, for which the Court shall retain jurisdiction to resolve and enforce.

7.      **Court Approval of the Settlement**

7.1     Cooperation to Obtain Court Approval. The Parties will jointly take all reasonable steps necessary to secure the Court's approval of this Settlement. Class Counsel will draft and file the motions for Preliminary Approval and Final Approval. Google's Counsel will be provided with advance copies of these papers approximately seven calendar days prior to filing, and may join the motions or file separate briefs in support of Preliminary and Final Approval of the Settlement.  Class Counsel will be provided with advance copies of any papers in support of preliminary or final approval Google proposes to file at least three business days prior to filing.

7.2     Settlement Class. The Parties agree that, for purposes of this Settlement, this Action should be certified and proceed as a class action under Federal Rule of Civil Procedure 23(b)(3) for settlement purposes only. Class Counsel shall serve as counsel for the Settlement Class.

7.3     Preliminary Approval. Within 30 days after the execution of this Agreement, Plaintiffs, in consultation with Google, shall move the Court for an order:

(a)     Finding that the Court will likely be able to approve the Settlement under Rule 23(e)(2);

(b)     Finding that the Court will likely be able to certify the Settlement Class for purposes of entering the Final Approval Order; and

(c)     Finding that Notice, including the form, manner, and content of the Direct Email Notice, Supplemental Postcard Notice, and Website Notice is justified; and

(d)     Placing the Final Fairness Hearing on the Court's calendar, with the hearing being set at least 60 days after the Objection and Exclusion Deadline, subject to the Court's availability.

7.4     Final Approval. At least 35 days prior to the Objection and Exclusion Deadline, Plaintiffs, in consultation with Google, shall move the Court for the Final Approval Order seeking:

(a)     Final Approval of the Settlement, approving the terms of this Settlement to be fair, reasonable, and adequate and in the best interest of Settlement Class Members;

(b)     A finding that the Notice complied with the Settlement Agreement, all applicable law, and due process;

(c)     Distribution of the Settlement Fund and approval of the Settlement Payments and Residual Settlement Payments; and

(d)     Dismissal of the Action and entry of a Final Approval Order.

7.5     Effect If Settlement Not Approved. The Settlement Agreement is being entered into for settlement purposes only. If the Court does not grant Preliminary Approval, does not grant Final Approval, or if the Effective Date does not occur, this Settlement Agreement will be deemed null and void ab initio. In that event:

(a)     The Preliminary Approval Order and the Final Approval Order, to the extent they have been entered by the Court, will be vacated by operation of law;

(b)     The Parties will be restored to their respective positions preceding execution of the Agreement, any intervening Court rulings or decisions shall be vacated, and the Parties will jointly propose a revised schedule for proceeding with the Action;

(c)     No term or condition of the Agreement, or any draft thereof, or any discussion, negotiation, documentation, or other part or aspect of the Parties' settlement discussions shall have any effect; nor shall any such matter be admissible in evidence for any

purpose in the Action or any other proceeding; nor shall any such matter be used in the Action for any purpose whatsoever;

(d)      Google will retain all of its rights to object to any attempt by Plaintiffs to reference, cite to, or rely upon, in any way, the Agreement or any factual or legal statement or conclusion within it, including as to the feasibility of the maintenance of the Action as a class action.

7.6      Modifications Suggested by the Court. If the Court (1) suggests any modifications to the Agreement or (2) conditions either Preliminary Approval or Final Approval on modifications to the Agreement, the Parties shall, working in good faith and consistent with the Agreement, endeavor to cure any such deficiencies identified by the Court. However, the Parties shall not be obligated to make any additions or modifications to the Agreement that would affect the benefits provided to Settlement Class Members, or the cost to or burden on Google, the content or extent of Notices required to Settlement Class Members, or the scope of any of the releases contemplated in this Agreement.  If the Court orders or proposes such additions or modifications, the Parties will each have the right to terminate the Settlement Agreement within 7 days from the date of the Court's order or proposal. If any Party elects to terminate the Settlement Agreement pursuant to this section, the Agreement will be deemed null and void ab initio and the provisions of § 7.5 will apply.

7.7      Notwithstanding the foregoing, the Parties will not be entitled to terminate this Settlement Agreement based on any order relating to Class Counsel's anticipated motion for a Fee, Cost, and Expense Award or to Plaintiffs' anticipated motion for Service Awards to the Named Plaintiffs, nor any appeal from such order or reversal or modification thereof.

