Daniel C. Girard (State Bar No. 114826)
Jordan Elias (State Bar No. 228731)
Adam E. Polk (State Bar No. 273000)
Simon S. Grille (State Bar No. 294914)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Tel: (415) 981-4800
*dgirard@girardsharp.com*
*jelias@girardsharp.com*
*apolk@girardsharp.com*
*sgrille@girardsharp.com*

Benjamin F. Johns (*pro hac vice*)
Andrew W. Ferich (*pro hac vice*)
Zachary P. Beatty (*pro hac vice*)
Beena M. McDonald (*pro hac vice*)
**CHIMICLES SCHWARTZ KRINER
 & DONALDSON-SMITH LLP**
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
Tel: (610) 642-8500
*bfj@chimicles.com*
*awf@chimicles.com*
*zpb@chimicles.com*
*bmm@chimicles.com*

*Class Counsel*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PATRICIA WEEKS, ALICIA HELMS, BRIAN MCCLOY, and ADRIAN ALCARAZ on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:18-cv-00801-NC<br><br>**PLAINTIFFS' MOTION AND INCORPORATED MEMORANDUM OF LAW FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS**<br><br>Date: December 6, 2019<br>Time: 1:00 p.m.<br>Courtroom: 5, 4th Floor<br>Judge: Hon. Nathanael Cousins |

# **TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION .................................................................. x

MEMORANDUM OF POINTS AND AUTHORITIES ............................................... 1

I.     INTRODUCTION .......................................................................................... 1

II.    PROSECUTION AND SETTLEMENT OF THE ACTION ......................... 2

    A.   Motion to Dismiss Practice ................................................................ 2

    B.   Discovery Proceedings ....................................................................... 2

    C.   Plaintiffs' Motion for Class Certification ......................................... 3

    D.   Settlement Negotiations and Proceedings ......................................... 4

III.   NOTICE AND SETTLEMENT ADMINISTRATION ............................. 4

    A.   The Class Notice ................................................................................ 4

         1.   Direct Notice by Email and First-Class Mail ...................... 4

         2.   The Settlement Website and Toll-Free Number ............... 5

    B.   Claims and Requests for Exclusion .................................................. 5

    C.   Notice and Administration Expenses ................................................ 5

IV.   THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE AND SHOULD BE FINALLY APPROVED. ...................................................... 6

    A.   The Proposed Settlement Class Should Be Certified. ...................... 6

         1.   The Rule 23(a) Prerequisites Are Satisfied For Settlement Purposes. ................................................................ 6

             a.   The Class Members Are Too Numerous To Be Joined. ....... 6

             b.   The Action Involves Common Questions of Law and Fact. .................................................................................... 6

             c.   Plaintiffs' Claims Are Typical of Those of the Class. .......... 6

             d.   Plaintiffs and Class Counsel Will Fairly and Adequately Protect the Interests of Class Members. ............. 7

         2.   Rule 23(b)(3) Is Satisfied For Settlement Purposes. ......... 7

             a.   Common Questions of Fact and Law Predominate. .............. 8

i

b.  A Class Action Is the Superior Means of Resolving This Case. ..................................................................... 9

B.  The Class Notice Satisfied Due Process and Rule 23. ................................. 10

C.  The Settlement With Google Is Fair, Reasonable and Adequate. ............... 10

1.  The Settlement Resulted From Informed, Arm's Length Negotiations. ..................................................................... 11

2.  The Settlement Relief for the Class Is Adequate. ............................ 12

a.  The Strengths of Plaintiffs' Case, Balanced Against the Risks of Continuing Litigation, Weigh in Favor of Approval. ................................................................. 12

b.  The Settlement Provides a Substantial and Immediate Recovery to Class Members. ............................... 14

c.  The Judgment of Knowledgeable Counsel and the Response of Class Members Favor Approval .................... 14

d.  The Claims Process Is Convenient, and the Requested Attorneys' Fees Are Reasonable. ......................... 15

e.  The Settlement Treats All Class Members Equitably. ........ 16

V.  THE REQUESTED ATTORNEYS' FEES, COSTS, AND SERVICE PAYMENTS SHOULD BE AWARDED ................................................................. 16

A.  The Percentage Method Should Be Used to Determine Class Counsel's Fees. ................................................................. 17

B.  Class Counsel's Requested Fee Award Is Reasonable. .............................. 17

1.  Class Counsel Achieved an Excellent Result for the Class. ........... 18

2.  The Class Claims Against Google Were Risky and Complex. ....... 19

3.  Class Counsel Performed Well in the Face of Highly Skilled Adversaries. ..................................................................... 20

4.  Class Counsel Worked on a Contingent Basis. .............................. 21

5.  The Positive Reaction of the Class Supports the Fee Request. ....... 21

6.  The Requested Fee Percentage Accords with the Fee Percentages Awarded in Similar Cases. ......................................... 22

7.  A Lodestar Cross-Check Confirms the Reasonableness of a 30% Fee. ..................................................................... 23

ii

C.      Class Counsel Should Be Reimbursed for their Litigation Expenses. ........ 24

D.      The Court Should Grant a Service Award to Each Class
        Representative. ........................................................................................... 25

VI.     CONCLUSION ....................................................................................................... 25

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND
FOR ATTORNEYS' FEES, COSTS AND SERVICE AWARDS
Case No. 5:18-cv-00801-NC

1

## <u>TABLE OF AUTHORITIES</u>

2

### <u>Cases</u>

3

*Allagas v. BP Solar Int'l., Inc.*
2016 WL 9114162 (N.D. Cal. Dec. 22, 2016)....................................................... 20

4

5

*Allapattah Servs., Inc. v. Exxon Corp.*
188 F.R.D. 667 (S.D. Fla. 1999)
*aff'd*, 333 F.3d 1248 (11th Cir. 2003).................................................................... 8

6

7

*Allen v. Bedolla*
787 F.3d 1218 (9th Cir. 2015) ............................................................................ 10

8

9

*Anderson v. Samsung Telecommc'ns Am., LLC*
2014 WL 11430910 (C.D. Cal. Oct. 20, 2014).................................................... 13

10

*Asghari v. Volkswagen Grp. of Am., Inc.*
2015 WL 12732462 (C.D. Cal. May 29, 2015) ..................................................... 9

11

12

*Barbosa v. Cargill Meat Solutions Corp.*
297 F.R.D. 431 (C.D. Cal. 2013) ........................................................................ 18

13

14

*Bellinghausen v. Tractor Supply Co.*
306 F.R.D. 245 (N.D. Cal. 2015).................................................................. 17, 21

15

16

*Betancourt v. Advantage Human Resourcing, Inc.*
2016 WL 344532 (N.D. Cal. Jan. 28, 2016)........................................................ 22

17

*Black v. T-Mobile USA, Inc.*
2019 WL 3323087 (N.D. Cal. July 24, 2019) ....................................................... 6

18

19

*Boeing Co. v. Van Gemert*
444 U.S. 472 (1980)............................................................................................ 16

20

21

*Brown v. 22nd Dist. Agric. Ass'n*
2017 WL 3131557 (S.D. Cal. July 21, 2017) ...................................................... 21

22

*Brown v. CVS Pharmacy, Inc.*
2017 WL 3494297 (C.D. Cal. Apr. 24, 2017) ..................................................... 18

23

24

*Butler v. Porsche Cars N. Am.*
2017 WL 1398316 (N.D. Cal. Apr. 19, 3017)..................................................... 12

25

26

*Butler v. Sears, Roebuck & Co.*
727 F.3d 796 (7th Cir. 2013) ................................................................................ 9

27

*Carlin v. DairyAm. Inc.*
380 F. Supp. 3d 998 (E.D. Cal. 2019) ........................................................... 20, 22

28

iv

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND
FOR ATTORNEYS' FEES, COSTS AND SERVICE AWARDS
Case No. 5:18-cv-00801-NC

*Ching v. Siemens Indus.*
  2014 WL 2926210 (N.D. Cal. Jun. 27, 2014) .......................................................... 21, 22, 25

*Class Plaintiffs v. Seattle*
  955 F.2d 1268 (9th Cir. 1992) ..................................................................................... 11

*Davidson v. Apple*
  2019 WL 2548460 (N.D. Cal. June 20, 2019) ............................................................. 19

*Ehret v. Uber Techs., Inc.*
  148 F. Supp. 3d 884 (N.D. Cal. 2015) ........................................................................... 8

*Federal Ins. Co. v. Caldera Med., Inc.*
  2016 WL 5921245 (C.D. Cal. Jan. 25, 2016) ................................................................ 12

*Free Range Content, Inc. v. Google, LLC*
  2019 WL 1299504 (N.D. Cal. Mar. 21, 2019) .............................................................. 14

*Galeener v. Source Refrigeration & HVAC, Inc.*
  2015WL 12977077 (N.D. Cal. Aug. 21, 2015) ............................................................. 22

*Galitski v. Samsung Telecommc'ns Am., LLC*
  2015 WL 5319802 (N.D. Tex. Sept. 11, 2015) ............................................................. 13

*Gascho v. Global Fitness Holdings, LLC*
  2014 WL 1350509 (S.D. Ohio Apr. 4, 2014) ................................................................ 10

*Gergetz v. Telenav, Inc.*
  2018 WL 4691169 (N.D. Cal. Sept. 27, 2018) ....................................................... 18, 22, 25

*Gold v. Lumber Liquidators, Inc.*
  323 F.R.D. 280 (N.D. Cal. 2017)................................................................................. 7, 8

*Haag v. Hyundai Motor Am.*
  2019 WL 1029002 (W.D.N.Y. Mar. 5, 2019) ............................................................... 13

*Hanlon v. Chrysler Corp.*
  150 F.3d 1011 (9th Cir. 1998) ............................................................................ 6, 8, 11, 12

*Harrison v. E.I. DuPont De Nemours & Co.*
  2018 WL 5291991 (N.D. Cal. Oct. 22, 2018) .............................................................. 23, 24

*Hefler v. Wells Fargo & Co.*
  2018 WL 6619983 (N.D. Cal. Dec. 18, 2018)................................................................ 23

*Hendricks v. StarKist Co.*
  2015 WL 4498083 (N.D. Cal. July 23, 2015) ............................................................... 14

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND
FOR ATTORNEYS' FEES, COSTS AND SERVICE AWARDS
Case No. 5:18-cv-00801-NC

*Hendricks v. Starkist Co.*
    2016 WL 5462423 (N.D. Cal. Sept. 29, 2016)
    *aff'd*, 754 F. App'x 510 (9th Cir. 2018)..................................................................22

*Hensley v. Eckerhart*
    461 U.S. 424 (1983).......................................................................................18

*Horvath v. LG Elecs. Mobilecomm U.S.A., Inc.*
    2013 WL 12307877 (S.D. Cal. Nov. 5, 2013) ................................................... 1

