Daniel C. Girard (State Bar No. 114826)
Jordan Elias (State Bar No. 228731)
Adam E. Polk (State Bar No. 273000)
Simon S. Grille (State Bar No. 294914)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Tel: (415) 981-4800
*dgirard@girardsharp.com*
*jelias@girardsharp.com*
*apolk@girardsharp.com*
*sgrille@girardsharp.com*

Benjamin F. Johns *(pro hac vice)*
Andrew W. Ferich *(pro hac vice)*
Zachary P. Beatty *(pro hac vice)*
Beena M. McDonald *(pro hac vice)*
**CHIMICLES SCHWARTZ KRINER
 & DONALDSON-SMITH LLP**
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642-8500
*bfj@chimicles.com*
*awf@chimicles.com*
*zpb@chimicles.com*
*bmm@chimicles.com*

*Class Counsel*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PATRICIA WEEKS, ALICIA HELMS, BRIAN MCCLOY, and ADRIAN ALCARAZ on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:18-cv-00801-NC<br><br>**JOINT DECLARTION IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL AND FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS**<br><br>Date: December 6, 2019<br>Time: 1:00 p.m.<br>Courtroom: 5, 4th Floor<br>Judge: Hon. Nathanael Cousins |

JOINT DECLARATION ISO PLAINTIFFS' MOTION
FOR FINAL APPROVAL AND FOR ATTORNEYS' FEES, COSTS AND SERVICE AWARDS
Case No. 5:18-cv-00801-NC

We, Daniel C. Girard and Benjamin F. Johns, declare as follows pursuant to 28 U.S.C. § 1746:

1. Daniel C. Girard is the founder and managing partner of Girard Sharp LLP ("Girard Sharp") and one of the attorneys of record for Plaintiffs.[1] Mr. Girard submits this declaration in support of Plaintiffs' motion for final approval and for attorneys' fees, costs and service awards. Mr. Girard makes this declaration based on his own personal knowledge, and if called to do so, could testify to the matters contained herein.

2. Benjamin F. Johns is a partner at the law firm of Chimicles Schwartz Kriner & Donaldson-Smith LLP ("Chimicles") and one of the attorneys of record for Plaintiffs. Mr. Johns submits this declaration in support of Plaintiffs' motion for final approval and for attorneys' fees, costs and service awards. Mr. Johns makes this declaration based on his own personal knowledge, and if called to do so, could testify to the matters contained herein.

3. Plaintiffs and Class Counsel secured a $7,250,000 all-cash, non-reversionary settlement that provides substantial monetary relief for consumers who bought first-generation Google Pixel and Pixel XL smartphones that were allegedly prone to audio failures.

4. The common fund will deliver monetary benefits to all members of the Settlement Class, providing the greatest relief to those who reported microphone or speaker failures.

5. Based on our knowledge of the litigation and considerable experience in consumer class action cases, Class Counsel support the Settlement Agreement reached in this case as an excellent result for the Class.

**I.   THE LITIGATION**

6. Class Counsel were retained by Plaintiffs following reports of the Pixel and Pixel XL smartphones experiencing microphone and speaker failures that allegedly prevented the phones from being used as intended.

7. Following a through factual investigation, Class Counsel prepared and filed the initial complaint in this action. ECF No. 1. Class Counsel sought appointment as interim class

---

[1] Capitalized terms have the same meaning as set forth in the definitions section of the Settlement Agreement (ECF No. 155-2).

counsel and filed an amended complaint.  ECF Nos. 25-26.  While the motion was pending, the parties conferred under Rule 26 and submitted a joint case management statement.  ECF No. 38.  The Court then held a Rule 16 conference.  ECF No. 44.

8. After receiving a proposed timekeeping protocol, the Court appointed Girard Sharp and Chimicles to serve as interim class counsel.  ECF Nos. 45-46.

9. Google moved to dismiss on May 10 (ECF No. 42); Plaintiffs opposed the motion (ECF No. 54); and the Court heard argument on August 15, 2018 (ECF No. 63).  The next day, the Court issued an opinion granting in part and denying in part the motion to dismiss.  ECF No. 66.  Plaintiffs then filed the operative Second Amended Complaint ("SAC").  ECF No. 83.

