EXHIBIT C

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PATRICIA WEEKS, ALICIA HELMS, BRIAN MCCLOY, and ADRIAN ALCARAZ, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 5:18-cv-00801-NC<br><br>**DECLARATION OF ALICIA HELMS IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS** |

### DECLARATION OF ALICIA HELMS

I, Alicia Helms, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a Named Plaintiff in the above entitled matter, *Weeks v. Google LLC*, Case No. 5:18-cv-00801-NC. I have personal knowledge of the information set forth herein and, if called upon, am competent to testify to the content of this declaration.

2. I submit this declaration in support of Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards.

3. I purchased a Pixel phone in North Carolina from the online Google Store for $649 on February 14, 2017. Before making my purchase, I saw Google advertising promoting the Google Assistant as being responsive to the voice prompt "Ok Google" and performing other tasks in response to voice prompts. I was never informed prior to purchase or during set-up that

the Pixel microphone is prone to failure. Yet after a few weeks of normal use, callers on the other end of the line could not hear me and Google Assistant would not respond to my voice prompts. I contacted Google about the problem on May 10, 2017. After an unsuccessful troubleshooting attempt, the Google representative offered to send me a refurbished replacement Pixel. Soon thereafter, that replacement began to exhibit the same defect – people on the other end of the line could not hear me and I could not voice activate Google Assistant. I called Google to request assistance, but they only offered another round of ineffective troubleshooting and did not offer an effective repair, replacement with a non-defective Pixel, or refund. Had I known that the Pixel was defective, I would not have bought a Pixel, especially not at the price I did, or I would have returned my Pixel for a refund during Google's 15-day remorse period.

4. I kept my failed Pixel for the purposes of this lawsuit.

5. I have been informed of the responsibilities of a class representative. I understand these responsibilities and am willing and prepared to put the interest of the class before my own. Throughout this case, I believe that I have served as an adequate class representative.

6. I worked with my attorneys to prepare the Amended Complaint, which was filed on April 11, 2018. I reviewed and approved a draft of this complaint before it was filed with the Court, and have been closely involved and continuously attentive to this litigation since then.

7. Prior to the filing of the Amended Complaint, I was interviewed by counsel several times and searched for emails and other documents regarding my purchase and the problems with my Pixel phones.

8. Once the Amended Complaint was filed, I continued to stay in contact with Class Counsel regarding developments in the litigation. Over the past year, I have had numerous telephone calls and email exchanges with Class Counsel. I have worked with my attorneys to discuss the facts of this case, frame the issues, and to assist them in preparing for mediation, opposing Google's motion to dismiss, moving for class certification, and in every other aspect they needed.

9. I have also worked with my counsel to prepare discovery responses, including responses to multiple requests for production and interrogatories, and a request for admission.

DECLARATION OF ALICIA HELMS IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS AND SERVICE AWARDS
Case No. 5:18-cv-00801-NC

10. I traveled from my home in Youngsville, North Carolina to San Francisco to sit for a five-hour deposition on November 20, 2018. I prepped for the deposition with my attorneys before it took place.

11. I also made myself available to participate by telephone in the Settlement Conference held on February 22, 2019. I was prepared to appear at trial, if necessary.

12. I brought this case because I felt that Google's business practices were unfair. I believe I overpaid for my Pixel because I was only able to use it for a limited period of time before it began exhibiting the audio failures, which prevented me from using the phone for its intended purpose. In addition, when I sought help from Google, I was only offered ineffectual troubleshooting or, at best, a replacement Pixel with the same defect. I am very pleased with the settlement we were able to achieve for the Class. It puts money in the pockets of consumers who were affected by the same issues that impacted me.

13. I have reviewed the complaints, settlement agreement and other related materials, and discussed their contents with my attorneys. I believe the settlement represents an outstanding result for the class and is fair and reasonable, considering the potential risks of going forward with this litigation, particularly in light of Google's potential defenses. My attorneys advised me of the risks of not having class certification approved, the risk of not prevailing at trial, and the delay associated with a possible appeal. Given these considerations, I strongly believe that the settlement is fair and reasonable.

