1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

PATRICIA WEEKS, ALICIA HELMS, BRIAN MCCLOY, and ADRIAN ALCARAZ on behalf of themselves and all others similarly situated,

        Plaintiffs,

  v.

GOOGLE LLC,

        Defendant.

Case No. 5:18-cv-00801-NC

**ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL SETTLEMENT APPROVAL AND ATTORNEYS' FEES AND ENTERING JUDGMENT**

1  This matter came before the Court pursuant to Plaintiffs' motion for final approval and
2  for attorneys' fees, costs and service awards, and the Order Granting Plaintiffs' Motion for
3  Preliminary Approval of Class Action Settlement and Providing for Notice, dated July 22, 2019
4  ("Preliminary Approval Order"), on the motion of Plaintiffs for approval of proposed class
5  action settlement with Defendant Google LLC ("Google" or "Defendant").  The Court has
6  considered the parties' submissions, the relevant legal authorities, the record in this case, and
7  the arguments presented at the final fairness hearing.

8  Due and adequate notice having been given of the Settlement as required by the
9  Preliminary Approval Order, the Court having considered all papers filed and proceedings
10 conducted herein, and good cause appearing therefor, the Court also enters the following Final
11 Order and Judgment, as set forth in paragraphs 1 to 11 of this Order. In addition, the Court
12 GRANTs the fee motion and awards attorneys' fees of $2,175,000, reimbursement of litigation
13 expenses of $364,855.97, and service awards to each of the class representatives of $5,000.

14 **I.     Final Order and Judgment**

15 1.  This Final Order and Judgment incorporates by reference the definitions in the
16 Settlement Agreement with Defendant dated May 10, 2019 (the "Agreement"), and all defined
17 terms used in this Order have the same meanings ascribed to them in the Agreement.

18 2.  This Court has jurisdiction over the subject matter of the Action and over all
19 Parties thereto.  All parties have consented to the jurisdiction of a magistrate judge under 28
20 U.S.C. § 636.  Dkt. Nos. 12, 22, 59, 60.

21 3.  The Court reaffirms and makes final its provisional findings, rendered in the
22 Preliminary Approval Order, that, for purposes of the Settlement, all prerequisites for
23 maintenance of a class action set forth in Federal Rules of Civil Procedure 23(a) and (b)(3) are
24 satisfied.  The Court makes final its appointments of Class Counsel and the Class
25 Representatives and certifies the following Settlement Class: all persons within the United
26 States who purchased a new Pixel, other than for resale, manufactured before January 4, 2017.
27 Excluded from the Settlement Class are (a) Google and its officers, directors, employees,
28 subsidiaries, and affiliates; (b) all judges assigned to this case and any members of their

immediate families; (c) the parties' counsel in this litigation; and (d) all individuals who returned a Pixel manufactured before January 4, 2017 to Google or Verizon and received as a replacement a new Pixel manufactured after January 3, 2017 or a refurbished Pixel after June 5, 2017, as determined by Google's records.

4. Pursuant to Federal Rule of Civil Procedure 23(e), the Court grants final approval of the Settlement and finds that it is, in all respects, fair, reasonable, and adequate and in the best interests of the Settlement Class.

5. The Court finds that notice of this Settlement was given to Settlement Class Members in accordance with the Preliminary Approval Order and constituted the best notice practicable of the proceedings and matters set forth therein, including the Settlement, to all Persons entitled to such notice, and that this notice satisfied the requirements of Federal Rule of Civil Procedure 23 and of due process.

6. The Court directs the Parties and the Settlement Administrator to implement the Settlement according to its terms and conditions.

7. Upon the Effective Date, Releasing Named Plaintiffs and all Releasing Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Releasees from all Released Claims.

8. The Persons identified in Exhibit 1 attached to this Order requested exclusion from the Settlement Class as of the Exclusion Deadline. These Persons shall not share in the benefits of the Settlement, and this Final Order and Judgment does not affect their legal rights to pursue any claims they may have against Google. All other members of the Settlement Class are hereinafter barred and permanently enjoined from prosecuting any Released Claims against Google in any court, administrative agency, arbitral forum, or other tribunal.

9. Neither Class Counsel's application for attorneys' fees, reimbursement of litigation expenses, and service awards for Plaintiffs, nor any order entered by this Court thereon, shall in any way disturb or affect this Judgment, and all such matters shall be treated as separate from this Judgment.

10. Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement, is or may be deemed to be or may be used as an admission of, or evidence of, (a) the validity of any Released Claim, (b) any wrongdoing or liability of Google, or (c) any fault or omission of Google in any proceeding in any court, administrative agency, arbitral forum, or other tribunal.