36

8.      **Class Counsel's Fees, Costs, and Expenses**

8.1      Fee, Cost, and Expense Award. Class Counsel will file a motion with the Court seeking a portion of the Settlement Fund as payment of their reasonable attorneys' fees, plus reimbursement of actual costs and expenses, including experts and consultants, incurred in connection with prosecuting this Action. Google expressly reserves the right to oppose the motion seeking a Fee, Cost, and Expense Award for any reason, at its discretion.  Class Counsel dispute Google's standing to oppose the Fee, Cost, and Expense Award. The Fee, Cost, and Expense Award is within the sole discretion of the Court, and if the award is less than the amount sought by Class Counsel, this will not be a basis for setting aside the Settlement.

8.2      Disclosure of Amounts Sought. In its Motion for Preliminary Approval of the Settlement and supporting papers, Class Counsel will provide the maximum amount of the Settlement Fund it will seek from the Court as attorneys' fees, as well as the total amount of costs and expenses (or best estimates for costs and expenses not yet charged) for which it will seek reimbursement. On or before the Notice Date, these amounts will also be disclosed in the Settlement Notice, which shall be posted on the Settlement Website.

8.3      Motion for Attorneys' Fees, Costs, and Expenses. At least 35 days prior to the Objection and Exclusion Deadline, Class Counsel will file a motion for award of attorneys' fees, costs, and expenses. Class Counsel's motion for attorneys' fees, costs, and expenses will also be posted on the Settlement Website.

8.4      Timing of Payment. If awarded by the Court, the Fee, Cost, and Expense Award shall be payable from the Settlement Fund within 30 days after the date of entry of the Final Approval Order, notwithstanding the existence of any Objections, pending or forthcoming appeals, or collateral attack on the Settlement, the Fee, Cost, and Expense Award, or the Service

Awards. At least 10 days prior to payment of the Fee, Cost, and Expense Award, Class Counsel shall furnish Google's Counsel with all necessary payment and routing information to facilitate the transfer.

8.5    Clawback of Fee, Cost, and Expense Award. If the Final Approval Order is vacated, overturned, reversed, or rendered void or unenforceable as a result of an appeal, or if the Settlement Agreement is voided, rescinded, or otherwise terminated, then Class Counsel shall, within 30 days, repay to Google the Fee, Cost, and Expense Award it received, plus interest Class Counsel earned on that amount, if any. For avoidance of doubt, Class Counsel shall have no obligation under any circumstances to reimburse Google for any sums paid to, or that are billed by, the Settlement Administrator for Settlement administration, Notice, or any other reason.

8.6    Partial Repayment. If the Fee, Cost, and Expense Award is reduced on appeal, but all other terms of the Settlement Agreement remain in full effect, Class Counsel shall only repay the portion of the Fee, Cost, and Expense Award by which it is reduced. This partial repayment of the Fee, Cost, and Expense Award shall be applied to the Net Settlement Fund and distributed in accordance with the terms of this Settlement Agreement. For avoidance of doubt, Class Counsel shall have no obligation under any circumstances to reimburse Google for any sums paid to, or that are billed by, the Settlement Administrator for settlement administration, notice, or any other reason.

8.7    Letter Agreement. As a condition precedent to Google's obligation to pay the Fee, Cost, and Expense Award per the timing set forth in § 8.4, Class Counsel shall deliver to Google's Counsel a letter agreement executed by the law firms of Girard Sharp LLP and Chimicles Schwartz Kriner & Donaldson-Smith LLP, acknowledging and agreeing to their

obligations under this § 8 and agreeing to the jurisdiction of the Court for the purpose of enforcing this § 8.

8.8     Distribution of Fee, Cost, and Expense Award. Class Counsel shall have sole responsibility and discretion to distribute the Fee, Cost, and Expense Award to any other attorney or law firm that may claim they are owed attorneys' fees, costs, or expenses under the terms of this Settlement.

9.     **Service Awards**

9.1     Generally. Class Counsel will seek Service Awards for each Class Representative in consideration for their service during the course of the Action and commensurate with their participation in the Action.

9.2     Amount of Service Awards. Any Service Awards are subject to the approval of the Court and shall not exceed $5,000 per Class Representative. Any such Service Awards are separate and apart from any Settlement Payments the Class Representatives may receive as a result of submitting Claims as Settlement Class Members.

9.3     Motion for Service Awards. Class Counsel will provide the specific amounts it will seek in Service Awards for the Class Representatives at the same time it files its motion for attorneys' fees and expenses. This request for Service Awards will be filed at least 35 days prior to the Objection and Exclusion Deadline and may be included with the Motion described in § 8.3. It will also be posted on the Settlement Website.

9.4     No Condition of Support. Each Class Representative shall receive any Service Award they are awarded by the Court, irrespective of whether they support the terms of the Settlement.