*In re Bluetooth Headset Prods. Liab. Litig.*
    654 F.3d 935 (9th Cir. 2011) ..........................................................................23

*In re Capacitors Antitrust Litig.*
    2018 WL 4790575 (N.D. Cal. Sept. 21, 2018) ..................................................17

*In re Cathode Ray Tube (CRT) Antitrust Litig.*
    2016 WL 4126533 (N.D. Cal. Jan. 14, 2016) ...................................................18

*In re Citric Acid Antitrust Litig.*
    145 F. Supp. 2d 1152 (N.D. Cal. 2001) ............................................................16

*In re DRAM Antitrust Litig.*
    2013 WL 12387371 (N.D. Cal. Nov. 5, 2013) ..................................................23

*In re Extreme Networks, Inc. Sec. Litig.*
    2019 WL 3290770 (N.D. Cal. July 22, 2019) ............................................. 11, 12

*In re Heritage Bond Litig.*
    2005 WL 1594403 (C.D. Cal. June 5, 2005) .....................................................21

*In re Hyundai & Kia Fuel Econ. Litig.*
    926 F.3d 539 (9th Cir. 2019) ................................................................. 8, 10, 17

*In re iPhone Application Litig.*
    6 F. Supp. 3d 1004 (N.D. Cal. 2013) ................................................................19

*In re LendingClub Sec. Litig.*
    2018 WL 4586669 (N.D. Cal. Sept. 24, 2018) ..................................................24

*In re Lenovo Adware Litig.*
    2019 WL 1791420 (N.D. Cal. Apr. 24, 2019) ............................................. 22, 25

*In re Lidoderm Antitrust Litig.*
    2018 WL 4620695 (N.D. Cal. Sept. 20, 2018) ..................................................23

*In re Lumber Liquidators Chinese-Manufactured Flooring Durability Mktg. & Sales
    Practice Litig.*
    2017 WL 2911681 (E.D. Va. July 7, 2017) ........................................................ 8

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND
FOR ATTORNEYS' FEES, COSTS AND SERVICE AWARDS
Case No. 5:18-cv-00801-NC

*In re Mego Fin. Corp. Sec. Litig.*
213 F.3d 454 (9th Cir. 2000) ................................................................................ 14

*In re MyFord Touch Consumer Litig.*
2016 WL 6873453 (N.D. Cal. Nov. 22, 2016) ...................................................... 13

*In re Omnivision Techs., Inc.*
559 F. Supp. 2d 1036 (N.D. Cal. 2008) .................................................... 14, 15, 18

*In re Portal Software, Inc. Sec. Litig.*
2007 WL 4171201 (N.D. Cal. Nov. 26, 2007) ...................................................... 24

*In re Seagate Tech. LLC*
326 F.R.D. 223 (N.D. Cal. 2018)............................................................................ 13

*In re Tableware Antitrust Litig.*
484 F. Supp. 2d 1078 (N.D. Cal. 2007) ................................................................. 16

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prod. Liab. Litig.*
2012 WL 7802852 (C.D. Cal. Dec. 28, 2012) ......................................................... 9

*In re Toys R Us-Del., Inc. FACTA Litig.*
295 F.R.D. 438 (C.D. Cal. 2014)............................................................................ 25

*In re Volkswagen "Clean Diesel" Mktg., Sales Practice & Prods. Liab. Litig.*
229 F. Supp. 3d 1052 (N.D. Cal. 2017) ................................................................. 10

*In re Wash. Pub. Power Supply Sys. Litig.*
19 F.3d 1291 (9th Cir. 1994) ................................................................................. 16

*In re Washington Pub. Power Supply*
19 F.3d 1291 (9th Cir. 1994) ................................................................................. 21

*Jarrell v. Amerigas Propane, Inc.*
2018 WL 1640055 (N.D. Cal. Apr. 5, 2018) .................................................... 22, 25

*Johnson v. General Mills, Inc.*
2013 WL 3213832 (C.D. Cal. June 17, 2013) ....................................................... 22

*Kacsuta v. Lenovo (United States) Inc.*
2014 WL 12585783 (C.D. Cal. Sept. 15, 2014) ............................................. 8, 9, 13

*Kakani v. Oracle Corp.*
2007 WL 4570190 (N.D. Cal. Dec. 21, 2007) ...................................................... 19

*Linney v. Cellular Alaska P'ship*
151 F.3d 1234 (9th Cir. 1998) ............................................................................... 14

*Mauss v. NuVasive, Inc.*
2018 WL 6421623 (S.D. Cal. Dec. 6, 2018) ......................................................... 18

vii

*Mendez v. C-Two Grp., Inc.*
  2017 WL 1133371 (N.D. Cal. Mar. 27, 2017) .................................................. 11

*Mendoza v. Hyundai Motor Co.*
  2017 WL 342059 (N.D. Cal. Jan. 23, 2017) ......................................... 10, 12, 15

*Messineo v. Ocwen Loan Servicing, LLC*
  2017 WL 733219 (N.D. Cal. Feb. 24, 2017) .................................................... 15

*Moreyra v. Fresenius Med. Care Holdings, Inc.*
  2013 WL 12248139 (C.D. Cal. Aug. 7, 2013) .................................................. 20

*Mullins v. Premier Nutrition Corp.*
  2016 WL 1535057 (N.D. Cal. Apr. 15, 2016) ..................................................... 9

*Nat'l Rural Telecoms. Coop. v. DIRECTV, Inc.*
  221 F.R.D. 523 (C.D. Cal. 2004) ..................................................................... 14

*Nelson v. Avon Prods.*
  2017 WL 733145 (N.D. Cal. Feb. 24, 2017) .............................................. 22, 25

*Nobles v. MBNA Corp.*
  2009 WL 1854965 (N.D. Cal. June 29, 2009) .................................................. 14

*Noll v. eBay, Inc.*
  309 F.R.D. 593 (N.D. Cal. 2015) ..................................................................... 14

*Norris v. Mazzola*
  2017 WL 6493091 (N.D. Cal. Dec. 19, 2017) .................................................. 20

*Opperman v. Kong Techs., Inc.*
  2017 WL 3149295 (N.D. Cal. July 25, 2017) .................................................. 19

*Peel v. Brooksam. Mortg. Corp.*
  2015 WL 12745788 (C.D. Cal. Apr. 6, 2015) .................................................. 22

*Pulaski & Middleman, LLC v. Google, Inc.*
  802 F.3d 979 (9th Cir. 2015) ............................................................................. 9

*Rodriguez v. Hayes*
  591 F.3d 1105 (9th Cir. 2010) ........................................................................... 6

*Rodriguez v. W. Publ'g Corp.*
  563 F.3d 948 (9th Cir. 2009) ........................................................................... 25

*Schiller v. David's Bridal*
  2012 WL 2117001 (E.D. Cal. June 11, 2012) .................................................. 24

*Smith v. Am. Greetings Corp.*
  2016 WL 2909429 (N.D. Cal. May 19, 2016) .................................................. 18

viii

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND
FOR ATTORNEYS' FEES, COSTS AND SERVICE AWARDS
Case No. 5:18-cv-00801-NC

*Spann v. J.C. Penney Corp.*
    314 F.R.D. 312 (C.D. Cal. 2016).................................................................. 12

*Staton v. Boeing Co.*
    327 F.3d 938 (9th Cir. 2003) ................................................................... 7, 16

*Thomas v. MagnaChip Semiconductor Corp.*
    2018 WL 2234598 (N.D. Cal. May 15, 2018)........................................... 17

*Torres v. Mercer Canyons Inc.*
    835 F.3d 1125 (9th Cir. 2016) ...................................................................... 6

*Valentino v. Carter-Wallace, Inc.*
    97 F.3d 1227 (9th Cir. 1996) ....................................................................... 9

*Vincent v. Hughes Air West, Inc.*
    557 F.2d 759 (9th Cir. 1977) ..................................................................... 16

*Vizcaino v. Microsoft Corp.*
    290 F.3d 1043 (9th Cir. 2002) ................................................ 17, 19, 22, 23

*Wahl v. Yahoo! Inc.*
    2018 WL 6002323 (N.D. Cal. Nov. 15, 2018) .......................................... 10

*Waller v. Hewlett-Packard Co.*
    295 F.R.D. 472 (S.D. Cal. 2013) ............................................................... 19

*Wal-Mart Stores, Inc. v. Dukes*
    564 U.S. 338 (2011)...................................................................................... 6

*Walsh v. CorePower Yoga LLC*
    2017 WL 589199 (N.D. Cal. Feb. 14, 2017) ............................................ 10

*Warner v. Toyota Motor Sales, U.S.A., Inc.*
    2016 WL 8578913 (C.D. Cal. Dec. 2, 2016).............................................. 9

*Weeks v. Kellogg Co.*
    2013 WL 6531177 (C.D. Cal. Nov. 23, 2013) .......................................... 22

*Yastrab v. Apple Inc.*
    173 F. Supp. 3d 972 (N.D. Cal. 2016)....................................................... 19

*Zepada v. PayPal, Inc.*
    2017 WL 1113293 (N.D. Cal. Mar. 24, 2017) ......................................... 20

**Rules**

Fed. R. Civ. P. 23 ....................................................................................... *passim*

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND
FOR ATTORNEYS' FEES, COSTS AND SERVICE AWARDS
Case No. 5:18-cv-00801-NC

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on December 6, 2019, at 1:00 p.m., or as soon thereafter as the matter may be heard before the Honorable Nathanael Cousins, United States Magistrate Judge for the Northern District of California, San Jose Division, located at 280 South 1st Street, San Jose, California 95113, Plaintiffs Patricia Weeks, Alicia Helms, Brian McCloy, and Adrian Alcaraz ("Plaintiffs") will and hereby do move the Court, pursuant to Rules 23 and 54 of the Federal Rules of Civil Procedure, for an Order:

    a.    Granting final approval of the proposed class action settlement (the "Settlement") with Defendant Google LLC ("Google");

    b.    Finally determining that the Settlement Class, as defined in the Court's Preliminary Approval Order (ECF No. 171) and in the Settlement, satisfies the prerequisites for maintaining a class action under Rules 23(a) and (b)(3), and certifying the Settlement Class;

    c.    Finally determining that the Settlement and its incorporated Plan of Allocation are fair, reasonable and adequate under Rule 23(e);

    d.    Directing payment of claims under the Settlement;

    e.    Awarding:

        i.    Attorneys' fees to Class Counsel in the amount of $2,175,000, or 30% of the common fund obtained for the Class;

        ii.    Litigation expenses reasonably incurred in furtherance of the case prosecution, in the amount of $364,855.97;

        iii.    Service Awards[1] to each of the Class Representatives in the amount of $5,000; and

    f.    Entering final judgment and dismissing the action.