10. Class counsel have spent hundreds of hours conducting discovery in this action.  Class Counsel's discovery efforts included the following:

    a. Taking twelve depositions, including two FED. R. CIV. P. 30(b)(6) depositions of Google, a FED. R. CIV. P. 30(b)(6) deposition of non-party Verizon, and nine fact witnesses and/or declarants from Google;

    b. Defending depositions of the four Plaintiffs and of Plaintiffs' two testifying experts;

    c. Serving and responding to multiple sets of document requests, interrogatories, and requests for admission;

    d. Negotiating notices of Rule 30(b)(6) depositions of representatives of Google and Verizon;

    e. Preparing to depose Google's three experts;

    f. Reviewing and analyzing over 350,000 pages of documents produced by Google and over 100,000 pages of documents produced by non-parties;

    g. Retaining and working closely with two experts, one on the manufacture of electronics and one on economic damages, each of whom submitted reports and was deposed;

    h. Obtaining a protective order precluding depositions of former Plaintiffs (ECF No. 136);

    i. Litigating other discovery disputes (ECF Nos. 104 & 118);

j.      Negotiating a Protective Order (ECF No. 50) and an ESI Protocol (ECF No. 49);

k.      Negotiating with Google's attorneys regarding various document, data production, and other discovery issues and disputes, including through numerous telephone conferences and exchanges of written correspondence; and

l.      Serving subpoenas and negotiating with ten non-parties to obtain documents bearing upon Pixel consumer complaints, repairs, insurance claims, and sales volume.

11.      The parties completed fact discovery on February 15, 2019.

12.      Plaintiffs moved for class certification on November 5, 2018, supporting the motion with written analyses from their two experts. ECF No. 94. Google's opposition raised several challenges to certification, relying on declarations from Google employees and from three experts. ECF No. 133. The parties settled before the certification motion was heard. ECF No. 143.

## II.    SETTLEMENT NEGOTIATIONS

13.      Class Counsel participated in a full-day settlement conference before Magistrate Judge Donna M. Ryu on February 22, 2019. In preparation for this conference, Class Counsel exchanged briefs with defense counsel and submitted confidential letters to Judge Ryu. At the end of the conference, the parties reached an agreement in principle to settle the case. ECF No. 141.

14.      Class Counsel then devoted several months to negotiating and documenting the settlement. Class Counsel developed a plan of allocation designed to fairly compensate class members under various claim scenarios and by reference to the occurrence (or non-occurrence) of alleged product failure. Under the plan, all settlement class members are eligible for direct cash relief, and members who reported suffering multiple alleged failures are eligible to recoup the highest payment.

15. Class Counsel then prepared a preliminary approval motion that fully complied with the updated Northern District's Procedural Guidelines for Class Action Settlements.[2] Plaintiffs moved for preliminary approval of the Settlement on May 10, 2019. The Court held a preliminary approval hearing on June 5, 2019 (ECF No. 167) and entered an order granting preliminary approval on July 22, 2019 (ECF No. 171).

### III.    PRELIMINARY APPROVAL OF THE SETTLEMENT

16. On May 10, 2019, Plaintiffs filed their Motion for Preliminary Approval of Class Action Settlement. ECF No. 155. The Court heard argument on the motion on June 5 (ECF No. 167) and issued an order granting preliminary approval on July 22, 2019. ECF No. 171.

17. In the order granting preliminary approval, the Court: (i) provisionally certified the proposed Settlement Class; (ii) appointed Plaintiffs as Settlement Class Representatives; (iii) appointed Girard Sharp and Chimicles as Settlement Class Counsel; and (iv) approved the proposed class Notice plan, including appointing Kurtzman Carson Consultants LLC ("KCC") to serve as the Settlement Administrator. ECF No. 171.

### IV.    CLASS NOTICE AND CLAIMS

18. KCC provided notice to the Class in accordance with the Court's preliminary approval order. The Declaration of Orlando Castillejos, filed concurrently herewith, describes the results of the notice and claims process to date.

19. In addition, pursuant to the Court's preliminary approval order, Class Counsel issued a press release via PR Newswire describing the Settlement. Several news outlets and technology blogs have likewise reported on the Settlement.

20. Class Counsel designed the claim form in accordance with the Northern District's Procedural Guidance to allow for ease of use by Settlement Class Members, who may submit a claim online or by mail.

---

[2] *See* UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, *Procedural Guidelines for Class Action Settlements* (Dec. 5, 2018), https://www.cand.uscourts.gov/ClassActionSettlementGuidance.

21. The Claims period closes October 7, 2019, after which Plaintiffs will submit a reply brief updating the Court with the final number of claims, objections, and opt outs.