14. In sum, I have spent considerable time and attention working on this case, always with the best interests of the class in mind. I am therefore respectfully asking the Court to approve a service award of $5,000 for myself. I understand that my attorneys took this case on a contingency basis, and neither they nor I have received any compensation from anyone for the work devoted to this matter.

I declare under penalty of perjury, under the laws of North Carolina and the United States, that the foregoing is true and correct to the best of my personal knowledge.

Executed August 26, 2019 in Raleigh, NC

ALICIA HELMS

DECLARATION OF ALICIA HELMS IN SUPPORT OF PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES, COSTS AND SERVICE AWARDS
Case No. 5:18-cv-00801-NC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PATRICIA WEEKS, ALICIA HELMS, BRIAN MCCLOY, and ADRIAN ALCARAZ, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br> v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 5:18-cv-00801-NC<br><br>**DECLARATION OF ADRIAN ALCARAZ IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS** |

## DECLARATION OF ADRIAN ALCARAZ

I, Adrian Alcaraz, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a Named Plaintiff in the above entitled matter, *Weeks v. Google LLC*, Case No. 5:18-cv-00801-NC. I have personal knowledge of the information set forth herein and, if called upon, am competent to testify to the content of this declaration.

2. I submit this declaration in support of Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards.

3. I purchased a Pixel XL in California from Verizon's online store for $869.99 on or around December 19, 2016. I received my Pixel XL in February of 2017. I researched both the Pixel and the Pixel XL before making this purchase. In my research, I saw numerous ads in which Google made representations about the Pixel's high quality and functionality, including ads

comparing Google Assistant favorably to Apple's Siri. Before I used my Pixel XL, Google provided information about the Google Assistant during set-up and on its external packaging. There was no disclosure made about the Pixel's propensity to fail. After just one week of normal usage, my Pixel XL began to malfunction. I could not get the phone to respond to voice commands and discovered that callers on the other end of the line could not hear what I was saying. Google Assistant was also inoperable. After an ineffective troubleshooting session with Verizon, I contacted Google in late February of 2017 to report the audio failures and request assistance. The Google representative tried to troubleshoot the problem to no avail. During our call, the Google representative acknowledged that the phone was defective and said that I would receive a refurbished Pixel XL as a replacement. I received this replacement around March 1, 2017. Two weeks later, the replacement Pixel XL began to malfunction, too. I called Google, which again provided ineffectual troubleshooting and ultimately approved sending me a second refurbished replacement Pixel XL. This third Pixel XL was shipped to me on around March 17, 2017. Shortly after I received the phone, its speaker and microphones again failed. Had Google disclosed that the Pixel is defective prior to my purchase, I would not have bought the Pixel XL at the price I did or I would have returned my Pixel XL for a refund during Verizon's 14-day remorse period.

4. I kept my third failed Pixel for the purposes of this lawsuit.

5. I have been informed of the responsibilities of a class representative. I understand these responsibilities and am willing and prepared to put the interest of the class before my own. Throughout this case, I believe that I have served as an adequate class representative.

6. I worked with my attorneys to file the Second Amended Complaint on September 24, 2018. I reviewed and approved a draft of this complaint before it was filed with the Court, and have been closely involved and continuously attentive to this litigation since then.

7. Prior to the filing of the Second Amended Complaint, I was interviewed by counsel several times and searched for emails and other documents regarding my purchase and the problems with my Pixel phone.

8. After the Second Amended Complaint was filed, I continued to stay in contact with Class Counsel regarding developments in the litigation. Over the past year, I have had

numerous telephone calls and email exchanges with Class Counsel. I have worked with my attorneys to discuss the facts of this case, frame the issues, and to assist them in preparing for mediation, opposing Google's motion to dismiss, moving for class certification, and in every other aspect they needed.

9. I have also worked with my counsel to prepare discovery responses, including responses to multiple requests for production and interrogatories, and a request for admission.

10. I traveled from my home in West Covina, California to San Francisco to sit for a deposition on December 10, 2018. The deposition lasted six hours. I also spent time preparing for the deposition with my attorneys before it took place.

11. I made myself available to participate by telephone in the Settlement Conference held on February 22, 2019. I was prepared to appear at trial, if necessary.