11. Without affecting the finality of this Judgment, this Court reserves exclusive jurisdiction over all matters related to administration, consummation, enforcement, and interpretation of the Settlement, and this Final Order and Judgment, including (a) distribution or disposition of the Settlement Fund; (b) further proceedings, if necessary, on the application for attorneys' fees, reimbursement of litigation expenses, and service awards for Plaintiffs; and (c) the Parties for the purpose of construing, enforcing, and administering the Settlement. If any Party fail(s) to fulfill its or their obligations under the Settlement, the Court retains authority to vacate the provisions of this Judgment releasing, relinquishing, discharging, barring and enjoining the prosecution of, the Released Claims against the Releasees, and to reinstate the Released Claims against the Releasees.

## II.  Motion for Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Service Awards

12. Plaintiffs' motion requests an award of attorneys' fees in the amount of $2,175,000, or 30% of the $7,250,000 non-reversionary settlement fund. Class Counsel[1] also request reimbursement of out-of-pocket expenses and litigation costs of $364,855.97. Finally, Class Counsel seek a service award of $5,000 for each of the four class representatives.

13. Where Class Counsel's efforts have helped create a common fund, the doctrine of unjust enrichment entitles them to reasonable attorneys' fees from the fund. *See Staton v. Boeing Co.*, 327 F.3d 938, 967 (9th Cir. 2003) ("the common fund doctrine ensures that each member of the winning party contributes proportionately to the payment of attorneys' fees").

---

[1] On May 17, 2018 the Court appointed Girard Sharp LLP and Chimicles Schwartz Kriner & Donaldson-Smith LLP as Interim Class Counsel. *See* ECF No. 46.

14. Courts in the Ninth Circuit have discretion in a common fund case to choose either the percentage-of-the-fund or lodestar method to determine reasonable attorneys' fees. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). "Using either method, the ultimate inquiry is whether the end result is reasonable." *In re Capacitors Antitrust Litig.*, No. 3:14-CV-03264-JD, 2018 WL 4790575, at *2 (N.D. Cal. Sept. 21, 2018). Class Counsel seek fees under the "common fund" method, which the Court finds appropriate for determining a reasonable fee award as there is a fixed common fund of $7.25 million. *Destefano v. Zynga, Inc.*, No. 12-cv-04007-JSC, 2016 WL 537946, at *17 (N.D. Cal. Feb. 11, 2016).

15. In applying the percentage of the fund method, the Ninth Circuit has established 25% as a benchmark percentage, which may be adjusted depending on the circumstances of a case. *Vizcaino*, 290 F.3d at 1047. In determining whether to depart from the 25% benchmark, courts consider: "(1) the result achieved; (2) the risk involved in the litigation; (3) the skill required by and quality of work performed by counsel; (4) the contingent nature of the fee; and, (5) awards made in similar cases." *See id.* at 1048-50. Each factor weighs in favor of an upward adjustment from the twenty-five percent benchmark in this case.

16. The settlement in this case creates a $7.25 million non-reversionary common fund that Class Counsel estimate is approximately 38 percent of the maximum class-wide damages. All Claimants will receive cash relief, and Claimants who submit valid documentation will receive up to $500. The recovery compares favorably to the settlement in the most analogous case, *Horvath v. LG Elecs. Mobilecomm U.S.A., Inc.*, No. 3:11-CV-1576-H (RBB), 2013 WL 12307877, at *1 (S.D. Cal. Nov. 5, 2013), which paid a flat $19 per claim for allegedly defective smartphones. The recovery represents an excellent result thus supporting an increase from the benchmark. *See, e.g.*, *Mauss v. NuVasive, Inc.*, No. 13CV2005 JM (JLB), 2018 WL 6421623, at *6 (S.D. Cal. Dec. 6, 2018) (settlement that was "approximately 23 to 34 percent" of maximum damages weighed in favor of upward adjustment to 30 percent of the common fund); *Brown v. CVS Pharmacy, Inc.*, No. CV15-7631 PSG (PJWX), 2017 WL 3494297, at *6 (C.D. Cal. Apr. 24, 2017) (settlement of 27% of maximum possible recovery weighed in favor of upward adjustment from the benchmark).

17.     Class Counsel took on substantial risk in connection with the litigation. The representation was carried out on a contingent basis and lasted nearly two years. Class Counsel was also opposed by skilled and respected counsel for Defendants, resulting in substantial and difficult litigation, discovery, and settlement negotiations. These factors each justify an upward departure from the 25% benchmark. *See Wing v. Asarco Inc.*, 114 F.3d 986, 989 (9th Cir. 1997); *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 261 (N.D. Cal. 2015); *Wannemacher v. Carrington Mortg. Servs., LLC*, No. SACV 12-2016 FMO (ANx), 2014 WL 12586117, at *9 (C.D. Cal. Dec. 22, 2014); *Larsen v. Trader Joe's Co.*, No. 11-CV-05188-WHO, 2014 WL 3404531, at *8 (N.D. Cal. July 11, 2014).