9.5     Payment of Service Awards. If awarded by the Court, the Service Awards shall be payable from the Settlement Fund 30 days after the Effective Date of the Settlement. At least 10 days prior to payment of the Service Awards, Class Counsel shall furnish the Settlement Administrator with all necessary payment, routing, and tax information for the Class Representatives to facilitate the transfer.

10.    **Miscellaneous Terms**

10.1    Construction and Interpretation. The following additional terms shall govern the construction and interpretation of this Agreement.

10.1.1 Knowledge and Advice of Counsel. The Parties execute this Agreement freely and voluntarily and without acting under any duress or in reliance upon any threat made by or on behalf of any other Party.  Each Party has consulted with or has had an opportunity to consult with counsel of its own choice about the legal effect of entering into this Agreement, and executes this Agreement being fully informed as to its terms, content and legal effect.

10.1.2 Entire Agreement.  This Agreement constitutes the complete, final and exclusive embodiment of the entire agreement among Plaintiffs, the Settlement Class, and Google with regard to the subject matter hereof, and supersedes all previous or contemporaneous agreements between Plaintiffs, the Settlement Class, and Google relating to the Agreement's subject matter.  It is entered into without reliance on any statements, promises, warranties or representations, written or oral, other than those expressly contained herein, and it supersedes any other statements, promises, warranties or representations made by the Parties. For the avoidance of doubt, any and all exhibits to this Agreement, including the Plan of Allocation set forth in Exhibit 1, are part of and are incorporated by reference into this Agreement.

10.1.3 No Construction Against Any Party. The terms of the Settlement Agreement have been negotiated at arm's-length among knowledgeable parties represented by experienced counsel. The Parties agree that the normal rule of construction that any ambiguity in a document is construed against the drafting party shall not apply to the interpretation or enforcement of the Settlement Agreement, as the Parties each participated in the drafting of the Settlement Agreement.

10.1.4 Headings and Captions. The captions or headings in this Agreement are inserted for convenience, reference, and identification purposes only, and shall neither control, define, limit, nor affect any provisions of this Agreement.

10.1.5 Severability. The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provision.  If any provision (or part of a provision) of this Agreement is found to be invalid, illegal or unenforceable, the rest of the Agreement shall remain in effect.

10.2   Specific Prohibitions. The following specific prohibitions shall apply to the Settlement Agreement as follows:

10.2.1 No Assignment. The Settlement Agreement, including any of the rights and duties of each Party under the Agreement, may not be assigned without prior written approval by the other Parties.

10.2.2 No Waiver. No Party will be treated as having waived any rights or privileges, including attorney-client privilege, as the result of the Settlement Agreement. Additionally, a waiver of any breach of the Settlement Agreement by any Party shall not be deemed to be a waiver by any Party of any other breach of the Agreement.

10.2.3  No Third-Party Beneficiaries. The Settlement Agreement does not confer any benefits on any third party.

10.3     Execution in Counterparts. This Agreement may be executed by the Parties in counterparts and exchanged by electronic means, including facsimile, PDF, and other electronic means, with the same effect as if all Parties had signed the same instrument.

10.4     Amendments. Any amendment must be in writing, signed by Class Counsel and Google's Counsel, and expressly state that it is amending the Settlement Agreement.

10.5     Governing Law. All claims arising out of or relating to this Agreement will be governed, interpreted, enforced, construed and controlled by the laws of the State of California, without regard to principle of conflicts or choice of law provisions.

10.6     Enforcement and Jurisdiction. The Court shall retain exclusive jurisdiction to enforce, interpret, and implement the Settlement Agreement, including any alleged violations, any disputes, and the terms of any order entered pursuant to this Agreement.

* * * * *

Remainder of Page Intentionally Left Blank.  Signature Page to Follow.

## SIGNATORIES

IN WITNESS WHEREOF, each of the Parties hereto has reviewed and approved this
Agreement and has caused this Agreement to be executed on its behalf by its duly authorized
counsel of record or representative.

| Plaintiffs Patricia Weeks, Alicia Helms, Brian McCloy, and Adrian Alcaraz | Defendant Google LLC |
|---|---|
| Agreed to: May 10, 2019 | Agreed to: |
| Date: | Date: May 10, 2019 |
| GIRARD SHARP LLP | PERKINS COIE LLP |
| By: Daniel C. Girard | By: Bobbie J. Wilson |
| Agreed to: | *Attorneys for Defendant Google LLC, as authorized and on behalf of Defendant Google LLC* |
| Date: May 10, 2019 | |
| CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP | |
| By: Benjamin F. Johns | |
| *Attorneys for Plaintiffs and the Settlement Class* | |

43

EXHIBIT 1

**EXHIBIT 1: PLAN OF ALLOCATION FOR NET SETTLEMENT FUND**

*Weeks v. Google LLC*, **Case No. 5:18-cv-00801-NC**

The Net Settlement Fund will be distributed according to the following plan, subject to approval by the Court. All capitalized terms contained and not otherwise defined herein have the meanings ascribed to them in the Settlement Agreement dated May 10, 2019.