This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Settlement and all exhibits thereto, the Joint

---

[1] Capitalized terms have the meaning set forth in the definitions section of the Settlement Agreement.  ECF No. 155-2.

x

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR ATTORNEYS' FEES, COSTS AND SERVICE AWARDS
Case No. 5:18-cv-00801-NC

Declaration of Daniel C. Girard and Benjamin F. Johns ("Joint Decl.") submitted herewith, the accompanying Declarations of Plaintiffs Patricia Weeks, Alicia Helms, Brian McCloy, Adrian Alcaraz, and the Declaration of Orlando Castillejos on behalf of the claims administrator, all other pleadings, papers, records, and materials on file in this action, including matters of which the Court may take judicial notice, and such other argument as the Court may consider.

Dated:  August 30, 2019                    Respectfully submitted,

                                           **GIRARD SHARP LLP**

                                           /s/ *Daniel C. Girard*
                                           Daniel C. Girard (State Bar No. 114826)
                                           Jordan Elias (State Bar No. 228731)
                                           Adam E. Polk (State Bar No. 273000)
                                           Simon S. Grille (State Bar No. 294914)
                                           **GIRARD SHARP LLP**
                                           601 California Street, Suite 1400
                                           San Francisco, California 94108
                                           Tel: (415) 981-4800
                                           *dgirard@girardsharp.com*
                                           *jelias@girardsharp.com*
                                           *apolk@girardsharp.com*
                                           *sgrille@girardsharp.com*

                                           Benjamin F. Johns (*pro hac vice*)
                                           Andrew W. Ferich (*pro hac vice*)
                                           Zachary P. Beatty (*pro hac vice*)
                                           Beena M. McDonald (*pro hac vice*)
                                           **CHIMICLES SCHWARTZ KRINER**
                                           **  & DONALDSON-SMITH LLP**
                                           One Haverford Centre
                                           361 West Lancaster Avenue
                                           Haverford, PA 19041
                                           Telephone: (610) 642-8500
                                           *bfj@chimicles.com*
                                           *awf@chimicles.com*
                                           *zpb@chimicles.com*
                                           *bmm@chimicles.com*

                                           *Class Counsel*

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND
FOR ATTORNEYS' FEES, COSTS AND SERVICE AWARDS
Case No. 5:18-cv-00801-NC

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     INTRODUCTION**

Plaintiffs respectfully move for entry of an order granting final approval of the proposed $7,250,000 non-reversionary cash settlement with Google and for awards of attorneys' fees, cost reimbursements, and service payments to the class representatives.  The settlement meets all of the criteria for final approval under Rule 23, and the five percent increase to the 25% benchmark fee is justified by the result achieved and the time invested.  There have been few successful consumer class actions for alleged performance deficiencies in cellular phones.  The most analogous case, *Horvath v. LG Electronics Mobilecomm U.S.A., Inc.*, No. 3:11-cv-1576-H (RBB), 2013 WL 12307877, at *2 (S.D. Cal. Nov. 5, 2013), settled on a claims-made basis for a flat $19 payment for each qualifying claim.  In contrast, the settlement here is a cash fund, fees are proportional to the amount recovered, and class members will receive up to $500 per claim based on common-sense distinctions in the severity and frequency of the product failures they experienced.

The response to the settlement by class members to date has been favorable.  The claims administrator has sent approximately 600,000 notices.  In the three weeks since the notice program began, there have been no objections, 119 opt-outs, and almost 32,000 claims filed—a claims rate of approximately 5%.  An additional five weeks remains for class members to make claims.  The settlement fully complies with this District's class action guidelines,[2] is tailored to the harm alleged, and reflects counsel's efforts to craft a settlement that strikes the right balance between a number of competing imperatives—delivering prompt relief without underselling the case, facilitating participation without inviting fraudulent claims, and fairly distributing the settlement fund among all eligible claimants without overcomplicating the claims process.

The Court set a case management schedule that required the parties to prepare this matter for trial with dispatch.  After the Court decided the motion to dismiss, Class Counsel reviewed nearly half a million pages of documents and the parties took 18 depositions, worked with expert witnesses, and briefed class certification.  Settlement negotiations were supervised by Judge Ryu and conducted after the completion of fact discovery, and the parties thereafter devoted three

---

[2] https://www.cand.uscourts.gov/ClassActionSettlementGuidance.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND
FOR ATTORNEYS' FEES, COSTS AND SERVICE AWARDS
Case No. 5:18-cv-00801-NC

months to negotiating settlement terms, claim procedures, and documentation.  Class Counsel overcame a number of logistical and practical challenges to developing a plan to fairly distribute the recovery.  The plan of allocation before the Court (ECF No. 155-2) provides for greater compensation to class members who actually experienced the alleged audio defect—a problem with the microphones or speakers on a Pixel manufactured before January 4, 2017—while reserving a more modest recovery for class members who never reported experiencing the alleged defect.  The time invested by Class Counsel reflects the effort required to litigate and resolve this case: the current lodestar is $3,247,358.50, meaning the requested fee represents a *negative* multiplier of .67.  The relatively modest incentive awards sought for the Plaintiffs are also reasonable and consistent with amounts approved in similar cases.

Therefore, and for the reasons set forth below, these motions should be granted.

## II.  <u>PROSECUTION AND SETTLEMENT OF THE ACTION</u>

Class Counsel were retained by consumers following reports that the first-generation Pixel and Pixel XL smartphones were experiencing microphone and speaker failures that allegedly prevented the phones from being used as intended.  Joint Decl. ¶ 5.  As set forth below, Class Counsel have devoted thousands of hours and advanced significant out-of-pocket expenses to develop and pursue the claims against Google and negotiate a favorable settlement for the Class. *Id*. ¶ 22.

### A.  <u>Motion to Dismiss Practice</u>

After investigating the facts, Class Counsel filed the Amended Complaint ("FAC") on April 11, 2018.  ECF No. 26.  Google moved to dismiss (ECF No. 42); Plaintiffs opposed the motion (ECF No. 54); and the Court heard argument on August 15, 2018 (ECF No. 63).  The next day, the Court issued an opinion granting in part and denying in part the motion to dismiss.  ECF No. 66.  Plaintiffs then filed the operative Second Amended Complaint ("SAC").  ECF No. 83.

### B.  <u>Discovery Proceedings</u>

After the Court held a Rule 16 conference (ECF No. 44), the parties undertook—and completed—fact discovery, which included:

2

- Taking twelve depositions, including two FED. R. CIV. P. 30(b)(6) depositions of Google, a Rule 30(b)(6) deposition of non-party Verizon, and nine fact witnesses and/or declarants from Google;

- Defending depositions of the four Plaintiffs and of Plaintiffs' two testifying experts;

- Serving and responding to multiple sets of document requests, interrogatories, and requests for admission;

- Negotiating notices of Rule 30(b)(6) depositions of representatives of Google and Verizon;

- Preparing to depose Google's three experts;

- Reviewing and analyzing over 350,000 pages of documents produced by Google and over 100,000 pages of documents produced by non-parties;

- Retaining and working closely with two experts, one on the manufacture of electronics and one on economic damages, each of whom submitted reports and was deposed;

- Obtaining a protective order precluding depositions of former Plaintiffs (ECF No. 136);

- Litigating other discovery disputes (ECF Nos. 104 & 118);

- Negotiating a Protective Order (ECF No. 50) and an ESI Protocol (ECF No. 49);

- Negotiating with Google's attorneys regarding various document, data production, and other discovery issues and disputes, including through numerous telephone conferences and exchanges of written correspondence; and

- Serving subpoenas and negotiating with ten non-parties to obtain documents bearing upon Pixel consumer complaints, repairs, insurance claims, and sales volume.

Joint Decl. ¶ 9.  The parties completed fact discovery on February 15, 2019.  *Id.* ¶ 10.

### C.   **Plaintiffs' Motion for Class Certification**

Plaintiffs moved for class certification on November 5, supporting the motion with written analyses from their two experts.  ECF No. 94.  Google's opposition raised several challenges to certification, relying on declarations from Google employees and from three experts.  ECF No. 133.  The parties settled before the certification motion was heard.  ECF No. 143.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND
FOR ATTORNEYS' FEES, COSTS AND SERVICE AWARDS
Case No. 5:18-cv-00801-NC

D.      **Settlement Negotiations and Proceedings**

The settlement conference with Magistrate Judge Donna M. Ryu initially scheduled for September 2018 was postponed in consideration of the divergent views of the parties on the merits of the case and on Plaintiffs' prospects for certification.  ECF Nos. 52, 56, 75, 79.  On February 22, 2019, after exchanging briefs, the parties participated in a full-day settlement conference before Judge Ryu and reached an agreement in principle.  ECF No. 141.

Class Counsel then devoted several months to negotiating and documenting the settlement terms.  Joint Decl. ¶ 13.  Class Counsel focused on developing a plan of allocation that would fairly compensate class members under various claim scenarios and by reference to the occurrence (or non-occurrence) of alleged product failure.  *Id.* Class Counsel then prepared a preliminary approval motion, which details the plan of allocation at pages 10 through 12.  *See* ECF No. 155.  In sum, all settlement class members are eligible for cash relief, and members who reported suffering multiple alleged failures are eligible to recoup the highest payment.  Joint Decl. ¶ 13.  The Court held a hearing on June 5 (ECF No. 167) and granted preliminary approval on July 22.  ECF No. 171.

III.    **NOTICE AND SETTLEMENT ADMINISTRATION**

A.      **The Class Notice**

The Court's preliminary approval order appointed Kurtzman Carson Consultants LLC ("KCC") as Notice and Settlement Administrator.  ECF No. 171, ¶ 8.  As detailed in the Declaration of Orlando Castillejos, KCC has implemented the Notice Plan as ordered by the Court. ECF No. 155-2 § 4.

1.      **Direct Notice by Email and First-Class Mail**

KCC emailed the Notice and claim form to 539,423 Settlement Class Members whose email addresses were furnished from Google and Verizon's records.[3]  Castillejos Decl. ¶ 8.  KCC then mailed a Supplemental Postcard Notice to an additional 68,846 Settlement Class Members for whom the Email Notice "bounced back" and for whom email addresses were not available.  *Id.* ¶¶

---

[3] Together, Google and Verizon account for approximately 93% of Pixel sales.  ECF No. 157-5, ¶ 41 n.4.

4

9-10.  As such, 75% of the Settlement Class has been contacted via the direct Email Notice and Supplemental Postcard Notice.  *Id.* ¶ 11; ECF No. 155-2 § 4.5.