22. Pursuant to the Class Action Fairness Act, Defendant caused notice to issue to Attorneys General across the United States and to the relevant federal officials. As of this filing, the parties have not received any response to this notice.

23. As provided under the Settlement (§ 4.8), $310,000 has been set aside from the Settlement Fund to compensate and reimburse KCC for its services in effecting the Notice and administering the claims process.

## V.   ATTORNEYS' FEES, LITIGATION EXPENSES, AND SERVICE AWARDS

24. Plaintiffs apply for an award of $2,175,000 in attorneys' fees (30% of the settlement fund), $364,855.97 in litigation expenses, and payment of a $5,000 service award to each Settlement Class Representative.

25. Settlement Class Members were given notice of Plaintiffs' request for attorneys' fees and litigation expenses in the Long Form Settlement Notice posted on the Settlement Website (www.pixelsettlement.com), which states that Class Counsel will seek "attorneys' fees up to 30% of the Settlement Fund, in addition to reimbursement of reasonable litigation expenses." ECF No. 155-8, Exhibit G. The Notice further states that Class Counsel "will ask the court to approve service award payments of $5,000 to each of the 4 individual class representatives." *Id*. This declaration and supporting memorandum of law will be posted on the Settlement Website concurrently with this filing and thus will be available for all class members to review more than a month before the objection, opt-out, and claim filing deadline.

### A.   Attorneys' Fees

26. For the past year and a half, Class Counsel have devoted thousands of hours and advanced significant out-of-pocket expenses to develop and pursue the claims against Google and negotiate a favorable settlement for the Class. Class Counsel have at all times represented Plaintiffs on a completely contingent basis. Litigation tasks that Class Counsel performed include:

   a. Investigating the facts of this case and interviewing prospective class members;

b. Preparing CLRA demand letters;

c. Preparing the complaints for relief;

d. Briefing and arguing a motion to dismiss;

e. Propounding and responding to written discovery requests;

f. Conferring with Google's counsel concerning discovery disputes;

g. Preparing motions to compel discovery and a motion for a protective order;

h. Reviewing and analyzing hundreds of thousands of pages of documents from Google and ten subpoenaed non-parties;

i. Taking twelve depositions and defending six;

j. Retaining and working with an electrical engineering expert, Dr. Shahin Nazarian, to assess the technical underpinnings of the alleged defect, and an economist, Stefan Boedeker, to analyze class-wide damages;

k. Briefing the motion for class certification;

l. Preparing for and attending the settlement conference;

m. Negotiating and documenting the Settlement; and

n. Working with KCC to administer the Settlement and responding to class member inquiries.

27. Since early 2018, Class Counsel advanced all necessary expenses for this action. This representation precluded Class Counsel from working on various other matters.

28. Class Counsel's collective lodestar, based on the current usual and customary hourly billing rates of professionals at each firm, is $3,247,358.50, corresponding to 6,903.7 hours billed. These rates are based on regular and ongoing monitoring of prevailing market rates in this District for attorneys of comparable skill, experience, and qualifications, and have been previously approved by courts in this District. *See, e.g.*, *In re Lidoderm Antitrust Litig.*, No. 14-MD-02521-WHO, 2018 U.S. Dist. LEXIS 162425, at *32-34 (N.D. Cal. Sept. 20, 2018) (Girard Sharp); *In re Lenovo Adware Litig.*, No. 15-nd-02624-HSG, 2019 U.S. Dist. LEXIS 69797, at *35-36 (N.D. Cal. Apr. 24, 2019) (Girard Sharp); *Rodman v. Safeway Inc.*, No. 3:11-cv-03003-JST, 2018 U.S. Dist. LEXIS 143867, at *14-16 (N.D. Cal. Aug. 22, 2018) (Chimicles).

29. The lodestar for both firms is broken down by attorney, position, billing rate and task in the charts attached hereto as **Exhibit A**. Consistent with the Procedural Guidance, detailed and contemporaneously prepared time records supporting the information contained in **Exhibit A** are available and will be submitted if requested by the Court. Before compiling the information below, we each reviewed our respective firm's lodestar and expense information, and eliminated any expense or time entry that, based upon our billing judgment, could be viewed as potentially unnecessary or redundant.