12. I brought this case because I felt that Google's business practices were unfair. I believe I overpaid for my Pixel because I was only able to use it for a limited period of time before it began exhibiting the audio failures, which prevented me from using the phone for its intended purpose. In addition, when I sought help from Google, I was only provided with ineffective troubleshooting assistance or with equally defective replacement phones. I am very pleased with the settlement we were able to achieve for the Class. It puts money in the pockets of consumers who were affected by the same issues that impacted me.

13. I have reviewed the complaint, settlement agreement and other related materials, and discussed their contents with my attorneys. I believe the settlement represents an outstanding result for the class and is fair and reasonable, considering the potential risks of going forward with this litigation, particularly in light of Google's potential defenses. My attorneys advised me of the risks of not having class certification approved, the risk of not prevailing at trial, and the delay associated with a possible appeal. Given these considerations, I strongly believe that the settlement is fair and reasonable.

14. In sum, I have spent considerable time and attention working on this case, always with the best interests of the class in mind. I am therefore respectfully asking the Court to approve a service award of $5,000 for myself. I understand that my attorneys took this case on a

1 | contingency basis, and neither they nor I have received any compensation from anyone for the
2 | work devoted to this matter.
3 |     I declare under penalty of perjury, under the laws of California and the United States, that
4 | the foregoing is true and correct to the best of my personal knowledge.
5 | Executed August 27, 2019 in _Glendora, California_.

*[signature]*
ADRIAN ALCARAZ

---

DECLARATION OF ADRIAN ALCARAZ IN SUPPORT OF PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES, COSTS AND SERVICE AWARDS
Case No. 5:18-cv-00801-NC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PATRICIA WEEKS, ALICIA HELMS, BRIAN MCCLOY, and ADRIAN ALCARAZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:18-cv-00801-NC<br><br>**DECLARATION OF BRIAN MCCLOY IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS** |

**DECLARATION OF BRIAN MCCLOY**

I, Brian McCloy, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a Named Plaintiff in the above entitled matter, *Weeks v. Google LLC*, Case No. 5:18-cv-00801-NC. I have personal knowledge of the information set forth herein and, if called upon, am competent to testify to the content of this declaration.

2. I submit this declaration in support of Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards.

3. I purchased a Pixel from a Verizon Store in Columbus, Ohio for $649 on November 25, 2016. In researching the phone prior to making my purchase, I encountered Google ads depicting and promoting the Google Assistant's features. During the set-up process, Google provided further information about the Google Assistant. The external packaging also featured the

Google Assistant. I was never made aware that the microphone that enables use of the Google Assistant was prone to failure. In November of 2017, while in Chicago, the microphone on my Pixel became unusable, preventing me from placing and receiving voice calls or using other functions. My Pixel had only been put towards normal, ordinary use before it began exhibiting this failure. On November 22, 2017, I contacted Google Support about the audio failures. After an unsuccessful troubleshooting attempt, Google agreed to send me a refurbished replacement Pixel. However, after only a few days of ordinary use, the microphone on the refurbished Pixel failed in the same way that it did on my first Pixel.  On December 6, 2017, I again contacted Google Support and reported the audio failures. After yet another round of fruitless troubleshooting, the Google representative told me that the problem was hardware-related, and offered to send another replacement Pixel. I was told that this next refurbished Pixel would go through additional quality assurance testing to ensure that it worked properly. After a few days of normal use, the second replacement Pixel also experienced audio failures. In May of 2018, I made an insurance claim through Asurion at my local Verizon store on the second refurbished Pixel. As a result of my insurance claim, I received a third replacement Pixel. Within a few months after receiving the third refurbished replacement, I once again experienced audio failures. Other people could not hear me on the other end of the line and I could not use Google Assistant. Had Google disclosed this defect to me before I bought my Pixel, I would not have bought a Pixel at the price that I did, or I would have returned my Pixel during Verizon's 14-day remorse period.

4.   I kept my third failed Pixel for the purposes of this lawsuit.

5.   I have been informed of the responsibilities of a class representative.  I understand these responsibilities and am willing and prepared to put the interest of the class before my own. Throughout this case, I believe that I have served as an adequate class representative.