18.     The 30% award is also on par with similar cases. *See Vizcaino*, 290 F.3d at 1047; *see, e.g.*, *In re Lenovo Adware Litig.*, No. 15-MD-02624-HSG, 2019 WL 1791420, at *8 (N.D. Cal. Apr. 24, 2019) (awarding 30%); *Hendricks v. Starkist Co*, No. 13-CV-00729-HSG, 2016 WL 5462423, at *12 (N.D. Cal. Sept. 29, 2016) (finding award of 30% reasonable in consumer fraud case), *aff'd sub nom. Hendricks v. Ference*, 754 F. App'x 510 (9th Cir. 2018).

19.     In addition to the above factors, the reaction by the Class also confirms that the request is reasonable. At the time of filing the motion for attorneys' fees, there were no objections to the settlement. The absence or relatively small number of objections indicates that a requested fee is reasonable. *See, e.g., Jarrell v. Amerigas Propane, Inc.*, No. 16-CV-01481-JST, 2018 WL 1640055, at *3 (N.D. Cal. Apr. 5, 2018) ("the Court now concludes that a slight upward adjustment-to 30% of the common fund-is warranted based on several factors, including the . . . the fact that no class member has objected to the proposed award"); *Spann v. J.C. Penney Corp.*, 211 F. Supp. 3d 1244, 1264 (C.D. Cal. 2016) (small number of objections relative to the size of the class supported the requested fee).

20.     As such, the Court finds that the requested fee award of 30% of the common fund is consistent with this Circuit's applicable law regarding percentage of the fund fee awards.

21.     The Court has confirmed the reasonableness of the 30% fee request by conducting a lodestar cross-check. *See, e.g., Peel v. Brooksamerica Mortg. Corp.*, No. SACV-1179 JLS (RNBx), 2015 WL 12745788, at *7 (C.D. Cal. April 6, 2015). Class Counsel's lodestar as of

August 30, 2019 is $3,247,358.50 and does not account for ongoing work performed after this date. *See McKibben v. McMahon*, No. EDCV 14-2171 JGB (SPx), 2019 WL 1109683, at *13 (C.D. Cal. Feb. 28, 2019). Thus, the 30% request amounts to 67% of Class Counsel's lodestar, a negative multiplier. This further supports the reasonableness of the award. *See, e.g., Rosado v. Ebay Inc.*, No. 5:12-CV-04005-EJD, 2016 WL 3401987, at *8 (N.D. Cal. June 21, 2016).

22. The Court finds the hourly rates of time described by Class Counsel in their joint declaration and motion to be reasonable and within the market rates for this district. The Court also finds the total lodestar and hours expended to be reasonable.

23. The Court finds the number of hours expended reasonable based on: the work performed in the case as set forth in the joint declaration of Class Counsel; the reasonableness of that work; the reasonable hourly rates of counsel, which compare favorably to other rates awarded in this judicial district, and are supported by the declarations of Class Counsel as reasonable in this district for class action litigation; the novelty and complexity of this litigation; the skill and experience of Class Counsel and the quality of their representation; the substantial benefit made available to the Class as a result of the settlement in this action; and the risk of nonpayment.

24. The Court also finds that Class Counsel have incurred $364,855.97 in reasonable costs and expenses in this matter, and it approves payment in that amount. These costs and expenses were reasonably incurred in the ordinary course of prosecuting this case and were necessary given the complex nature of this matter and because Google contested liability from the outset of the case.

25. Lastly, the Court approves a service award of $5,000 to each of the 4 class representatives in this matter. This service award is supported by the record in this case, the joint declaration of Class Counsel and by the declarations submitted by the class representatives. The payment is further justified by the time and effort spent by the class representatives on this matter on behalf of the Class; the duration of this matter; and the other factors set forth in their supporting declarations, as well as the results in the case.

It is hereby ORDERED, ADJUDGED, AND DECREED that the Action is dismissed, with prejudice.

### III. Supplementary Filings

26. The Court hereby GRANTS the parties' proposal to pay late-filed claims, if sufficient funds remain following payment of all timely-processed claims, as determined by the Settlement Administrator. Plaintiffs' counsel shall file a status update regarding the late-filed claims when the timely claims' payments are completed.

27. The Court hereby ORDERS Plaintiffs' counsel to file an accounting 21 days after distribution of funds.

### IV. Case Closed

28. Judgment is entered in accordance with the Final Settlement Approval. The Clerk will close this case. The Court retains jurisdiction to enforce the settlement and this Order.

**IT IS SO ORDERED.**

Dated:  December 13, 2019

_____
NATHANAEL M. COUSINS
United States Magistrate Judge