**I.     General Provisions**

A.     All Class Members[1] are eligible to submit claims for a share of the Net Settlement Fund. Class members who do not receive notice by email or a postcard from the Settlement Administrator will need to provide proof of purchase to be eligible for payment.

B.     Class members may submit completed Claim Forms through the Settlement Website or by U.S. mail.

C.     To be eligible for payment, claims must be submitted or postmarked no later than 60 days after the Notice Date. Late claims may be considered if deemed appropriate by the Settlement Administrator in consultation with Class Counsel, or if ordered by the Court.

D.     The Settlement Administrator will establish and maintain the Settlement Website, which will be accessible through commonly used internet service providers and will, among other things, be used for the electronic submission of Claim Forms. The Settlement Administrator will be responsible for receiving and processing requests for Claim Forms; promptly delivering Claim Forms to Class members who request them; establishing, in

---

[1] The Settlement Class consists of all individuals in the United States who purchased a new Pixel, other than for resale, manufactured before January 4, 2017. Excluded from the Settlement Class are (a) Google, and its officers, directors, employees, subsidiaries, and Affiliates; (b) all judges assigned to this case and any members of their immediate families; (c) the parties' counsel in this litigation; and (d) all individuals who returned a Pixel manufactured before January 4, 2017 to Google or Verizon and received as a replacement a new Pixel manufactured after January 3, 2017 or a refurbished Pixel after June 5, 2017, as determined by Google's records.

consultation with Class Counsel, appropriate claim auditing and verification protocols and procedures; and determining the eligibility of claims for payment consistent with this plan or as otherwise ordered by the Court. The Settlement Administrator also must satisfy Google's requirements for cybersecurity and protection of customer information.

## II.      The Claim Form

A.      There will be one Claim Form, and each Pixel[2] purchased may be the subject of only one claim. Class members who purchased multiple Pixels may submit a separate claim for each Pixel purchased.

B.      To the fullest extent practicable, Claim Forms will be pre-populated with Class member names and email addresses.

C.      The Claim Form will require each Claimant to confirm his or her current contact information and desired payment option, and to certify that he or she is within the United States and purchased a new Pixel, not for resale, and that all information provided is true and correct to the best of his or her knowledge.

D.      The Claim Form will clearly state that a Claimant need not have experienced the alleged Audio Defect to make a claim and be eligible for payment.

E.       The Claim Form will include the following questions, which shall be answered under oath:

1.      Whether the Claimant is in the United States and purchased a Pixel,

2.      Whether the Claimant purchased the Pixel not for resale.[3]

3.      Whether the Pixel that the Claimant purchased experienced the alleged Audio Defect.[4]

---

[2] "Pixel" means the first generation Pixel and Pixel XL smartphones
[3] The Settlement Administrator will use available records to confirm that the Claimant purchased a Pixel manufactured before January 4, 2017.

4.      Whether the Claimant received a replacement Pixel after the Pixel that he or she purchased experienced the alleged Audio Defect, and if so, whether the replacement Pixel also experienced the alleged Audio Defect.

5.      Whether the Claimant paid a deductible to Assurant on an insurance claim relating to the alleged Audio Defect.

F.      To the fullest extent practicable, responses to these questions will be pre-populated with data maintained by Google, Verizon, and Assurant.

G.      Where responses to one or more of these questions are not pre-populated, a Claimant will be prompted to upload documentation supporting each answer indicating that the Claimant purchased a Pixel, had a Pixel (or Pixels) experience the alleged Audio Defect, or paid an insurance deductible. Such documentation may consist of, without limitation, emails, customer service chat logs, repair records, insurance claims, Return Merchandise Authorization ("RMA") confirmations, or other credible contemporaneous evidence of the alleged Audio Defect ("Documentation"). The Settlement Administrator may require a Claimant who submits only an RMA to submit additional documentation if necessary to establish that a Pixel experienced the alleged Audio Defect.

H.      With respect to each claim supported by Documentation, the Settlement Administrator will make a final determination as to whether the Documentation submitted is sufficient to verify the claim.