### 2.   The Settlement Website and Toll-Free Number

KCC also established and operates a dedicated Settlement Website ("Website")— www.PixelSettlement.com—as well as a dedicated toll-free number.  Castillejos Decl. ¶¶ 6-7.  These resources provide real-time information about the Settlement and claims process to Settlement Class Members and allow them to access the claim form and other case documents.  *Id.* ¶ 6.  The website address is included on all forms of Notice provided to Settlement Class Members.  *Id.*[4]

### B.   Claims and Requests for Exclusion

The deadline to submit a claim, opt out or object is October 7.  *Id.* ¶¶ 13-15.  Thus far, 119 class members have opted out, and no objections have been filed.  *Id.* ¶¶ 13-14.  The Claim Form, designed in accordance with the Northern District's Procedural Guidance, allows for ease of use by Settlement Class Members, who may submit a claim online or by mail.  Joint Decl. ¶ 19.  As of August 30, 2019, KCC has received 31,930 claims.  Castillejos Decl. ¶ 15.[5]  All claims are subject to review and audit.  *Id.* ¶ 16.  Claimants who submit claim forms that do not meet the submission requirements will receive notice and an opportunity to cure deficiencies.  *Id.*

### C.   Notice and Administration Expenses

As of August 29, KCC has incurred $11,205 in expenses associated with identifying and notifying class members and administering the Settlement Fund.  Castillejos Decl. ¶ 17.  As provided under the Settlement (§ 4.8), $310,000 has been set aside from the Settlement Fund to pay KCC for its services.  Joint Decl. ¶ 22.  KCC is on track to complete claims administration within the budget provided to the Court at preliminary approval.  Castillejos Decl. ¶ 17.

---

[4] Additionally, on or about July 23, 2019, Class Counsel issued a press release via PR Newswire describing the Settlement.  Joint Decl. ¶ 18.  Other news outlets and technology blogs have likewise reported on the Settlement.  *Id.*

[5] KCC will submit a further declaration with updated claims numbers before the fairness hearing.

IV.  **THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE AND SHOULD BE FINALLY APPROVED.**

A.  **The Proposed Settlement Class Should Be Certified.**

The Court previously found that Rule 23(a) and (b)(3) "are likely to be satisfied for the Settlement Class." ECF No. 171, ¶ 2; *see also* FED. R. CIV. P. 23(e)(1)(B)(i-ii) (by granting preliminary approval, the court finds that it will likely grant final approval). There have been no objections and no intervening events that warrant the Court reconsidering its provisional conclusion. *See, e.g.*, *Black v. T-Mobile USA, Inc.*, No. 17-CV-04151-HSG, 2019 WL 3323087, at *2 (N.D. Cal. July 24, 2019) ("Because no facts that would affect these requirements have changed since the Court preliminarily approved the class . . . this order incorporates by reference its prior analysis under Rules 23(a) and (b) as set forth in the order granting preliminary approval.").

1.  **The Rule 23(a) Prerequisites Are Satisfied For Settlement Purposes.**

a.  **The Class Members Are Too Numerous To Be Joined.**

For a class to be certified, its members must be so numerous that their joinder would be "impracticable." FED. R. CIV. P. 23(a)(1). It is undisputed that hundreds of thousands of first-generation Pixel and Pixel XL phones were sold in the United States. Numerosity is satisfied.

b.  **The Action Involves Common Questions of Law and Fact.**

To satisfy Rule 23(a)(2)'s commonality requirement, the plaintiff's claim "must depend upon a common contention" such that "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). The Ninth Circuit "permissively" construes this requirement—it is satisfied with "shared legal issues" or "a common core of salient facts." *Rodriguez v. Hayes*, 591 F.3d 1105, 1122 (9th Cir. 2010) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)). Here, all of the claims turn on common questions: whether the Pixel is defective, whether and when Google became aware of the alleged defect, and whether Google had a legal duty to disclose this information. Commonality is therefore satisfied.

c.  **Plaintiffs' Claims Are Typical of Those of the Class.**

A plaintiff's claims are typical under Rule 23(a)(3) "if they are reasonably coextensive with those of absent class members." *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1141 (9th Cir.

6

2016).  "Measures of typicality include 'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured in the same course of conduct.'"  *Id*. (citation omitted).

In this case, Plaintiffs and class members have the same types of claims arising from similar injuries related to the same allegedly defective product.  As a result, typicality is satisfied. *See, e.g.*, *Gold v. Lumber Liquidators, Inc.*, 323 F.R.D. 280, 288-89 (N.D. Cal. 2017).

### d.   Plaintiffs and Class Counsel Will Fairly and Adequately Protect the Interests of Class Members.

The test for evaluating adequacy of representation under Rule 23(a)(4) is: "(1) Do the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?"  *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003).  The test is met here.

Plaintiffs and their counsel do not have any conflicts with class members and have vigorously prosecuted this case through pre-complaint investigation, complex motion practice, fact discovery, and settlement negotiations.  Plaintiffs agreed to serve in a representative capacity, communicated frequently with their attorneys, produced documents, responded to multiple rounds of discovery requests, contributed to the preparation of the complaint, and were deposed by Google.  Plaintiffs' declarations detail the time and effort they expended on this litigation.  *See* Declarations of Patricia Weeks, Alicia Helms, Brian McCloy, Adrian Alcaraz, submitted herewith.

Plaintiffs' counsel are experienced consumer advocates and are well qualified to continue serving as Class Counsel.  ECF No. 171, ¶ 2(d).  Collectively, they have decades of experience successfully representing plaintiffs and classes in complex class action litigation, including in consumer product defect cases.  *See* ECF No. 34.  Plaintiffs' counsel have diligently prepared this matter for trial in accordance with the Court's schedule and presented this settlement to the Court in conformity with this District's guidelines.  Adequacy is thus satisfied.

### 2.   Rule 23(b)(3) Is Satisfied For Settlement Purposes.

Rule 23(b)(3) requires that common questions of law or fact "predominate over any questions affecting only individual members," and that a class action be "superior to other

7

available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3). The trial manageability criteria of Rule 23(b)(3)(A) drop out of the analysis when "certifying a settlement class, where, by definition, there will be no trial." *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 557 (9th Cir. 2019). As the Court provisionally found, common questions predominate over individualized questions for settlement purposes, and a class action is a superior method for resolving this controversy. ECF No. 171, ¶¶ 2(b), (e).

### a.   <u>Common Questions of Fact and Law Predominate.</u>

The predominance analysis "focuses on the relationship between the common and individual issues in the case, and tests whether the proposed class is sufficiently cohesive to warrant adjudication by representation." *Ehret v. Uber Techs., Inc.*, 148 F. Supp. 3d 884, 894-95 (N.D. Cal. 2015) (citation omitted). In the settlement context, predominance is ordinarily satisfied when the claims arise out of the defendant's common conduct. *See, e.g.*, *In re Hyundai & Kia*, 926 F.3d at 559 ("We have held that these types of common issues, which turn on a common course of conduct by the defendant, can establish predominance in nationwide class actions.") (citing *Hanlon*, 150 F.3d at 1022-23); *Gold*, 323 F.R.D. at 288, 290-93 (holding that predominance was satisfied where claims were based on "the same defective conduct"); *Kacsuta v. Lenovo (United States) Inc.*, No. 13-cv-00316 CJC (RNBx), 2014 WL 12585783, at *3 (C.D. Cal. Sept. 15, 2014) (common issues "significantly outweigh any individual questions" where the claims arise out of the "same alleged course of conduct" by the defendant).

Plaintiffs and all class members purchased Pixel phones that allegedly contain a common defect, which Google is alleged to have known about and fraudulently concealed. Common questions of law therefore predominate for settlement purposes. Fraudulent concealment, a cause of action available to all class members, "includes a similar set of elements: (1) misrepresentation or omission of a material fact, (2) a duty to disclose, (3) intent to induce reliance and/or defraud, (4) some form of reliance, and (5) resulting damages." *In re Lumber Liquidators Chinese-Manufactured Flooring Durability Mktg. & Sales Practice Litig.*, No. 1:16MD2743 (AJT/TRJ), 2017 WL 2911681, at *7 (E.D. Va. July 7, 2017). Each of these elements, as applied here, focuses on Google's alleged common conduct. *See also Allapattah Servs., Inc. v. Exxon Corp.*, 188 F.R.D.

8

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND
FOR ATTORNEYS' FEES, COSTS AND SERVICE AWARDS
Case No. 5:18-cv-00801-NC

667, 673 (S.D. Fla. 1999), *aff'd*, 333 F.3d 1248 (11th Cir. 2003), *and aff'd*, 545 U.S. 546 (2005) (holding that "factual disputes arising from the fraudulent concealment doctrine can be properly resolved on a class-wide basis . . . notwithstanding slight variations in state law").

Further, common questions of fact abound with respect to Plaintiffs' consumer protection claims: whether the phones are defective; whether Google should have disclosed the existence of the alleged microphone and/or speaker issues, and if so, when; whether the allegedly concealed information was material to a reasonable consumer; and whether class members sustained harm as a result of Google's conduct. *See Kacsuta*, 2014 WL 12585783, at *3 (predominating common issue was "the knowing sale of defective Class Computers").[6]  In contrast, many of the individual questions mostly relate to damages, and damages calculations "alone cannot defeat class certification." *Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979, 987-88 (9th Cir. 2015).

Thus, common questions predominate for settlement purposes.

**b.**   **A Class Action Is the Superior Means of Resolving This Case.**

A class action is also superior under Rule 23(b)(3) because it represents the only realistic method for Pixel owners to obtain relief. *See, e.g.*, *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996) (where "classwide litigation of common issues will reduce litigation costs and promote greater efficiency, a class action may be superior to other methods of litigation").  Class members lack incentive to bring their own cases against Google, given the small potential recovery for each Pixel owner; the parties are unaware of any such cases having been filed.  "Cases, such as this, 'where litigation costs dwarf potential recovery' are paradigmatic examples of those well-suited for classwide prosecution." *Mullins v. Premier Nutrition Corp.*, No. 13-cv-01271-RS, 2016 WL 1535057, at *8 (N.D. Cal. Apr. 15, 2016).

---

[6] *See also Asghari v. Volkswagen Grp. of Am., Inc.*, No. CV13-02529 MMM (VBKx), 2015 WL 12732462, at *15 (C.D. Cal. May 29, 2015) (similar questions concerning a defect and the defendant's knowledge predominated); *Warner v. Toyota Motor Sales, U.S.A., Inc.*, No. CV15-2171 FMO (FFMx), 2016 WL 8578913, at *7 (C.D. Cal. Dec. 2, 2016) (concluding that such questions "would drive the resolution of t[h]e litigation"); *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prod. Liab. Litig.*, No. 8:10-ML-2151 JVS (FMOx), 2012 WL 7802852, at *4 (C.D. Cal. Dec. 28, 2012) (similar); *Butler v. Sears, Roebuck & Co.*, 727 F.3d 796, 802 (7th Cir. 2013) ("There is a single, central, common issue of liability: whether the [product] was defective.").