30. The following summary chart shows Class Counsel's lodestar through August 23, 2019:

| Firm | Hours | Lodestar |
|---|---|---|
| Chimicles Schwartz Kriner & Donaldson-Smith LLP | 3,265.1 | $1,393,422.00 |
| Girard Sharp LLP | 3,638.6 | $1,853,936.50 |
| TOTAL | 6,903.7 | $3,247,358.50 |

31. Pursuant to court order, Class Counsel filed quarterly time and expense reports detailing the hours worked and expenses incurred; those reports have been available for inspection by the Court, opposing counsel, and the public. *See* ECF Nos. 46, 57, 88, 122, 146, 170.

32. Class Counsel are seeking an award of $2,175,000 in attorneys' fees, which represents 0.67 times their collective lodestar. In other words, the requested fee is a "negative multiplier" on the lodestar to date. The current lodestar does not account for time Class Counsel will spend after this filing to complete the attorneys' fee briefing, prepare for and attend the Fairness Hearing, continue overseeing the claims process and communicating with class members, and complete the post-distribution reporting called for under the Procedural Guidance.

**B. Unreimbursed Costs and Litigation Expenses**

33. Class Counsel have incurred $364,855.97 in expenses through August 30, 2019. Class Counsel's current unreimbursed costs and expense are broken down in the charts attached hereto as **Exhibit B.**

34. The following summary chart shows Class Counsel's expenses through August 30:

| Firm | Expenses |
|---|---|
| Chimicles Schwartz Kriner & Donaldson-Smith LLP | $ 216,684.21 |
| Girard Sharp LLP | $ 148,171.76 |
| Total | $ 364,855.97 |

35. The following chart illustrates the distribution of the unreimbursed expenses Class Counsel has incurred:



36. The costs and expenses summarized in the paragraphs above and itemized in **Exhibit B** were reasonably and necessarily incurred in furtherance of the prosecution of this case, were advanced by Class Counsel on behalf of Plaintiffs and the Settlement Class, and have not been reimbursed. They are reflected in the books and records of our respective firms, which are prepared from expense vouchers, check records, invoices, and other source materials, copies of which will be made available upon the Court's request. Class Counsel will incur additional expense in connection with the final approval hearing and settlement administration. Class Counsel respectfully reserve the right to seek reimbursement for those expenses.

**C.     Service Awards**

37.    The four Settlement Class Representatives—Patricia Weeks, Alicia Helms, Brian McCloy, and Adrian Alcaraz—have diligently served as Plaintiffs and have made significant contributions that inured to the benefit of the Settlement Class.

38.    In response to Google's multiple sets of discovery requests, the Settlement Class Representatives gathered and produced responsive documents and worked with Class Counsel to provide written responses to Google's interrogatories.

39.    Each Settlement Class Representative prepared for and traveled to San Francisco for a deposition.

40.    The Settlement Class Representatives have also monitored the litigation through frequent telephone calls, emails, and meetings with Class Counsel.  The four representatives were consulted throughout the settlement process and approved the terms of the Settlement before it was finalized among counsel.

41.    The work and efforts of the Settlement Class Representatives in furtherance of this litigation are summarized in their respective declarations, attached hereto as **Exhibit C**.

42.    Plaintiffs Weeks, Helms, McCloy, and Alcaraz each ably performed their class representative duties for the benefit of the Settlement Class Members, and they did so without any guarantee of compensation for their efforts and work on behalf of the Settlement Class.  It is our view that each of these four Settlement Class Representatives merits a service award of $5,000 in recognition of their contributions to the litigation and the benefits ultimately obtained for the class. Without their willingness to step forward and represent similarly situated Pixel purchasers, the results achieved under the Settlement would not have been possible.

43.    If the requested attorneys' fees, costs, service awards, and administrative costs are deducted from the Settlement Fund, $4.375 million would remain in the fund.  Based on claims activity to date, we anticipate that amount will be sufficient to provide all settlement groups with the full payments provided for under the allocation plan.

We declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 30th day of August, 2019 at San Francisco, California and Haverford, Pennsylvania, respectively.

/s/ *Daniel C. Girard*
Daniel C. Girard

/s/ *Benjamin F. Johns*
Benjamin F. Johns

**ATTESTATION**

I, Daniel C. Girard, am the ECF User whose identification and password are being used to file this Joint Declaration in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement and Award of Attorneys' Fees and Litigation Expenses pursuant to Civil L.R. 5-1(i)(3). I hereby attest under penalty of perjury that Mr. Johns concurs in this filing.

/s/ *Daniel C. Girard*
Daniel C. Girard