6.   I worked with my attorneys to file the Amended Complaint on April 11, 2018.  I reviewed and approved a draft of this complaint before it was filed with the Court, and have been closely involved and continuously attentive to this litigation since then.

7.   Prior to the filing of the Amended Complaint, I was interviewed by counsel several times and searched for emails and other documents regarding my purchase and the problems with my Pixel phones.

8. Once the Amended Complaint was filed, I continued to stay in contact with Class Counsel regarding developments in the litigation. Over the past year, I have had numerous telephone calls and email exchanges with Class Counsel. I have worked with my attorneys to discuss the facts of this case, frame the issues, and to assist them in preparing for mediation, opposing Google's motion to dismiss, moving for class certification, and in every other aspect they needed.

9. I have also worked with my counsel to prepare discovery responses, including responses to multiple requests for production and interrogatories, and a request for admissions.

10. I traveled from my home in Chicago to San Francisco to sit for a seven-hour deposition on December 17, 2018. I spent time preparing for the deposition with my attorneys before it took place.

11. I also made myself available to participate by telephone in the Settlement Conference held on February 22, 2019. I was prepared to appear at trial, if necessary.

12. I brought this case because I felt that Google's business practices were unfair. I believe I overpaid for my Pixel because I was only able to use it for a limited period of time before it began exhibiting the audio failures, which prevented me from using the phone for its intended purpose. In addition, when I sought help from Google, I was only offered ineffectual troubleshooting and similarly defective replacement phones. I am very pleased with the settlement we were able to achieve for the Class. It puts money in the pockets of consumers who were affected by the same issues that impacted me.

13. I have reviewed the complaints, settlement agreement and other related materials, and discussed their contents with my attorneys. I believe the settlement represents an outstanding result for the class and is fair and reasonable, considering the potential risks of going forward with this litigation, particularly in light of Google's potential defenses. My attorneys advised me of the risks of not having class certification approved, the risk of not prevailing at trial, and the delay associated with a possible appeal. Given these considerations, I strongly believe that the settlement is fair and reasonable.

14. In sum, I have spent considerable time and attention working on this case, always with the best interests of the class in mind. I am therefore respectfully asking the Court to approve

a service award of $5,000 for myself. I understand that my attorneys took this case on a contingency basis, and neither they nor I have received any compensation from anyone for the work devoted to this matter.

I declare under penalty of perjury, under the laws of Illinois and the United States, that the foregoing is true and correct to the best of my personal knowledge.

Executed August 25, 2019 in Chicago, IL.

_____
BRIAN MCCLOY

DECLARATION OF BRIAN MCCLOY IN SUPPORT OF PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES, COSTS AND SERVICE AWARDS
Case No. 5:18-cv-00801-NC

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA WEEKS, ALICIA HELMS, BRIAN MCCLOY, and ADRIAN ALCARAZ, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br>   v.<br><br>GOOGLE LLC,<br><br>                Defendant. | Case No. 5:18-cv-00801-NC<br><br>**DECLARATION OF PATRICIA WEEKS IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS** |

## DECLARATION OF PATRICIA WEEKS

I, Patricia Weeks, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a Named Plaintiff in the above entitled matter, *Weeks v. Google LLC*, Case No. 5:18-cv-00801-NC. I have personal knowledge of the information set forth herein and, if called upon, am competent to testify to the content of this declaration.

2. I submit this declaration in support of Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards.

3. I purchased a Pixel in Florida from Google's online store for $749 on December 2, 2016. While doing pre-purchase research about the phone, I saw Google's representations about the Pixel's high quality and functionality and its Google Assistant feature, which was favorably compared to Apple's interactive personal assistant Siri. Google also provided information about

DECLARATION OF PATRICIA WEEKS IN SUPPORT OF PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES, COSTS AND SERVICE AWARDS
Case No. 5:18-cv-00801-NC