III.    **Determination of Class Member Payments**

A.      The Settlement Administrator will determine which claims are eligible for payment and, based on the following criteria, will sort each eligible claim into one or more of

---

[4] Audio Defect, as defined in the Settlement Agreement, means a problem with the microphones or speakers on a Pixel manufactured before January 4, 2017.

four Claim Groups in this section. Each claim will be allocated a portion of the Net Settlement Fund according to the Claim Group(s) within which it falls:

1.      **Group 1**: No alleged Audio Defect or undocumented alleged Audio Defect. Group 1 includes:

a.      Claimants who purchased a Pixel and did not report experiencing the alleged Audio Defect.

b.      Claimants who do not submit sufficient Documentation to establish that their Pixel experienced the alleged Audio Defect.

2.      **Group 2**: Insurance deductible payments. Group 2 includes Claimants who paid a deductible to Assurant on an insurance claim relating to the alleged Audio Defect. The members of this group—and the respective amounts of their deductible payments—will be determined through records provided by Assurant. The Claim Form provided to such Class members will be pre-populated to show that Assurant's records indicate they paid a deductible on an insurance claim relating to the alleged Audio Defect, and are eligible to be reimbursed for that payment under the Settlement. To complete a claim, Group 2 Claimants will only need to confirm the information and submit the form. A Group 2 Claimant may also be eligible for an additional payment as a member of another Claim Group.

3.      **Group 3**: Multiple failures. Group 3 includes:

a.      Claimants who, according to Google's or Verizon's records, reported experiencing the alleged Audio Defect and then reported experiencing the alleged Audio Defect at least once on a replacement Pixel. The Claim Form provided to such Class members will be pre-populated to show that Google's or Verizon's records indicate they are eligible to receive a Settlement payment based on multiple Pixel failures. To complete a claim,

Group 3 Claimants who receive such a pre-populated Claim Form will only need to confirm the information and submit the form.

     b.  Claimants who purchased a Pixel that they attest experienced the alleged Audio Defect, who further attest that they received a replacement Pixel that experienced the alleged Audio Defect, and who submit Documentation deemed sufficient by the Settlement Administrator to establish that they reported experiencing the alleged Audio Defect and also reported experiencing the alleged Audio Defect at least once on a replacement Pixel.

    4.  **Group 4**: <u>Single failure</u>. Group 4 includes:

     a. Claimants who, according to Google's or Verizon's records, reported experiencing the alleged Audio Defect once. The Claim Form provided to such Class members will be pre-populated to show that Google's or Verizon's records indicate they are eligible to receive a Settlement payment based on Pixel failure. To complete a claim, Group 4 Claimants who receive such a pre-populated Claim Form will only need to confirm the information and submit the form.

     b. Claimants who purchased a Pixel that they attest experienced the alleged Audio Defect, and who submit Documentation deemed sufficient by the Settlement Administrator to establish that their Pixel experienced the alleged Audio Defect once.

    B.  The Net Settlement Fund will be allocated as follows:

    1.  An amount sufficient to pay each Group 1 Claimant $20 will be set aside and reserved for such payments; provided, however, that if the sum of such payments would exceed 25 percent of the fund, 25 percent of the fund will be set aside and reserved for payments to the Group 1 Claimants on a *pro rata* basis. Payment for each claim within Group 1 will be capped at $20.

2.      An amount sufficient to fully reimburse the insurance deductibles paid to Assurant by the Group 2 Claimants will be set aside and reserved for such reimbursements.

3.      An amount sufficient to pay each Group 3 Claimant $500 will be set aside and reserved for such payments. Payment for each claim within Group 3 will be capped at $500.

4.      The remaining money in the fund will be allocated as follows:

a.      An amount sufficient to pay each Group 4 Claimant $350 will be set aside and reserved for such payments; provided, however, that if such payments would exceed the remaining money in the fund, the remaining money in the fund will be allocated to the Group 4 Claimants on a *pro rata* basis. Payment for each claim within Group 4 will be capped at $350.

b.      If the fund is not then exhausted and the amount reserved for each Group 1 Claimant is less than $20, the reserved payments for the Group 1 Claimants will be increased *pro rata*, up to $20 for each such payment, so as to exhaust the fund.

c.      If the fund is not then exhausted, the reserved payments for all claimants within Group 4 will be increased *pro rata* so as to exhaust the fund, subject to the Group 4 payment cap.

d.      If any additional funds remain in the Net Settlement Fund after payment of all eligible claims, Class Counsel will notify the Court and propose a reasonable alternative or alternative for distribution of the remaining funds, subject to Google's approval.

C.      The Settlement Administrator will pay all reserved payments on eligible claims according to the above plan, in a single installment, by check or electronic payment.