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND
FOR ATTORNEYS' FEES, COSTS AND SERVICE AWARDS
Case No. 5:18-cv-00801-NC

1  Accordingly, settlement class certification is appropriate and should be granted.

2  **B.    The Class Notice Satisfied Due Process and Rule 23.**

3  "A binding settlement must provide notice to the class in a 'reasonable manner' and

4  otherwise be 'fair, reasonable, and adequate.'"  *In re Hyundai & Kia*, 926 F.3d at 567.  Actual

5  notice is not required, but the notice must "apprise interested parties of the pendency of the action

6  and afford them an opportunity to present their objections."  *Mendoza v. Hyundai Motor Co.*, No.

7  15-cv-01685-BLF, 2017 WL 342059, at \*5 (N.D. Cal. Jan. 23, 2017).

8  The Court previously approved the parties' proposed class notice procedures, which used

9  plain language and relied on emails, postcards, a press release, and creation of a settlement

10  website.  ECF No. 171, ¶¶ 7-14.  The notice program fully complied with Rule 23 and the

11  mandates of due process.  *See, e.g.*, *Wahl v. Yahoo! Inc.*, No. 17-cv-02745-BLF, 2018 WL

12  6002323, at \*3 (N.D. Cal. Nov. 15, 2018) (concluding that a notice plan calling for direct email

13  notice, followed by mailed notice to individuals to whom emails "bounced," constituted "the best

14  notice practicable under the circumstances"); *Walsh v. CorePower Yoga LLC*, No. 16-cv-05610-

15  MEJ, 2017 WL 589199, at \*12 (N.D. Cal. Feb. 14, 2017) (approved notice plan provided for a

16  combination of mail and email using the most recent contact information available).  As discussed

17  above, KCC followed the approved notice procedures to reach a significant majority of the Class.

18  The current claims rate of 5% further demonstrates the adequacy of the Notice.  *See, e.g.*, *Gascho*

19  *v. Global Fitness Holdings, LLC*, No. 2:11-cv-436, 2014 WL 1350509, at \*30 (S.D. Ohio Apr. 4,

20  2014) ("[R]esponse rates in class actions generally range from one to 12 percent").

21  **C.    The Settlement With Google Is Fair, Reasonable and Adequate.**

22  The Ninth Circuit favors compromise and settlement of class actions.  *In re Volkswagen*

23  *"Clean Diesel" Mktg., Sales Practice & Prods. Liab. Litig.*, 229 F. Supp. 3d 1052, 1061 (N.D.

24  Cal. 2017) (quoting *Allen v. Bedolla*, 787 F.3d 1218, 1223 (9th Cir. 2015)).  Courts give:

25  proper deference to the private consensual decision of the parties. . . . [T]he
court's intrusion upon what is otherwise a private consensual agreement

26  negotiated between the parties to a lawsuit must be limited to the extent necessary
to reach a reasoned judgment that the agreement is not the product of fraud or

27  overreaching by, or collusion between, the negotiating parties, and that the
settlement, taken as a whole, is fair, reasonable and adequate to all concerned.

28

10

*Hanlon*, 150 F.3d at 1027 (citation and internal quotations omitted).

In determining whether a proposed class settlement is "fair, reasonable, and adequate" (FED. R. CIV. P. 23(e)), courts in this Circuit consider: (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *Hanlon*, 150 F.3d at 1026-27. The recent amendments to Rule 23(e) direct the Court to consider a similar set of factors, including whether:

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account:
>
>> (i) the costs, risks, and delay of trial and appeal;
>>
>> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>>
>> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>>
>> (iv) any agreement required to be identified under Rule 23(e)(3); and
>
> (D) the proposal treats class members equitably relative to each other.

FED. R. CIV. P. 23(e)(2).[7] As applied here, these factors confirm that both the procedure used in negotiating the Settlement and its substance are fair, reasonable, and adequate.

### 1.    The Settlement Resulted From Informed, Arm's Length Negotiations.

Under Rule 23(e)(2)(A)-(B), the Court considers whether Plaintiffs and Class Counsel adequately represented the class and whether the proposal was negotiated at arm's length. *See In re Extreme Networks*, 2019 WL 3290770, at *4; *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1290 (9th Cir. 1992). A presumption of fairness attaches when the settlement resulted from arm's-length negotiations, *Mendez v. C-Two Grp., Inc.*, No. 13-cv-05914-HSG, 2017 WL 1133371, at *4

---

[7] The Advisory Committee's notes clarify that this list of factors does not "displace" the *Hanlon* factors, "but instead aim[s] to focus the court and attorneys on 'the core concerns of procedure and substance that should guide the decision whether to approve the proposal.'" *In re Extreme Networks, Inc. Sec. Litig.*, No. 15-CV-04883-BLF, 2019 WL 3290770, at *6 (N.D. Cal. July 22, 2019) (quoting FED. R. CIV. P. 23(e)(2) advisory committee's note (2018)).

11

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR ATTORNEYS' FEES, COSTS AND SERVICE AWARDS
Case No. 5:18-cv-00801-NC

(N.D. Cal. Mar. 27, 2017), and "[t]he assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive." *Federal Ins. Co. v. Caldera Med., Inc.*, No. 2:15-cv-00393-SVW-PJW, 2016 WL 5921245, at *5 (C.D. Cal. Jan. 25, 2016).

As discussed above, the settlement here was negotiated under the auspices of Judge Ryu, and this Court has already found that "[t]he Settlement is the product of non-collusive arm's-length negotiations between experienced counsel." ECF No. 171, ¶ 3. *See also, e.g.*, *In re Extreme Networks*, 2019 WL 3290770, at *8 ("There is no evidence that the parties colluded here. Counsel's fee request is proportionate to the settlement fund, there is no clear sailing provision, and no funds revert").

### 2.   <u>The Settlement Relief for the Class Is Adequate.</u>

#### a.   <u>The Strengths of Plaintiffs' Case, Balanced Against the Risks of Continuing Litigation, Weigh in Favor of Approval.</u>

Under Rule 23(e)(2)(C)(i), courts in the "Ninth Circuit evaluate 'the strength of the plaintiff's case; complexity, and likely duration of further litigation; [and] the risk of maintaining class action status throughout the trial.'" *In re Extreme Networks*, 2019 WL 3290770, at *8 (quoting *Hanlon*, 150 F.3d at 1026). The Northern District has recognized that "[a]pproval of a class settlement is appropriate when 'there are significant barriers plaintiffs must overcome in making their case.'" *Mendoza*, 2017 WL 342059, at *6 (citation omitted).

Google has consistently and vigorously denied liability from the outset. *See, e.g.*, *Spann v. J.C. Penney Corp.*, 314 F.R.D. 312, 326 (C.D. Cal. 2016) ("The settlement the parties have reached is even more compelling given the substantial litigation risks in this case."). The Court's motion to dismiss opinion dismissed several of Plaintiffs' claims, and expressed some doubt about the claims upheld. ECF No. 66. Google disputes that the Pixels were defective, and opposed class certification on a number of grounds. *See* ECF No. 133. Among other things, Google argued that there was no cohesive class because the alleged defect would not necessarily manifest and, in fact, most Pixel purchasers never had any audio issues. *Id.* at 7 (citing *Butler v. Porsche Cars N. Am.*, 2017 WL 1398316, at *6 (N.D. Cal. Apr. 19, 2017)). Google further argued that the question of exclusive knowledge could not be determined on a class-wide basis because Google's knowledge

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND
FOR ATTORNEYS' FEES, COSTS AND SERVICE AWARDS
Case No. 5:18-cv-00801-NC

of the problem evolved over time—an argument that posed a risk to certification, or at minimum, of significantly curtailing the damages period.  ECF No. 133 at 10 (citing *In re Seagate Tech. LLC*, 326 F.R.D. 223, 245 (N.D. Cal. 2018); *In re MyFord Touch Consumer Litig.*, No. 13-CV-03072-EMC, 2016 WL 6873453, at *4 (N.D. Cal. Nov. 22, 2016)).  Moreover, Google disputed the severity of the alleged defect and attacked Plaintiffs' complex theory of damages, which Plaintiffs would have had to explain to a lay jury.  ECF No. 133 at 14-15, 20-22.  Plaintiffs thus recognized that they faced significant risks at the class certification, summary judgment and trial stages.  *See, e.g.*, *Anderson v. Samsung Telecommc'ns Am., LLC*, No. SACV 13-01028-CJC (JPRx), 2014 WL 11430910, at *1 (C.D. Cal. Oct. 20, 2014) (denying certification in case alleging smartphones "repeatedly experienced unintended, uninitiated power loss, often accompanied by freezing"); *Galitski v. Samsung Telecommc'ns Am., LLC*, No. 3:12-CV-4782-D, 2015 WL 5319802, at *1 (N.D. Tex. Sept. 11, 2015) (denying certification in case alleging defect in smartphone caused it to "randomly freeze, shut down, reboot, and power off"); *Haag v. Hyundai Motor Am.*, No. 12-CV-6521L, 2019 WL 1029002, at *4 (W.D.N.Y. Mar. 5, 2019) (common issues did not predominate in a putative product defect class action, as "there is no basis for the Court to infer that a reasonable consumer—let alone an entire class of consumers—would have demanded a lower purchase or lease price if they were informed that they might have to perform [auto part] replacement and maintenance . . . earlier than they otherwise expected.").

To prevail, Plaintiffs would have had to obtain class certification, defend a certification order on appeal under Rule 23(f), survive motions for decertification and for summary judgment, and prevail at trial and in any post-trial appeal.  In addition, particularly given smartphones' limited shelf life, further delay would have been detrimental to class members, complicating the litigation and the eventual notice and claims process.  By comparison, the settlement before the Court provides certain and immediate relief to the consumers in this class.  *See, e.g.*, *Kacsuta*, 2014 WL 12585783, at *4 (risks arising from a vigorous defense where, as here, a motion to dismiss had been granted in part, weighed in favor of settlement).

b.    **The Settlement Provides a Substantial and Immediate Recovery to Class Members.**

For the reasons set forth in their preliminary approval motion, had Plaintiffs prevailed at trial and in a post-trial appeal, the class could have expected a judgment in the range of $19.15 million.  *See* ECF No. 155 at 7-9.  The $7.25 million in settlement consideration thus represents approximately 38% of a projected verdict.  If the Court had required a form of individualized proof following a favorable verdict on liability, the total recovery would have been further reduced.  Especially given Google's defenses and class certification challenges, the settlement delivers a substantial recovery.  In this regard, Judge Davila's comment is pertinent: "Immediate receipt of money through settlement, even if lower than what could potentially be achieved through ultimate success on the merits, has value to a class, especially when compared to risky and costly continued litigation."  *Noll v. eBay, Inc.*, 309 F.R.D. 593, 606 (N.D. Cal. 2015).[8]  The most analogous smartphone case yielded much lower payments than those provided here.  *See, e.g.*, *Horvath*, *supra*, ECF No. 101 (approving settlement providing $19 per claimant in class action alleging that a defect in smartphones caused them to "randomly freeze, crash, reset or power-off completely").

c.    **The Judgment of Knowledgeable Counsel and the Response of Class Members Favor Approval**

Courts within the Ninth Circuit also give weight to the view of experienced counsel and the response of class members.  *See, e.g.*, *Nobles v. MBNA Corp.*, No. 06-cv-3723 CRB, 2009 WL 1854965, at *2 (N.D. Cal. June 29, 2009); *Nat'l Rural Telecoms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004).  Class Counsel strongly endorse this Settlement (Joint Decl. ¶ 5), and, given their experience in cases of this nature, "Class counsel's views that the settlement is a good one is entitled to significant weight."  *Free Range Content, Inc. v. Google, LLC*, No. 14-cv-02329-BLF, 2019 WL 1299504, at *7 (N.D. Cal. Mar. 21, 2019) (citing *In re Omnivision Techs.*,

---

[8] *See, e.g.*, *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) ("difficulties in proving the case" favored approval); *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998) (settlement amounting to a fraction of the potential recovery was reasonable in light of the risks of going to trial); *Hendricks v. StarKist Co.*, No. 13-CV-00729-HSG, 2015 WL 4498083, at *7 (N.D. Cal. July 23, 2015) (settlement representing "only a single-digit percentage of the maximum potential exposure" was reasonable given the defenses and the potential weaknesses in the case).

*Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008)); *see also Mendoza*, 2017 WL 342059, at *7 (holding that the recommendation of experienced counsel in consumer class actions is entitled to a presumption of reasonableness).

The positive reaction from class members further weighs in favor of approval.  There have been almost 32,000 claims filed, representing a 5% claims rate.  This result is in line with that in comparable settlements.  *See, e.g.*, *Messineo v. Ocwen Loan Servicing, LLC*, No. 15-cv-02076-BLF, 2017 WL 733219, at *7 (N.D. Cal. Feb. 24, 2017) (collecting cases and finding that a 9.26% claims rate "strongly favors final approval").  There also have been no objections and only 119 opt outs from the hundreds of thousands of class members.  Castillejos Decl. ¶¶ 13-14; *see In re Omnivision Techs.*, 559 F. Supp. 2d at 1043 ("[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class").

### d.   The Claims Process Is Convenient, and the Requested Attorneys' Fees Are Reasonable.

Rule 23(e)(2)(c)(ii) asks whether the methods of distribution and claims processing are effective.  Class members here have received information regarding the Settlement benefits through the Court-approved notice program.  ECF No. 171 ¶¶ 7-14.  To obtain those benefits, class members need only submit a claim form, which was designed to be as convenient as possible—and which is pre-populated where feasible—and, depending on the class members' experience, certify or provide minimal documentation of the problems.[9]  Accordingly, the Settlement's method for processing claims and distributing relief is fair and reasonable.

Under Rule 23(e)(2)(C)(ii), the court also considers whether the terms of the attorneys' fees requested are reasonable.  As discussed more fully below, Plaintiffs submit that the requested fees and services awards are reasonable given the time invested and the result achieved.[10]

---

[9] *See* http://www.pixelsettlement.com/media/2253219/claim_form.pdf.

[10] With respect to Rule 23(e)(2)(C)(iv), there are no agreements, other than the Settlement, required to be identified under Rule 23(e)(3).

15

1

### e.    The Settlement Treats All Class Members Equitably.

2

Rule 23(e)(2)(D) asks whether "the proposal treats class members equitably relative to each

3

other."  The crux of the inquiry is whether the agreement "improperly grant[s] preferential

4

treatment to class representatives or segments of the class."  *In re Tableware Antitrust Litig.*, 484

5

F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (citation omitted).

6

The Settlement does not grant preferential treatment to the class representatives or any

7

subgroup.  *In re Citric Acid Antitrust Litig.*, 145 F. Supp. 2d 1152, 1154 (N.D. Cal. 2001) ("A plan

8

of allocation that reimburses class members based on the type and extent of their injuries is

9

generally reasonable.").  The Settlement delivers the most complete relief to those who reported

10

suffering the more extensive injuries and who make a documented showing to support their claims,

11

while also recognizing that some class members prefer to accept a reduced recovery in exchange

12

for filing a claim without supporting documentation.  The Plan of Allocation (ECF No. 155-2)

13

makes common-sense distinctions between class members who reported experiencing the alleged

14

defect, who reported experiencing it again on a replacement Pixel, and who paid an insurance

15

premium because of it.  *See* ECF No. 155 at 10-12.  All settlement class members are entitled to

16

compensation and are placed on an equal footing, supporting final approval.

17

### V.    THE REQUESTED ATTORNEYS' FEES, COSTS, AND SERVICE PAYMENTS SHOULD BE AWARDED.

18

19

When counsel has created benefits or a common fund for a class, counsel is entitled to an

20

award of fair and reasonable attorneys' fees for their services.  *Boeing Co. v. Van Gemert*, 444

21

U.S. 472, 478 (1980) ("[A] lawyer who recovers a common fund for the benefit of persons other

22

than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole."); *see*

23

*Vincent v. Hughes Air West, Inc.*, 557 F.2d 759, 769 (9th Cir. 1977). This "common fund doctrine"

24

prevents unjust enrichment, "ensur[ing] that each member of the winning party contributes

25

proportionately to the payment of attorney's fees."  *Staton*, 327 F.3d at 267; *In re Wash. Pub.*

26

*Power Supply Sys. Litig.*, 19 F.3d 1291, 1300 (9th Cir. 1994).  Class Counsel respectfully submit

27

that the requested 30% fee is appropriate given their efforts in bringing about a settlement

28

benefiting the Class and the risks they assumed by handling this matter on a fully contingent basis.

16

1

**A.**      **The Percentage Method Should Be Used to Determine Class Counsel's Fees.**

2       "Courts in this circuit determine attorney's fees in class actions using either the lodestar

3   method or the percentage-of-recovery method."  *In re Hyundai & Kia*, 926 F.3d at 570; *Vizcaino v.*

4   *Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002).  The percentage-of recovery method awards

5   attorneys' fees in the amount of a percentage of the common fund, and this method "is *preferred*

6   when counsel's efforts have created a common fund for the benefit of the class."  *In re Capacitors*

7   *Antitrust Litig.*, 2018 WL 4790575, at *2 (N.D. Cal. Sept. 21, 2018) (emphasis in original); *see*

8   *also Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 260 (N.D. Cal. 2015) ("Because this

9   case involves a common settlement fund with an easily quantifiable benefit to the class, the Court

10   will primarily determine attorneys' fees using the benchmark method but will incorporate a

11   lodestar cross-check to ensure the reasonableness of the award.").  The settlement amount in this

12   case is a fixed common fund of $7,250,000, so the benefit to the class is easily quantifiable,

13   weighing in favor of determining attorneys' fees using the percentage method.  *See Destefano v.*

14   *Zynga, Inc.*, No. 12-cv-04007-JSC, 2016 WL 537946, at *17 (N.D. Cal. Feb. 11, 2016).

15       **B.**      **Class Counsel's Requested Fee Award Is Reasonable.**

16       Class Counsel's requested fee amount of 30% is within "20-30 percent as the usual range"

17   in common fund cases.  *Destefano*, 2016 WL 537946, at *16; *Vizcaino*, 290 F.3d at 1047.  The

18   Ninth Circuit's 25% "benchmark" for an attorneys' fees award in a class action is a starting point;

19   the Court determines the appropriate percentage by "tak[ing] into account all of the circumstances

20   of the case."  *Vizcaino*, 290 F.3d at 1048.  The benchmark is subject to adjustment based on the

21   Court's assessment of: "(1) the results achieved for the class; (2) the complexity of the case and the

22   risk of and expense to counsel of litigating it; (3) the skill, experience, and performance of counsel

23   on both sides; (4) the contingent nature of the fee; and (5) fees awarded in comparable cases."  *In*

24   *re Capacitors*, 2018 WL 4790575, at *3 (citing *Vizcaino*, 290 F.3d at 1048-50).  Thus "[t]he

25   benchmark should be adjusted when the percentage of recovery would be 'either too small or too

26   large in light of the hours devoted to the case or other relevant factors."  *Thomas v. MagnaChip*

27   *Semiconductor Corp.*, No. 14-cv-01160-JST, 2018 WL 2234598, at *11 (N.D. Cal. May 15, 2018)

28   (citation omitted).

17

As discussed below, all of the *Vizcaino* factors support Class Counsel's requested fee.

### 1.   **Class Counsel Achieved an Excellent Result for the Class.**

"The most important factor is the results achieved for the class.  Outstanding results merit a higher fee." *In re Cathode Ray Tube (CRT) Antitrust Litig.*, MDL No. 1917, 2016 WL 4126533, at *4 (N.D. Cal. Jan. 14, 2016) (citing *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008)); *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) (noting "the most critical factor is the degree of success obtained").  Class Counsel here obtained substantial monetary relief for the Class through their efforts.  The settlement equates to an estimated 38% of recoverable damages.  ECF No. 155 at 7-9.  These results, moreover, were achieved in an adversarial litigation against skilled defense counsel.  *See, e.g.*, *Barbosa v. Cargill Meat Solutions Corp.*, 297 F.R.D. 431, 449 (C.D. Cal. 2013) ("The quality of opposing counsel is important in evaluating the quality of Class Counsel's work.").

The common fund will deliver monetary benefits to *all* members of the Settlement Class, providing the greatest relief to those who reported suffering multiple microphone or speaker failures.  Joint Decl. ¶ 4.  After deduction of the requested attorneys' fees and costs, $4.375 million remains—an amount that should be sufficient to provide all settlement groups with the full payments provided for under the allocation plan.[11]  *Id.* ¶ 33.  Accordingly, the size of the Settlement Fund supports the requested fee award.[12]

---

[11] While the plan will result in the Settlement Fund being fully distributed, the parties propose that any residual amounts (*e.g.*, from uncashed checks) be disbursed to the National Consumer Law Center.  ECF No. 157-5, ¶ 40.

[12] *See*, *e.g., Gergetz v. Telenav, Inc.*, No. 16-CV-04261-BLF, 2018 WL 4691169, at *7 (benchmark increased to 30% of the $3.5 million gross settlement fund in taking into account the exceptional results achieved among other factors); *Mauss v. NuVasive, Inc.*, No. 13cv2005 JM (JLB), 2018 WL 6421623, at *6 (S.D. Cal. Dec. 6, 2018) (settlement that was "approximately 23 to 24 percent" of the maximum damages weighed in favor of upward adjustment of the benchmark to 30 percent of the common fund); *Brown v. CVS Pharmacy, Inc.*, No. CV15-7631 PSG (PJWX), 2017 WL 3494297, at *6 (C.D. Cal. Apr. 24, 2017) (settlement of 27% of maximum possible recovery weighed in favor of upward adjustment from the benchmark); *Smith v. Am. Greetings Corp.*, No. 14-cv-02577-JST, 2016 WL 2909429, at *8 (N.D. Cal. May 19, 2016) ("It is also notable that the settlement represents 20% of the class's maximum possible recovery").