1 the Google Assistant after I made my purchase but before I started using the phone, through its
2 set-up process and external packaging. After only a few weeks of normal use, however, my Pixel
3 began to malfunction. I found I could no longer use the Google Assistant feature, and soon
4 thereafter discovered that callers on the other end of the line could not hear me. I contacted
5 Google on March 2, 2017 to report the audio failures and request assistance. The Google
6 representative attempted to troubleshoot the problem, but was unable to fix the phone. The
7 Google representative admitted to me that the phone was defective and that Google was aware of
8 the microphone problems. I asked Google for my money back or for a new, non-defective
9 replacement. Google refused. As a result of the audio defect and Google's failure to provide an
10 adequate remedy, I no longer use my Pixel and instead use a replacement Motorola phone. I did
11 not know that the Pixel was defective when I bought it and had this defect been disclosed to me, I
12 would not have bought a Pixel at the price that I did, or I would have returned my Pixel for a
13 refund during Google's 15-day remorse period.

14    4.    I kept my failed Pixel for the purposes of this lawsuit.

15    5.    I have been informed of the responsibilities of a class representative. I understand
16 these responsibilities and am willing and prepared to put the interest of the class before my own.
17 Throughout this case, I believe that I have served as an adequate class representative.

18    6.    I have been involved in this litigation since its inception. I worked with my
19 attorneys to file the initial Complaint on February 6, 2018. I reviewed and approved a draft of
20 this complaint before it was filed with the Court, and have been closely involved and
21 continuously attentive to this litigation since then.

22    7.    I helped Class Counsel with the investigation, including by being interviewed by
23 counsel several times and searching for emails and other documents regarding my purchase and
24 the problems with my Pixel phone.

25    8.    Once the lawsuit was filed, I continued to stay in contact with Class Counsel
26 regarding developments in the litigation. Over the past year and a half, I have had numerous
27 telephone calls and email exchanges with Class Counsel. I have worked with my attorneys to
28 discuss the facts of this case, frame the issues, and to assist them in preparing for mediation, filing

1 an Amended and then Second Amended Complaint, opposing Google's motion to dismiss,
2 moving for class certification, and in every other aspect they needed.

3       9.      I have also worked with my counsel to prepare discovery responses, including
4 responses to multiple requests for production and interrogatories.

5       10.      I traveled from my home in Kenneth City, Florida to San Francisco to sit for a
6 five-hour deposition on January 9, 2019. I spent several hours preparing for the deposition with
7 my attorneys before it took place.

8       11.      I also made myself available to participate by telephone in the Settlement
9 Conference held on February 22, 2019. I was prepared to appear at trial, if necessary.

10       12.      I brought this case because I felt that Google's business practices were unfair. I
11 believe I overpaid for my Pixel because I was only able to use it for a limited period of time
12 before it began exhibiting the audio failures, which prevented me from using the phone for its
13 intended purpose. In addition, when I sought help from Google to remedy the problem, I was
14 denied adequate warranty service. I am very pleased with the settlement we were able to achieve
15 for the Class. It puts money in the pockets of consumers who were affected by the same issues
16 that impacted me.

17       13.      I have reviewed the complaints, settlement agreement and other related materials,
18 and discussed their contents with my attorneys. I believe the settlement represents an outstanding
19 result for the class and is fair and reasonable, considering the potential risks of going forward with
20 this litigation, particularly in light of Google's potential defenses. My attorneys advised me of the
21 risks of not having class certification approved, the risk of not prevailing at trial, and the delay
22 associated with a possible appeal. Given these considerations, I strongly believe that the
23 settlement is fair and reasonable.

24       14.      In sum, I have spent considerable time and attention working on this case, always
25 with the best interests of the class in mind. I am therefore respectfully asking the Court to approve
26 a service award of $5,000 for myself. I understand that my attorneys took this case on a
27 contingency basis, and neither they nor I have received any compensation from anyone for the
28 work devoted to this matter.

1  I declare under penalty of perjury, under the laws of Florida and the United States, that the
2  foregoing is true and correct to the best of my personal knowledge.
3  Executed August 26, 2019 in Kenneth City, FL .

DocuSigned by:
053536AE5A994BE...
PATRICIA WEEKS

---

DECLARATION OF PATRICIA WEEKS IN SUPPORT OF PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES, COSTS AND SERVICE AWARDS
Case No. 5:18-cv-00801-NC