18

### 2.      The Class Claims Against Google Were Risky and Complex.

The risk of litigation is another important factor in determining a reasonable fee.  *Vizcaino*,
290 F.3d at 1048 ("Risk is a relevant circumstance" when applying the percentage-of-fund
method); *Destefano*, 2016 WL 537946, at *17 (approving the requested fee, in part, because the
"risks associated with the case were substantial").  Consumer fraud class actions are generally
riskier than other types of class actions.  *Kakani v. Oracle Corp.*, No. C 06-06493WHA, 2007 WL
4570190, at *4 (N.D. Cal. Dec. 21, 2007).  Courts frequently dismiss or deny class certification in
consumer cases against device manufacturers.[13]

Class Counsel took on considerable risk in challenging Google.  Absent settlement, Google
would have continued to apply its resources to vigorously oppose class certification and likely
would have moved to decertify the class and for summary judgment had the case progressed.
Plaintiffs would have had to overcome numerous complex defenses, including Google's arguments
that the failure rate was low and that it lacked sufficient knowledge to give rise to a duty to
disclose.  *See* ECF No. 66 at 18-19 ("the Court has a hard time understanding how Google engaged
in an act of fraudulent omission . . . ."); *Davidson*, 2019 WL 2548460, at *19 (denying class
certification for the third time).  Even if Plaintiffs had prevailed at class certification and summary
judgment, there would have been a "battle of the experts" on both liability and damages, and a
likely post-trial appeal.  Seeing this case through to judgment would have required countless hours
and enormous expense.

The Settlement is a win for consumers.  All settlement class members have the opportunity
to share in the recovery and gain relief with minimal effort using a simplified claim process.  The
substantial risks of little or no recovery, together with the complexity of the case and likelihood of

---

[13] *See, e.g.*, *Davidson v. Apple*, No. 16-cv-04942-LHK, 2019 WL 2548460, at *19 (N.D. Cal. June
20, 2019) (denying class certification for the third time in a consumer case involving smartphones);
*In re iPhone Application Litig.*, 6 F. Supp. 3d 1004, 1007 (N.D. Cal. 2013) (granting summary
judgment and denying class certification as moot in case involving Apple's data collection
practices); *Yastrab v. Apple Inc.*, 173 F. Supp. 3d 972, 976 (N.D. Cal. 2016) (dismissing with
prejudice claims based on software updates that purportedly removed features from phones);
*Waller v. Hewlett-Packard Co.*, 295 F.R.D. 472, 484 (S.D. Cal. 2013); *Opperman v. Kong Techs.,
Inc.*, No. 13-CV-00453-JST, 2017 WL 3149295, at *13 (N.D. Cal. July 25, 2017) (denying class
certification in case based on alleged security flaws in Apple's mobile applications).

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND
FOR ATTORNEYS' FEES, COSTS AND SERVICE AWARDS
Case No. 5:18-cv-00801-NC

significant additional expense, weigh in favor of the requested fee.

### 3.   Class Counsel Performed Well in the Face of Highly Skilled Adversaries.

Class Counsel's experience and the result delivered also support the fee request. *Norris v. Mazzola*, No. 15-cv-04962-JSC, 2017 WL 6493091, at *13 (N.D. Cal. Dec. 19, 2017) (noting that the skill required in extensive motion practice and discovery as well as the quality of work performed by highly experienced counsel supported the fee award). "Class counsel [who] specialize in consumer class actions, and have served as counsel for classes of plaintiffs in a variety of substantive areas," can prove particularly beneficial. *Zepada v. PayPal, Inc.*, No. C 10-2500 SBA, 2017 WL 1113293, at *20 (N.D. Cal. Mar. 24, 2017) (finding that class counsel's consumer class action expertise allowed for a result that "would have been unlikely if entrusted to counsel of lesser experience or capability" given the "substantive and procedural complexities" and the "contentious nature" of the allegations).[14]

Class Counsel have significant expertise prosecuting large-scale consumer class actions. *See* ECF No. 25; Joint Decl. ¶ 5.  The quality of their representation is reflected in the work they performed throughout the case and, ultimately, in the settlement before the Court.  *See Moreyra v. Fresenius Med. Care Holdings, Inc.*, No. SACV-10-517 JVS (RZx), 2013 WL 12248139, at *3 (C.D. Cal. Aug. 7, 2013) (the result is "[t]he single clearest factor reflecting the quality of class counsels' services") (citation omitted).  Class Counsel applied their experience from case inception forward by actively investigating the underlying facts, interviewing prospective class members, sending demand letters, and filing and pursuing the action.  Joint Decl. ¶ 26.  Among other work, Class Counsel (a) developed the legal theories to pursue against Google; (b) defended these theories in opposing its motion to dismiss and preparing a contested motion for class certification; (c) sought and responded to written discovery requests and then reviewed and analyzed hundreds of thousands of pages of documents from Google and ten subpoenaed non-parties; (d) took twelve depositions

---

[14] *See also Allagas v. BP Solar Int'l., Inc.*, No. 3:14-cv-00560-SI (EDL), 2016 WL 9114162, at *2-3 (N.D. Cal. Dec. 22, 2016); *Carlin v. DairyAm. Inc.*, 380 F. Supp. 3d 998, 1021 (E.D. Cal. 2019) (the "breadth and depth" of plaintiffs' counsel's experience and their "'prosecution and management of a complex national class action" justified an upward departure from the 25% benchmark).

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR ATTORNEYS' FEES, COSTS AND SERVICE AWARDS
Case No. 5:18-cv-00801-NC

and defended six; (e) retained and worked closely with an electrical engineering expert, Dr. Shahin Nazarian, to assess the technical underpinnings of the alleged defect, and an economist, Stefan Boedeker, to analyze class-wide damages; and (f) secured a reasonable settlement. *Id.* Class Counsel, confronting skilled defense counsel, provided timely and effective legal services, supporting an upward adjustment to their fee.

### 4.    Class Counsel Worked on a Contingent Basis.

"When counsel takes cases on a contingency fee basis, and litigation is protracted, the risk of non-payment . . . justifies a significant fee award." *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 261 (N.D. Cal. 2015). The potential that Class Counsel would receive little or no compensation for their work weighs in favor of the requested fee. *See In re Washington Pub. Power Supply*, 19 F.3d 1291, 1299 (9th Cir. 1994) ("It is an established practice in the private legal market to reward attorneys for taking the risk of non-payment by paying them a premium over their normal hourly rates for winning contingency cases.").[15] At the outset of the case, it was far from a sure thing that Class Counsel would bring it to a successful outcome. Class Counsel's fee was entirely contingent. Joint Decl. ¶ 26. Since early 2018, Class Counsel advanced all necessary expenses, and the representation precluded them from working on various other matters. *Id.* ¶ 18.

### 5.    The Positive Reaction of the Class Supports the Fee Request.

"The absence of objections or disapproval by class members to Class Counsel's fee request further supports finding the fee request reasonable." *In re Heritage Bond Litig.*, No. 02-ML-1475, 2005 WL 1594403, at *21 (C.D. Cal. June 5, 2005). The Notice states that Class Counsel will seek up to 30% of the Settlement Fund as attorneys' fees, and as of this filing, no class member has objected.[16] The absence of objections suggests a 30% fee is reasonable. *See, e.g., Jarrell v.*

---

[15] *See also Ching v. Siemens Indus.*, No. 11-cv-04838-MEJ, 2014 WL 2926210, at *8 (N.D. Cal. Jun. 27, 2014) ("Courts have long recognized that the public interest is served by rewarding attorneys who assume representation on a contingent basis with an enhanced fee to compensate them for the risk that they might be paid nothing at all for their work."); *Brown v. 22nd Dist. Agric. Ass'n*, No. 15-cv-02578-DHB, 2017 WL 3131557, at *8 (S.D. Cal. July 21, 2017) (recognizing that "class counsel was forced to forgo other employment in order to devote necessary time to this litigation" and concluding that the substantial risk associated with taking the matter on a contingent basis warranted "an upward adjustment to the fee award").

[16] Plaintiffs reserve the right to respond to any objections that may be filed.

*Amerigas Propane, Inc.*, No. 16-cv-01481-JST, 2018 WL 1640055, at *3 (N.D. Cal. Apr. 5, 2018) ("[T]he Court now concludes that a slight upward adjustment—to 30% of the common fund—is warranted based on several factors, including the results achieved, the risk of non-recovery, and the fact that no class member has objected to the proposed award.").[17]

### 6. The Requested Fee Percentage Accords with the Fee Percentages Awarded in Similar Cases.

Class Counsel's fee request is within the usual range of "20-30%" in common fund cases. *Vizcaino*, 290 F.3d at 1047. "[T]he request for attorneys' fees in the amount of 30% of the common fund falls within the range of acceptable attorneys' fees in Ninth Circuit cases." *Ching*, 2014 WL 2926210, at *8 (30% awarded) (collecting cases); *Galeener v. Source Refrigeration & HVAC, Inc.*, No. 3:13-cv-04960-VC, 2015 WL 12977077, at *1 (N.D. Cal. Aug. 21, 2015).[18] The requested 30% is also within the range awarded specifically in consumer class actions, which, as noted above, pose unique risks. *See, e.g.*, *In re Lenovo Adware Litig.*, No. 4:15-md-02624-HSG, 2019 WL 1791420, at *8 (N.D. Cal. Apr. 24, 2019) (awarding 30% in consumer privacy litigation); *Hendricks v. Starkist Co.*, No. 13-cv-00729-HSG, 2016 WL 5462423, at *12-13 (N.D. Cal. Sept. 29, 2016) (finding award of 30% reasonable in consumer fraud case), *aff'd*, 754 F. App'x 510 (9th Cir. 2018).[19]

Thus, Class Counsel's requested fee award is in line with fees approved in connection with comparable settlements throughout the Ninth Circuit.

[17] *See also Spann v. J.C. Penney Corp.*, 211 F. Supp. 3d 1244, 1264 (C.D. Cal. 2016) (although seven class members objected to the settlement, the number represented a very small number of those who received notice); *Dudum v. Carter's Retail, Inc.*, No. 14-cv-00988-HSG, 2016 WL 7033750, at *6 (N.D. Cal. Dec. 2, 2016); *Smith v. American Greetings Corp.*, 2016 WL 2909429, at *5-6.

[18] *See also, e.g., Gergetz*, 2018 WL 4691169, at *7 (30%); *Nelson v. Avon Prods.*, No. 13-cv-02276-BLF, 2017 WL 733145, at *6-7 (N.D. Cal. Feb. 24, 2017) (awarding 33.3% and collecting cases awarding 30% or more); *Jarrell*, 2018 WL 1640055, at *4 (30%); *Betancourt v. Advantage Human Resourcing, Inc.*, No. 14-cv-01788-JST, 2016 WL 344532, at *8-9 (N.D. Cal. Jan. 28, 2016) (34.3%); *Carlin*, 380 F. Supp. 3d at 1023 (33.3%).

[19] *See also, e.g., Johnson v. General Mills, Inc.*, No. ACV 10-00061-CJC, 2013 WL 3213832, at *6 (C.D. Cal. June 17, 2013) (awarding 30% in false advertising case under the CLRA and UCL); *Peel v. Brooksam. Mortg. Corp.*, No. SACV-1179 JLS (RNBx), 2015 WL 12745788, at *6 (C.D. Cal. Apr. 6, 2015) (approving 29.3% in case involving fraudulent omissions); *Weeks v. Kellogg Co.*, No. CV 09-08102 MMM RZX, 2013 WL 6531177, at *29-30 (C.D. Cal. Nov. 23, 2013) (concluding that 30% of settlement fund was a reasonable fee in consumer fraud case).

22

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR ATTORNEYS' FEES, COSTS AND SERVICE AWARDS
Case No. 5:18-cv-00801-NC

1

**7.      A Lodestar Cross-Check Confirms the Reasonableness of a 30% Fee.**

2       The Ninth Circuit encourages a lodestar calculation cross-check on the reasonableness of

3   attorneys' fees awarded under the percentage-of-fund method.  *Harrison v. E.I. DuPont De*

4   *Nemours & Co.*, No. 13-cv-01180-BLF, 2018 WL 5291991, at *6 (N.D. Cal. Oct. 22, 2018) (citing

5   *Vizcaino*, 290 F.3d at 1050).  "Under the lodestar method, attorney's fees are 'calculated by

6   multiplying the number of hours the prevailing party reasonably expended on the litigation (as

7   supported by adequate documentation) by a reasonable hourly rate for the region and for the

8   experience of the lawyer.'"  *Id.* (quoting *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935,

9   941 (9th Cir. 2011)).  The cross-check, however, calls for neither "mathematical precision nor bean

10   counting."  *Id.*  Reasonable hourly rates are prevailing rates in the District for professionals of

11   comparable skill, experience, and reputation.  *Lenovo*, 2019 WL 1791420, at *8; *see also Hefler v.*

12   *Wells Fargo & Co.*, No. 16-CV-05479-JST, 2018 WL 6619983, at *14 (N.D. Cal. Dec. 18, 2018)

13   (rates ranging from $650 to $1,250 for partners or senior counsel, $400 to $650 for associates, and

14   $245 to $350 for paralegals were reasonable).

15       Class Counsel's lodestar through August 23 is $3,247,358.50 (Joint Decl. ¶¶ 19-21):[20]

16

| Firms | Hours | Lodestar |
|---|---|---|
| Chimicles LLP | 3,265.1 | $1,393,422.00 |
| Girard Sharp LLP | 3,638.6 | $1,853,936.50 |
| TOTAL | 6,903.7 | $3,247,358.50 |

17

18

19

20       The requested fee is well below Class Counsel's lodestar accrued from prosecuting the case

21   for over a year and a half.  If the Court grants the requested $2,175,000 in fees, the multiplier on

22   Class Counsel's lodestar will be 0.67—a substantial negative multiplier—which confirms that the

23   fee request is reasonable.  *See In re DRAM Antitrust Litig.*, No. C 06-4333 PJH, 2013 WL

24   12387371, at *12-13 (N.D. Cal. Nov. 5, 2013) (observing that a negative multiplier "is virtually

25

26   _____

[20] Class Counsel maintain contemporaneous detailed time records and their rates are consistent
with those upheld by Courts in this District.  Joint Decl. ¶¶19-20; *see, e.g.*, *In re Lidoderm*
27   *Antitrust Litig.*, No. 14-MD-02521-WHO, 2018 WL 4620695, at *2 (N.D. Cal. Sept. 20, 2018)
(Girard Sharp); *Rodman v. Safeway Inc.*, No. 3:11-cv-03003-JST, 2018 WL 4030558, at *6-7
28   (N.D. Cal. Aug. 23, 2018) (Chimicles).

23

sufficient to satisfy the cross-check requirement").[21]  Throughout the litigation, on a quarterly basis, Class Counsel filed their billable hours on the public docket.

In sum, Class Counsel respectfully submit that an upward adjustment from the 25% benchmark to a 30% fee is reasonable in light of the favorable result achieved for the class, the significant risk and expense in undertaking the litigation, the skill and expertise of counsel, the contingent nature of the fee, the fees awarded in comparable cases, and the negative multiplier.

### C.    Class Counsel Should Be Reimbursed for their Litigation Expenses.

Attorneys are "also entitled to recover as part of the award of attorneys' fees those out-of-pocket expenses that would normally be charged to a fee paying client."  *Harrison*, 2018 WL 5291991, at *6 (citation omitted).  As detailed in the Joint Declaration, Class Counsel have collectively incurred $364,855.97 in expenses through August 30 (Joint Decl. ¶¶ 24-26), and respectfully request that these amounts be reimbursed, as follows:

| Firm | Expenses |
|---|---|
| Chimicles LLP | $ 216,684.21 |
| Girard Sharp LLP | $ 148,171.76 |
| Total | $ 364,855.97 |

The expenses incurred were reasonable and necessary for prosecuting this case to a successful conclusion and courts have found such expenses to be recoverable. *See*, *e.g.*, *In re LendingClub Sec. Litig.*, No. C 16-02627 WHA, 2018 WL 4586669, at *3 (N.D. Cal. Sept. 24, 2018) (expenses such as expert and consultant fees, court fees, travel and lodging costs, legal research fees, and copying expenses were reasonable and recoverable.).  Class Counsel anticipate incurring a modest additional out-of-pocket expense in connection with final approval and settlement administration, and respectfully reserve the right to seek reimbursement of such additional unreimbursed expense.

---

[21] *See also Schiller v. David's Bridal*, No. 1:10-cv-00616-AWI-SKO, 2012 WL 2117001, at *23 (E.D. Cal. June 11, 2012) (explaining that a negative lodestar multiplier strongly supports the reasonableness of a percentage fee request); *In re Portal Software, Inc. Sec. Litig.*, No. C-03-5138 VRW, 2007 WL 4171201, at *16 (N.D. Cal. Nov. 26, 2007) (noting that a negative multiplier in a lodestar cross-check "suggests that the percentage-based amount is reasonable and fair based on the time and effort expended by class counsel.").

1

### D.      The Court Should Grant a Service Award to Each Class Representative.

2      Finally, Class Counsel request that the Court approve a $5,000 service award to each of the

3  four class representatives.  These awards are "intended to compensate class representatives for

4  work done on behalf of the class, to make up for financial or reputational risk undertaken in

5  bringing the action, and, sometimes, to recognize their willingness to act as a private attorney

6  general."  *Gergetz*, 2018 WL 4691169, at *7 (quoting *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948,

7  958-59 (9th Cir. 2009)).  Each of the four Plaintiffs expended considerable effort on behalf of the

8  class by preparing for, traveling to, and sitting for a deposition; locating, sorting and producing

9  personal records and providing information; responding to several sets of written discovery by

10  Google; and working closely with Class Counsel over the duration of the case.  Joint Decl. ¶¶ 29-

11  33; *see also* Weeks Decl.; Helms Decl.; McCloy Decl.; Alcaraz Decl.

12      The proposed service awards are consistent with Ninth Circuit practice—"an award of

13  $5,000 is presumptively reasonable" and courts "routinely grant requests for an award over $5,000

14  where the particular circumstances warrant."  *Nelson*, 2017 WL 733145, at *7; *see, e.g.*, *In re Toys*

15  *R Us-Del., Inc. FACTA Litig.*, 295 F.R.D. 438, 470–72 (C.D. Cal. 2014) (awarding three plaintiffs

16  $5,000 each, "consistent with the amount courts typically award as incentive payments.").[22]  The

17  proposed $5,000 incentive awards are proportional to the range of settlement awards to individual

18  class members in this case, and should be approved as reasonable.

19  **VI.**      **CONCLUSION**

20      For the foregoing reasons, Plaintiffs respectfully request that the Court issue an Order

21  finally approving the proposed settlement and its incorporated plan of allocation; directing

22  payment of claims; awarding $2,175,000 in attorneys' fees, reimbursement of $364,855.97 in

23  litigation expenses, and service awards in the amount of $5,000 to each Class Representative; and

24  entering final judgment.

25

26

27
_____

[22] *See, e.g., Ching v. Siemens Indus.*, 2014 WL 2926210, at *9 ($5,000 service award); *Lenovo*,
28  2019 WL 1791420, at *9-10 ($5,000); *Gergetz*, 2018 WL 4691169, at *30 ($5,000); *Jarrell*, 2018
WL 1640055, at *4-5 ($5,000).

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND
FOR ATTORNEYS' FEES, COSTS AND SERVICE AWARDS
Case No. 5:18-cv-00801-NC

Dated:  August 30, 2019                    Respectfully submitted,

                                          **GIRARD SHARP LLP**

                                          /s/ *Daniel C. Girard*
                                          Daniel C. Girard (State Bar No. 114826)
                                          Jordan Elias (State Bar No. 228731)
                                          Adam E. Polk (State Bar No. 273000)
                                          Simon S. Grille (State Bar No. 294914)
                                          **GIRARD SHARP LLP**
                                          601 California Street, Suite 1400
                                          San Francisco, California 94108
                                          Tel: (415) 981-4800
                                          *dgirard@girardsharp.com*
                                          *jelias@girardsharp.com*
                                          *apolk@girardsharp.com*
                                          *sgrille@girardsharp.com*

                                          Benjamin F. Johns (*pro hac vice*)
                                          Andrew W. Ferich (*pro hac vice*)
                                          Zachary P. Beatty (*pro hac vice*)
                                          Beena M. McDonald (*pro hac vice*)
                                          **CHIMICLES SCHWARTZ KRINER**
                                          **& DONALDSON-SMITH LLP**
                                          One Haverford Centre
                                          361 West Lancaster Avenue
                                          Haverford, PA 19041
                                          Telephone: (610) 642-8500
                                          *bfj@chimicles.com*
                                          *awf@chimicles.com*
                                          *zpb@chimicles.com*
                                          *bmm@chimicles.com*

                                          *Class Counsel*

26

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2019, I electronically filed the foregoing document using this Court's CM/ECF system.  All participants are registered CM/ECF users, and will be served via the CM/ECF system.


Dated: August 30, 2019                              /s/ *Daniel C. Girard*
                                                   Daniel C. Girard

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND
FOR ATTORNEYS' FEES, COSTS AND SERVICE AWARDS
Case No. 5:18-cv-00801-NC